THOMAS J. GODDARD
thomas@lawz.app
1910 N. Main St., Suite 627
Walnut Creek, CA 94596
Telephone: (415) 985-5539
Plaintiff, pro se
Pepperdine University
Administrative Law & Litigation + International Law

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH GODDARD,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC.,<br><br>    Defendant. | Case No. 3:26-cv-01040-AGT<br><br>**MOTION FOR EXEMPTION FROM PACER FEES**<br><br>IFP Filed: ECF No. 2 |

1  TO ALL PARTIES & THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that Plaintiff Thomas Joseph Goddard, proceeding pro
3  se, hereby moves this Court for an order exempting Plaintiff from Public Access to Court
4  Electronic Records (PACER) fees pursuant to the Judicial Conference of the United
5  States Electronic Public Access Fee Schedule, Note 4, and 28 U.S.C. § 1915.

6      This motion is made on the grounds that Plaintiff has been granted in forma
7  pauperis (IFP) status in this action and that the PACER Service Center requires a
8  specific Court Order directing PACER fee exemption, separate from the IFP order itself.
9  Without such an order, Plaintiff faces imminent loss of PACER access, which is essential
10 for this pro se litigation.

11     This motion is based upon this Notice of Motion, the accompanying Memorandum
12 of Points and Authorities, the Declaration of Thomas J. Goddard, and all papers and
13 records on file in this action.

Dated: February 11, 2026

                                      By: /s/Thomas Joseph Goddard
                                        THOMAS JOSEPH GODDARD
                                              Plaintiff, Pro Se

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

On February 6, 2026, the PACER Service Center informed Plaintiff by email:

> "Please email a copy of the Court Order exempting you from PACER fees. Previously, you received a credit however that is different than a Court Order from the Judge in your case ordering that you have an exemption from PACER fees."

(**Exhibit A**, pp. 12–13). Plaintiff Thomas Joseph Goddard respectfully moves this Court for an order exempting him from PACER fees. This Court has already determined that Plaintiff qualifies to proceed in forma pauperis (IFP Granted, ECF No. 2, February 2, 2026),[1] and Plaintiff is currently receiving CalFresh and Medi-Cal public benefits establishing automatic eligibility for fee waiver. The PACER Service Center has informed Plaintiff that IFP status alone is insufficient to waive PACER fees—a separate Court Order specifically directing PACER fee exemption is required. Without such an order, Plaintiff faces imminent loss of electronic access to court records essential for prosecuting this action.

## II. LEGAL STANDARD

The Judicial Conference of the United States Electronic Public Access (EPA) Fee Schedule governs fees for access to electronic court records through PACER. Note 4 of the Fee Schedule expressly provides:

> "[A] court may exempt certain persons or classes of persons from payment of the user access fee. In considering such exemptions, courts should consider factors such as: (1) whether the person or class of persons requesting the exemption can demonstrate a financial need; (2) the impact of the exemption on other users of the electronic public access services."

See Judicial Conference Electronic Public Access Fee Schedule (effective December 1, 2020), Note 4 (codified at 28 U.S.C. § 1914 note); *see also* E-Government Act of 2002, Pub. L. 107-347, § 205(e), 116 Stat. 2913 (requiring public access to electronic court information).

---

[1] IFP status has also been granted in *Goddard v. County of Contra Costa*, No. 3:25-cv-02910-CRB; *Goddard v. Guardian Life*, No. 3:26-cv-01045-LB; and *Goddard v. Microsoft*, No. 4:26-cv-01046-JST—all in this District, based on the same financial circumstances.

Courts routinely grant PACER fee exemptions to IFP litigants. *See, e.g.*, *Aghili v. Dep't of Army*, No. 2:24-cv-08618-SPG-E, 2024 WL 4853553 (C.D. Cal. Nov. 21, 2024) (granting PACER fee exemption to IFP plaintiff); *Brown v. New York City Dep't of Educ.*, No. 22-cv-03055, 2022 WL 16744150 (S.D.N.Y. Nov. 7, 2022) (same); *Escalante v. Napolitano*, No. 09-cv-00168 (D. Ariz. 2009) (exempting IFP litigant from PACER fees upon motion).

### III.   ARGUMENT

#### A.   Plaintiff's Financial Need Has Already Been Established

This Court has already made the requisite finding of financial need by granting Plaintiff's application to proceed in forma pauperis. *See* ECF No. 2 (February 2, 2026). Under 28 U.S.C. § 1915(a), the Court determined that Plaintiff is unable to prepay fees or give security therefor. That same financial inability applies with equal force to PACER access fees.

Moreover, in forma pauperis status has been granted in multiple related actions in this District based on identical financial circumstances.[2] Each of these courts independently determined that Plaintiff lacks the financial resources to prepay fees. Requiring Plaintiff to separately demonstrate financial need for PACER access, after this Court and three other federal judges have already made that determination, would be redundant and inconsistent with the IFP statute's purpose of ensuring meaningful access to justice for indigent litigants.

#### B.   PACER Access Is Essential for Pro Se Litigation

As a pro se litigant, Plaintiff has no legal staff to monitor the docket, retrieve filings, or track deadlines on his behalf. PACER is the sole mechanism through which Plaintiff can:

    1.   Access filings made by opposing parties;

    2.   Monitor Court orders and scheduling changes;

    3.   Retrieve documents necessary to prepare responses within Court-ordered

---

[2] *Goddard v. County of Contra Costa, et al.*, No. 3:25-cv-02910-CRB (N.D. Cal.), ECF No. 7 (IFP granted Sept. 10, 2025, Judge Breyer); *Goddard v. Guardian Life Ins. Co. of Am.*, No. 3:26-cv-01045-LB (N.D. Cal.), ECF No. 4 (IFP granted Feb. 4, 2026, Magistrate Judge Beeler); *Goddard v. Microsoft Corp.*, No. 4:26-cv-01046-JST (N.D. Cal.), ECF No. 4 (IFP granted Feb. 4, 2026, Judge Tigar).

— 4 —

MOTION FOR EXEMPTION FROM PACER FEES

deadlines;

4. Verify docket entries for accuracy and compliance; and

5. Fulfill his obligation to prosecute this case diligently.

Without PACER access, Plaintiff would be effectively barred from meaningful participation in this litigation, raising serious due process concerns under the Fifth and Fourteenth Amendments. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977) ("the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law"); *Chambers v. Baltimore & Ohio R.R. Co.*, 207 U.S. 142, 148 (1907) (recognizing due process right to be heard "at a meaningful time and in a meaningful manner").

### C. The PACER Service Center Requires a Specific Court Order

On February 6, 2026, the PACER Service Center informed Plaintiff by email (**Exhibit A**, pp. 12–13) that:

> "[T]he PACER Service Center requires a **Court Order** that specifically exempts you from PACER fees. Please contact the court and request a court order exempting you from PACER fees; once you receive it, please forward a copy to pacer@psc.uscourts.gov."

This communication confirms that the IFP order, standing alone, does not automatically result in PACER fee exemption at the administrative level. A separate order from this Court is necessary to effectuate the exemption.

### D. Granting This Motion Will Not Burden Other PACER Users

The Judicial Conference Fee Schedule directs courts to consider "the impact of the exemption on other users." Exempting a single IFP litigant from PACER fees imposes no meaningful financial burden on the PACER system. PACER generates hundreds of millions of dollars in annual revenue, and individual fee exemptions for indigent pro se litigants represent a negligible fraction of that total. *See* Administrative Office of the U.S. Courts, Judiciary Supplemental Appropriations Request (2020) (PACER fee revenue).

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court issue an order specifically exempting Plaintiff Thomas Joseph Goddard from PACER fees in this action, consistent with the Court's prior grant of in forma pauperis status, and direct that a copy of such order be forwarded to the PACER Service Center at pacer@psc.uscourts.gov.

Dated: February 11, 2026

By: /s/Thomas Joseph Goddard
THOMAS JOSEPH GODDARD
Plaintiff, Pro Se

# DECLARATION OF THOMAS J. GODDARD IN SUPPORT OF MOTION FOR PACER FEE EXEMPTION

I, Thomas J. Goddard, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Plaintiff in this action, proceeding pro se. I have personal knowledge of all facts stated herein.

2. On February 2, 2026, this Court granted my application to proceed in forma pauperis in this action. *See* ECF No. 2.

3. My financial circumstances have not improved since the Court granted my IFP application. I continue to lack the financial resources to pay PACER fees. I am currently receiving CalFresh ($298/month) and Medi-Cal public benefits, which establish automatic eligibility for fee waiver.

4. I am currently disabled and have documented medical conditions including asplenia (severely immunocompromised), idiopathic vocal cord paralysis requiring prosthetic implant, cervical disc herniation with radiculopathy, essential tremor, and cognitive processing limitations.

5. In forma pauperis status has been granted in multiple related actions based on identical financial circumstances, including *Goddard v. County of Contra Costa*, No. 3:25-cv-02910-CRB (IFP granted Sept. 10, 2025); *Goddard v. Guardian Life*, No. 3:26-cv-01045-LB (IFP granted Feb. 4, 2026); and *Goddard v. Microsoft*, No. 4:26-cv-01046-JST (IFP granted Feb. 4, 2026).

6. On February 6, 2026, I received an email from the PACER Service Center (Tami, pacer@psc.uscourts.gov) informing me that IFP status alone does not exempt me from PACER fees and that a specific Court Order is required. A true and correct copy of this email correspondence is attached hereto as Exhibit A (**Exhibit A**, pp. 12–13).

7. Without PACER access, I cannot monitor this case docket, access filings by opposing parties, retrieve Court orders, or otherwise effectively prosecute my claims. As a pro se litigant with no legal staff, PACER is my sole means of electronic access to the Court's docket.

8. I am currently prosecuting multiple related federal civil rights actions arising from the same pattern of discriminatory conduct. Loss of PACER access would severely prejudice my ability to litigate these cases and comply with Court-ordered deadlines.

9. I respectfully request that the Court issue an order specifically exempting me from PACER fees and that a copy of such order be forwarded to the PACER Service Center at pacer@psc.uscourts.gov.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 11, 2026, at Walnut Creek, California.

Dated: February 11, 2026

By: /s/Thomas Joseph Goddard
THOMAS JOSEPH GODDARD
Plaintiff, Pro Se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH GODDARD,<br><br>    Plaintiff,<br><br>         v.<br><br>AMAZON.COM, INC.,<br><br>    Defendant(s). | Case No. 3:26-cv-01040-AGT<br><br>**[PROPOSED] ORDER EXEMPTING PLAINTIFF FROM PACER FEES** |

Having considered Plaintiff's Motion for Exemption from PACER Fees, and good cause appearing therefor,

**IT IS HEREBY ORDERED** that:

1. Plaintiff Thomas Joseph Goddard is **exempt from PACER fees** in this action, Case No. 3:26-cv-01040-AGT, consistent with this Court's prior grant of in forma pauperis status (ECF No. 2, February 2, 2026).

2. This exemption shall remain in effect for the duration of this action or until further order of this Court.

3. The Clerk of Court is directed to forward a copy of this Order to the PACER Service Center at pacer@psc.uscourts.gov.

**IT IS SO ORDERED.**

Dated: _____



Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

— 9 —

MOTION FOR EXEMPTION FROM PACER FEES

1
2                                                    _____
3                                                    United States District Judge
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2026, I caused the foregoing Motion for Exemption from PACER Fees, together with the Declaration of Thomas J. Goddard and all supporting documents, to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record and parties who have appeared in this action.

Dated: February 11, 2026

By: /s/Thomas Joseph Goddard<br>
THOMAS JOSEPH GODDARD<br>
Plaintiff, Pro Se



# EXHIBIT A

## PACER Service Center Email Correspondence

**(February 6, 2026)**

**From:** **PACERMAIL/SAT/AO/USCOURTS** pacer@psc.uscourts.gov
**Subject:** RE: Fee Waiver and Amount Due
**Date:** February 6, 2026 at 9:00 AM
**To:** thomas@goddard.app

Hello,

Please email a copy of the Court Order exempting you from PACER fees. Previously, you received a credit however that is different than a Court Order from the Judge in your case ordering that you have an exemption from PACER fees.

Respectfully,
Tami

PACER Service Center
Enterprise Operation Center
Administrative Office of the U.S. Courts
Phone: 800.676.6856
pacer@psc.uscourts.gov
"Changing the way we serve the Judiciary"

-----Original Message-----
From: thomas@goddard.app <thomas@goddard.app>
Sent: Thursday, January 8, 2026 3:09 AM
To: PACERMAIL/SAT/AO/USCOURTS <pacer@psc.uscourts.gov>
Subject: Fee Waiver and Amount Due
Importance: High

CAUTION - EXTERNAL:

CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

MOTION FOR EXEMPTION FROM PACER FEES

# TABLE OF CONTENTS

| | | |
|---|---|---:|
| I. | INTRODUCTION | 3 |
| II. | LEGAL STANDARD | 3 |
| III. | ARGUMENT | 4 |
| | A. Plaintiff's Financial Need Has Already Been Established | 4 |
| | B. PACER Access Is Essential for Pro Se Litigation | 4 |
| | C. The PACER Service Center Requires a Specific Court Order | 5 |
| | D. Granting This Motion Will Not Burden Other PACER Users | 5 |
| IV. | CONCLUSION | 6 |
| TABLE OF AUTHORITIES | | 15 |
|    United States Supreme Court Cases | | 15 |
|    Federal District Court Cases | | 15 |
|    Federal Statutes | | 15 |
|    Other Authorities | | 15 |

# TABLE OF AUTHORITIES

**UNITED STATES SUPREME COURT CASES**

*Bounds v. Smith*, 430 U.S. 817 (1977) ............................................. 4

*Chambers v. Baltimore & Ohio R.R. Co.*, 207 U.S. 142 (1907) .................... 4

**FEDERAL DISTRICT COURT CASES**

*Aghili v. Dep't of Army*, No. 2:24-cv-08618-SPG-E, 2024 WL 4853553 (C.D. Cal. Nov. 21, 2024) ................................................. 3

*Brown v. New York City Dep't of Educ.*, No. 22-cv-03055, 2022 WL 16744150 (S.D.N.Y. Nov. 7, 2022) ....................................................... 3

*Escalante v. Napolitano*, No. 09-cv-00168 (D. Ariz. 2009) ........................ 3

**FEDERAL STATUTES**

28 U.S.C. § 1746 (Unsworn Declarations Under Penalty of Perjury) ............. 4

28 U.S.C. § 1914 note (Judicial Conference EPA Fee Schedule) .................. 3

28 U.S.C. § 1915 (Proceedings In Forma Pauperis) ............................... 3

**OTHER AUTHORITIES**

E-Government Act of 2002, Pub. L. 107-347, § 205(e), 116 Stat. 2913 ........... 3

Judicial Conference Electronic Public Access Fee Schedule, Note 4 (eff. Dec. 1, 2020) ......................................................................... 3