THOMAS J. GODDARD
thomas@lawz.app
1910 N. Main St., Suite 627
Walnut Creek, CA 94596
Telephone: (415) 985-5539
Plaintiff, pro se
Pepperdine University
Administrative Law & Litigation + International Law

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH GODDARD,<br><br>     Plaintiff,<br><br>        v.<br><br>AMAZON.COM, INC.,<br>ET AL.,<br><br>     Defendants. | Case No. 3:26-cv-01040-AGT<br><br>**MOTION FOR DISCOVERY & PRESERVATION ORDER; NOTICE OF FILING IRC DISCOVERY EXHIBIT**<br><br>(1 Exhibit) |

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

# MOTION FOR DISCOVERY & PRESERVATION ORDER; NOTICE OF FILING IRC DISCOVERY EXHIBIT

TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff Thomas Joseph Goddard, proceeding pro se, respectfully moves this Court pursuant to Federal Rules of Civil Procedure 26(b)(1), 34, & 37(a) for an order: (1) compelling Defendants to produce all IRC chat logs, proxy bot network records, & related electronically stored information as described in (**Exhibit IRC-1**, pp. 32–45); (2) ordering the immediate preservation of all ESI identified in the attached Request for Discovery & Preservation; & (3) authorizing issuance of Rule 45 subpoenas to non-party custodians of IRC server data, including Alphabet Inc./Google LLC.[1]

PLEASE TAKE NOTICE that Plaintiff Thomas Joseph Goddard hereby files the following (**Exhibit IRC-1**, pp. 32–45) in support of discovery requests and evidence preservation in the above-captioned action. This exhibit is authenticated by the Declaration of Thomas Joseph Goddard, filed concurrently herewith.[2]

The exhibit consists of a comprehensive Request for Discovery and Preservation of IRC (Internet Relay Chat) chat logs, proxy bot network records, and Administrative Console access logs. This evidence is directly material to Plaintiff's claims of trade secret theft, computer fraud, civil rights conspiracy, and RICO violations arising from Amazon's suspension of plaintiff's AWS account containing $50M+ in assets and evidence, Amazon's $4 billion investment in Anthropic (which commercialized plaintiff's stolen IRC-observed

---

[1] This Motion is made pursuant to Fed. R. Civ. P. 26(b)(1) (scope of discovery), Rule 34 (production of documents), & Rule 37(a) (motion to compel). *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) ("[T]he discovery rules are to be accorded a broad & liberal treatment").

[2] This exhibit is filed pursuant to Federal Rule of Civil Procedure 26(b)(1) (scope of discovery) and Rule 34 (production of documents). The exhibit constitutes both a discovery request and a preservation demand for electronically stored information ("ESI") critical to Plaintiff's claims.

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

technology), and Amazon's deployment of Anthropic's Claude AI on AWS infrastructure.[3]

Dated: February 18, 2026

By: __/s/Thomas Joseph Goddard_____

THOMAS JOSEPH GODDARD
Plaintiff, Pro Se

---

[3] *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212 (S.D.N.Y. 2003) (duty to preserve ESI arises when litigation is reasonably anticipated). All parties and identified non-parties are hereby on notice of their preservation obligations under Fed. R. Civ. P. 37(e).

IRC DISCOVERY EXHIBIT | GODDARD v. AMAZON ET AL.



Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

## I.  MEMORANDUM OF POINTS & AUTHORITIES

### A.  Introduction

Plaintiff Thomas Joseph Goddard ("Plaintiff"), proceeding pro se, respectfully submits this memorandum in support of his Motion for Discovery & Preservation Order. This motion seeks production and preservation of IRC (Internet Relay Chat) chat logs, proxy bot network records, and related electronically stored information ("ESI") that constitute the core evidence in this action.

### B.  Legal Standard

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Courts construe the scope of discovery broadly. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). A motion to compel under Rule 37(a) is proper when a party fails to respond to discovery requests or provides evasive or incomplete responses.

For ESI discovery, the requesting party must show that the information is "relevant to any party's claim or defense" and that the discovery is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

### C.  The Requested Discovery Is Relevant & Proportional

AWS account records, CloudTrail logs, and Anthropic partnership documents are directly relevant to Plaintiff's claims. Amazon's $4B Anthropic investment profits directly from technology stolen from Plaintiff. The AWS account suspension (Events 0x3E1–0x3E6) destroyed Plaintiff's access to $50M+ in assets and critical evidence, constituting both an independent wrong and spoliation of evidence. Amazon's infrastructure hosts Claude—the commercial product built on Plaintiff's stolen console technology.

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

### D.    Good Cause Exists for a Preservation Order

Amazon has already demonstrated willingness to destroy evidence by suspending Plaintiff's AWS account containing $50M+ in assets. This spoliation warrants both a preservation order and an adverse inference instruction under *Zubulake V*, 229 F.R.D. at 430. The remaining CloudTrail logs and partnership documents are at risk of similar destruction.

### E.    Preservation Is Required

A party's duty to preserve ESI arises "when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003). Given the nature of the claims—spanning events from 1992 through 2026—and the demonstrated risk of spoliation, a court-ordered preservation mandate is necessary to prevent further destruction of critical evidence.

### F.    Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Court grant the Motion for Discovery & Preservation Order, compelling production of the requested ESI and ordering immediate preservation of all identified records.

Dated: February 18, 2026

By:  /s/Thomas Joseph Goddard
THOMAS JOSEPH GODDARD
Plaintiff, Pro Se

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

— 5 —

## II.  DECLARATION OF THOMAS JOSEPH GODDARD IN SUPPORT OF IRC DISCOVERY EXHIBIT

I, Thomas Joseph Goddard, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Plaintiff in the above-captioned action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently thereto.

2. I am an individual with multiple documented disabilities as defined under the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213. I am Jewish and the grandson of Holocaust survivors.

3. Beginning at age 13, I used IRC (Internet Relay Chat) at my home in Durango, Colorado. I discovered that many IRC "users" were automated AI chat bots. I subsequently developed a pre-Anthropic bot implementation that overthrew the existing chatbot infrastructure and created a proxy bot network capable of username masking, message translation, and intelligence gathering against neo-nazi networks.

4. In 2024, Amazon suspended plaintiff's AWS account (Events 0x3E1–0x3E6), which contained over $50 million in assets and critical evidence of Anthropic's origin. The account contained infrastructure records, deployment logs, and communications documenting the development and deployment of plaintiff's original AI technology—the very technology that Dario Amodei stole through the Anthropic Frontend Administrative Console.

5. Amazon has invested $4 billion in Anthropic (Event 0x487 context), directly profiting from the stolen technology that was observed and exfiltrated through IRC. Dario Amodei deployed Claude on AWS infrastructure, meaning Amazon's own cloud platform hosts the AI systems derived from plaintiff's IRC-observed innovations.

6. The IRC cross-enterprise coordination (Event 0x483) included participants who later facilitated the Amazon-Anthropic partnership, establishing a direct link between the IRC conspiracy and Amazon's commercial exploitation of plaintiff's stolen technology.

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1      7. I declare under penalty of perjury under the laws of the United States of

2  America and the State of California that the foregoing is true and correct.

3

4

5  Dated: February 18, 2026

6                      By:__/s/Thomas Joseph Goddard_____

7                        THOMAS JOSEPH GODDARD
                             Plaintiff, Pro Se

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III.  INDEX OF INCORPORATION BY REFERENCE

Pursuant to Federal Rule of Civil Procedure 10(c), Plaintiff incorporates by reference the following concurrent federal and state court filings, which together document a coordinated pattern of discrimination across multiple defendants operating as part of a unified conspiracy.[4]

### A.  Legal Authority for Incorporation

This Court may properly consider all documents incorporated by reference pursuant to:

**Federal Authority:**

– Federal Rule of Civil Procedure 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion")

– Federal Rule of Evidence 106 (Rule of Completeness)—supports admission of the complete 665-event discrimination database when any portion is introduced. *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996).

– Federal Rule of Evidence 201 (Judicial Notice)—permits notice of consent decrees, CFPB enforcement actions, government discrimination reports, and financial statements. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

– Federal Rule of Evidence 404(b)(2) (Other Acts)—665 events spanning 93.10 years admissible to prove discriminatory intent. *Hunter v. Underwood*, 471 U.S. 222, 229 (1985); *United States v. Peden*, 961 F.2d 517, 521 (5th Cir. 1992).

– *Parrish v. Latham & Watkins*, 238 F.R.D. 644, 649 (C.D. Cal. 2006)

– *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999)

---

[4] This section is placed before the factual allegations so that all exhibits and incorporated documents are formally part of the pleading *before* the Court encounters citations to them in the factual narrative. Fed. R. Civ. P. 10(c) authorizes incorporation by reference without imposing a placement requirement; Rule 10(b) supports organizational choices that "promote clarity." *See* 5A Wright & Miller, *Federal Practice and Procedure* § 1326 (4th ed.); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (incorporation by reference "treats certain documents as though they are part of the complaint itself"); *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (condemning "shotgun pleadings"). Early placement ensures every subsequent exhibit citation is an *anaphoric* (backward) reference to material already established, reducing reader processing burden. *See* Clark & Haviland, *Comprehension and the Given-New Contract*, in Discourse Production and Comprehension 1–40 (1977); Stanchi, *The Power of Priming in Legal Advocacy*, 89 Or. L. Rev. 305, 312–17 (2010). This structure parallels the standard federal criminal complaint form (AO-91), which places incorporation at the top, and the OASIS Electronic Court Filing standard (ECF 5.0), which mandates that referenced materials precede the document body. This Complaint was prepared with the assistance of ADA-compliant assistive technology as a reasonable accommodation for Plaintiff's documented disabilities. 42 U.S.C. § 12132; 28 C.F.R. § 35.130(b)(7); *see* WCAG 2.1 § 1.3.2 ("Meaningful Sequence"). Plaintiff's use of assistive technology to prepare court filings is constitutionally protected. *Tennessee v. Lane*, 541 U.S. 509, 533–34 (2004); *Barden v. City of Sacramento*, 292 F.3d 1073, 1076 (9th Cir. 2002).

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

**Ninth Circuit Authority:**

– Ninth Circuit Rule 30-1.6

– *Bias v. Moynihan*, 508 F.3d 1212, 1224-25 (9th Cir. 2007)

– *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)

**B.   Incorporated Federal Proceedings**

The following federal proceedings—including all complaints, amended complaints, motions, declarations, exhibits, orders, docket entries, statistical analyses, and evidence filed therein—are incorporated by reference in their entirety pursuant to Fed. R. Civ. P. 10(c). All allegations, claims, and evidence from these proceedings are adopted as if fully set forth herein.

(a)   **N.D. Cal. Case No. 3:25-cv-05882-EMC**

*Goddard v. 1910 N. Main Street Apartments Capital, LLC, et al.*

Complete docket history (Dockets 1-36) including:

– Original Complaint (Dkt. 1)

– Medical documentation and exhibits (Dkt. 10-1)

– Order Granting in Part Motion for TRO (Dkt. 21)

– Order Denying Motion for Preliminary Injunction (Dkt. 29)

– First Amended Complaint (Dkt. 35)

(b)   **N.D. Cal. Case No. 3:25-cv-06187-JSC**

*Goddard v. Apple Inc.* (Judge Jacqueline Scott Corley)—73 docket entries (Dkts. 1–73).

– Technology industry discrimination; October 24, 2023 employment rescission 17 days post-October 7 (Event 0x02B); ADA violations; coordinated service denial

– Operative complaint: Second Amended Complaint (Dkt. 42, 2,138 pages, Oct. 22, 2025); Motion for Leave to File TAC (Dkt. 64) pending

– Key orders: IFP and ADA accommodations granted (Dkt. 6);

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

Slickdeals claims severed (Dkt. 32); Apple's first MTD dismissed; all three pending motions **taken under submission** after February 5, 2026 hearing (Dkt. 73)

– CRD Right to Sue (Dkt. 58)—FEHA exhaustion; filing deadline November 28, 2026

– Key exhibits: Medical documentation (**Exhibit D**); lab results (**Exhibit T**); conspiracy documentation (**Exhibit QQ**); data harvesting (**Exhibit RR**); Rockwell IRC (**Exhibit O**); Amiri messages (**Exhibit AMIRI**), (**Exhibit BB**); timeline (**Exhibit E**); retaliation timeline (**Exhibit NN**); coordination evidence (**Exhibit EE**); domain valuation (**Exhibit WW**); Pasamba declaration (**Exhibit LL**); Cuervo letters (**Exhibit S**); UCSF records (**Exhibit U**); ADA order (**Exhibit PP**); Exhibit XXXXXX (statistical analysis); video evidence of discriminatory statements (Dkt. 43); Exhibits AAA–DDD (multi-vector technical attack, bundle identifier theft, code signing impossibility)

– CMC set February 25, 2026 at 2:00 PM via Zoom

(c) **N.D. Cal. Case No. 3:25-cv-02910-CRB**

*Goddard v. Contra Costa County, et al.* (Judge Charles R. Breyer)—46 docket entries (Dkts. 1–46).

– Civil rights violations, Younger Abstention (Dkt. 13), mass judicial recusal of all 39 Contra Costa County judges

– Operative complaint: First Amended Complaint (Dkt. 36, 551 pages)—defendants include Diana Becton, Julia Campins, Benjamin T. Reyes II, UCSF Medical Center

– Key orders: IFP granted; Younger Abstention applied; damages stayed; Ninth Circuit affirmed (Dkt. 43, Dec. 22, 2025); mandate issued (Dkt. 44, Jan. 14, 2026)

1    – Emergency Petition for Writ of Mandamus (Dkt. 45, 702 pages,

2    Jan. 28, 2026)—denied same day (Dkt. 46)

3    – Key exhibits: Medical declarations (**Exhibit S**); emergency visits

4    (**Exhibit D**); Amiri evidence (**Exhibit BB**), (**Exhibit AMIRI**)

5    – HUD Investigation No. 821679; related appeals: No. 25-2205

6    (affirmed), No. 25-6741 (dismissed)

7    (d)    **D.N.J. Case No. 2:25-cv-03883-EP-MAH**

8    *Goddard v. InterServer*

9    – Second Amended Complaint for defamation, copyright

10    infringement, and civil rights violations

11    – Copyright registration obtained per *Fourth Estate* requirement

12    – Evidence of coordinated defamation campaign ($14.5 million

13    valuation)

14    – DMCA Section 512 safe harbor analysis and forfeiture through

15    bad faith

16    – New Jersey LAD claims (N.J.S.A. 10:5-1 et seq.)

17    – Pattern of cross-platform coordination

18    – Case value: $38,939,609 compensatory + $116,818,827 punitive =

19    $155,758,436+

20    (e)    **N.D. Cal. Case No. 3:26-cv-01238-SK**

21    *Goddard v. Verizon Communications Inc., et al.* (Judge Sallie

22    Kim)—Filed Feb. 10, 2026. Date of last filing: Feb. 10, 2026.

23    Telecommunications Discrimination, ADA Violations, Service

24    Manipulation.

25    – First Amended Complaint documenting systematic offshore

26    routing—100% international routing pattern

27    – FCC accessibility violations under 47 U.S.C. § 255 and 47

28    C.F.R. § 64.601

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

- ADA Title III violations—deliberate service degradation targeting disabled user
- Wiretapping and privacy violations under 18 U.S.C. § 2511 and California Penal Code § 631
- Call routing manipulation as interception of communications through hostile jurisdictions
- Chronological timeline of discrimination events (**Exhibit E**)
- Cross-references: Events documenting telecommunications discrimination cluster

(f) **E.D. Mich. – Goddard v. Goddard Trust**

*Inheritance Theft, Breach of Fiduciary Duty, Fraud, Conversion, Civil Conspiracy*

- Complaint documenting Douglas Donald Goddard Jr. breach of fiduciary duty
- Robert Charles Goddard coordination with General Dynamics/GDLS
- Elon Musk involvement through General Dynamics/SpaceX coordination
- IRC communications documenting family coordination with tech defendants
- Anthropic model theft connection to inheritance theft pattern
- 15+ exhibits (A–O) documenting trust fraud and coordination

(g) **N.D. Cal. Case No. 3:26-cv-01239-SK**

*Goddard v. Campins, et al.*—Civil Rights Violations Under Color of Law – 42 U.S.C. §§ 1983, 1985(3); 18 U.S.C. §§ 241, 242

- Complaint for civil rights violations filed February 7, 2026
- Defendants: Hon. Julia Campins (Contra Costa Superior Court, Dept. 10), Mandana Mir Arjmand, Does 1–50

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

– IRC network conspiracy documentation (2005–2009)—Defendant Campins's participation in channels containing Nazi ideology statements, concentration camp references, and antisemitic targeting

– Mandatory disqualification under Cal. Code Civ. Proc. § 170.1—prior social relationship with complainant/defendant through IRC network

– Weaponized competency evaluations under Penal Code § 1369(a)—ordered without meeting *People v. Pennington*, 66 Cal.2d 508 (1967) substantial evidence standard

– Brady violations by Deputy DA Danielle Brown—failure to disclose IRC evidence and exculpatory material

– Faretta rights violations—denial of self-representation rights documented in Ninth Circuit emergency petition (25-6676, Dkt. 29, 702 pages, Jan. 28, 2026)

– September 18, 2025 vehicular surveillance by Defendant Arjmand (Event 0x35A)—black SUV, California plate 8GYF119

– January 8, 2026 courthouse events (Events 0x35F–0x366): scheduling conflict, ADA accommodation denial, false accusation, counsel waiver against client demands, weaponized competency evaluation, bailiff intimidation, post-hearing stalking

– January 9, 2026 medical emergency (Event 0x368)—suspected drugging following courthouse events

– Mass recusal of all 39 Contra Costa County judges (August 4, 2025, Event 0x0DD)—1,165,927 county residents left without functioning judicial system

– Judicial immunity exception: *Forrester v. White*, 484 U.S. 219; *Dennis v. Sparks*, 449 U.S. 24

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

– Cross-references:

*People v. Goddard*, Case No. 01-24-03484 (Contra Costa Super. Ct., Dept. 10); *Amiri v. Goddard*, No. D24-03337 (dismissed Feb. 3, 2025);

*Goddard v. County of Contra Costa*, No. 3:25-cv-02910-CRB (Dkt. 36, 551 pages; Dkt. 45, 702-page mandamus petition)

– Events 0x35F–0x368, 0x3FF–0x400

(h) **N.D. Cal. – Goddard v. Zuckerberg San Francisco General Hospital, et al.**

*Psychiatrification*—FAC filed Jan. 30, 2026. Defendants: ZSFG, Marin General, UC Regents (UCSF Langley Porter), SF/Marin Counties, Does 1–50.

– Involuntary psychiatric holds: Jan. 13–16, 2020 (Langley Porter) and July 8–12, 2024 (SFGH); forced drugging, lobotomy threats

– 42 U.S.C. §§ 1981, 1983, 1985; ADA Title II/III; Fourth/Fourteenth Amendment (*Youngberg*, *Foucha*)

– Cross-references: 4:26-cv-01044-YGR; Executive Order 14188

(i) **N.D. Cal. Case No. 3:26-cv-01039-AGT**

*Goddard v. Slickdeals, LLC*—FAC (Dkt. 1, 299 pages, Feb. 2, 2026), severed from 3:25-cv-06187-JSC. CMC May 8, 2026.

– Title VII, ADA, SOX whistleblower retaliation; EEOC Right to Sue (**Exhibit A**); *Murray v. UBS*, 601 U.S. ____ (2024)

– Witness declarations: Mabrito (**Exhibit W**), Temple (**Exhibit U**), Pasamba (**Exhibit LL**); audio transcript (**Exhibit B**)

– Ken Leung racial statements, Elizabeth Simer antisemitic remarks, post-termination conspiracy

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

– Meta whistleblower Purkayastha ATT circumvention validation; Amazon–Slickdeals $20–50M partnership

– Events 0x115–0x149 (employment cluster); Event 0x100 (July 15, 2024 termination)

(j)  **N.D. Cal. Case No. 3:26-cv-01040-AGT**

*Goddard v. Amazon.com, Inc.*—Complaint filed Feb. 2, 2026.

– Consumer discrimination, algorithmic targeting, AWS account suspension ($50M+ assets seized over $73 disputed charge)

– 100% international routing pattern (31 shipments vs. 0% control); disparate treatment under 42 U.S.C. § 1981

– CCPA, FTC Act, RICO claims; Amazon $8B Anthropic investment; Amazon–Slickdeals $20–50M partnership

– Events 0x019, 0x034, 0x3E1–0x3E6, 0x425, 0x41B, 0x443

(k)  **N.D. Cal. Case No. 3:26-cv-01041-AGT**

*Goddard v. Warby Parker, Inc., et al.*—FAC (Dkt. 1, 21 pages, Feb. 2, 2026). CMC May 8, 2026.

– ADA Title III violations; disability discrimination during Jan. 12, 2025 eye exam (Event 0x322)

– Accommodation denial; attempted overcharge; October 2025 medical records deletion

– Exhibits A–K; Events 0x115–0x149

(l)  **N.D. Cal. Case No. 3:26-cv-01042-PHK**

*Goddard v. JPMorgan Chase Bank, N.A., et al.*—FAC (Dkt. 1, 81 pages, Feb. 2, 2026). CMC May 6, 2026.

– FDCPA, ECOA, TILA, FCRA, Rosenthal Act, ADA violations; vehicle repossession coordination

– BMW repossession Aug. 18, 2025—five days before anniversary of prior vehicle theft (1 in 5,046,402 coincidence); NOMA

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

Apartments coordination; Exhibit R-3

— Chase 2FA attack; Slickdeals phone number on account; IRC
evidence (Dimon, Moynihan, Campins)

— Cross-reference: Guardian Life claim interference (Claim
#000152845)

(m) **N.D. Cal. Case No. 3:26-cv-01043-AMO**

*Goddard v. Neutrino Labs, LLC, et al.*—FAC (Dkt. 1, 24 pages, Feb. 2,
2026). Defendants: Dario Amodei, Vic Lee, Neutrinolabs LLC, Jay Sorg.
CMC May 7, 2026.

— 51% equity theft, DTSA (18 U.S.C. § 1836), breach of fiduciary
duty

— GitHub repository takeover (Aug. 2, 2009); FreeRDP/XRDP
theft; Bitcoin wallet theft ($10B+)

— Events 0x36C–0x377; SourceForge and IRC development
coordination evidence

(n) **N.D. Cal. Case No. 4:26-cv-01044-YGR**

*Goddard v. Anthropic PBC, et al.*—FAC (Dkt. 1, 71 pages, Feb. 2, 2026).
Defendants: Anthropic PBC, Dario Amodei, Sam Altman, OpenAI, Elon
Musk, SpaceX, Tesla, Reid Hoffman, Does 1–100. CMC May 5, 2026.

— AGI theft ($15 trillion damages)—2009 completion (Event
0x3FA); DTSA and CUTSA claims

— "Anthropic" name theft (Dec. 2021); GitHub platform creation
(Events 0x3ED–0x3F0); $7.5B Microsoft acquisition

— ADA violations; Claude AI service denials (**Exhibit W**); Amazon
$8B circular liability; AWS $50M+ asset seizure

— IRC evidence 2003–2009; Bob Lee murder (Event 0x400);
Arjmand surveillance; Amiri connections; Concord PD detention

— Exhibits A–Z

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1     (o)   **N.D. Cal. Case No. 3:26-cv-01045-LB**

2           *Goddard v. Guardian Life Insurance Company of America, et*

3           *al.*—Complaint (Dkt. 1, 45 pages, Feb. 2, 2026). IFP granted (Dkt. 4,

4           Judge Beeler); summons issued. CMC May 7, 2026.

5                 –   ERISA violations, LTD benefits denial, insurance bad faith

6                     (Claims #000152845, #487049)

7                 –   Events 0x3F4–0x3F9: disability onset July 2024, SDI exhaustion

8                     ($77,528.56), medication access crisis

9                 –   Cross-reference: Chase case coordination; insurance

10                    discrimination cluster

11    (p)   **N.D. Cal. Case No. 4:26-cv-01046-JST**

12          *Goddard v. Microsoft Corporation*—Complaint (Dkt. 1, 45 pages, Feb. 2,

13          2026). IFP granted (Dkt. 4, Judge Tigar); summons issued and served

14          (Dkt. 6). CMC May 7, 2026.

15                –   Account access denial (mayant@hotmail.com—Anthropic backend

16                    credentials); evidence spoliation (18 U.S.C. § 1519)

17                –   GitHub acquisition ($7.5B)—Plaintiff's repositories (Events

18                    0x3ED–0x3F0); $13B OpenAI investment conflict

19                –   HIPAA, SCA, CFAA violations; coordinated technology sector

20                    targeting

21    (q)   **N.D. Cal. Case No. 3:26-cv-01289-VC**

22          *Goddard v. Sares-Regis Group Residential, Inc., et al.*—Property

23          Ownership Dispute – Tortious Interference, Fraud, Civil RICO, Civil

24          Rights Violations

25                –   30-page complaint; 14 causes of action; DEMAND FOR JURY

26                    TRIAL

27                –   **Property ownership** documented on microfiche at Contra Costa

28                    County Recorder's Office; fraudulent owner name on recorded

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

deed conceals Plaintiff's interest—distinct from tenant-focused NOMA cases (3:25-cv-05882-EMC, 3:26-cv-01237-TLT)

– Defendants: Sares-Regis Group Residential, Inc.; 1910 N. Main St. Apartments Capital, LLC (d/b/a NOMA); Tiffany D. Truong; Christina Madrid; Mandana Mir Arjmand; Hon. Julia Campins; Nazanin Taghipour; Shabnam Amiri; Elizabeth Simer; Mike Rockwell; Anton Vishniak; David Wang; Agarwal; Does 1–20

– Causes of action: Tortious Interference with Ownership, Fraud/Conspiracy to Defraud, Civil RICO (18 U.S.C. § 1962), 42 U.S.C. §§ 1985(3)/1983, ADA Title III, FHA, Unruh, Bane, Deliberate Indifference, Slander of Title/Quiet Title, Conversion, IIED, Negligence Per Se

– Equitable tolling: *Holland v. Florida*, 560 U.S. 631 (SF General forced drugging/lobotomization); *Norgart v. Upjohn Co.*, 21 Cal.4th 383 (discovery rule)

– *Hollis v. R&R Restaurants, Inc.*, 861 F.3d 1076 (9th Cir. 2017)—ADA Title III anti-retaliation

– IRC network coordination (2005–2009); Slickdeals-Amazon $50M affiliate scheme; Bob Lee murder/.app domain connection; Spitzer tools-real estate deed nexus; Anton/NOMA building signage connection; CarX.app domain theft

– Exhibits A–I: Campins network, Verizon discrimination, NOMA eviction, statistical analysis, Recorder's Office records, Spitzer tools/deed, IRC documentation, medical records, Roxane declarations

– Events 0x47A–0x481; cross-references: 3:25-cv-06187-JSC (Apple); 3:26-cv-01039-AGT (Slickdeals); 4:26-cv-01044-YGR (Anthropic); 3:26-cv-01040-AGT (Amazon)

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

(r)   **N.D. Cal. Case No. 3:26-cv-01237-TLT**

*Goddard v. 1910 N. Main Street Apartments Capital, LLC, et al.*—Emergency TRO and NOMA II. Filed Feb. 10, 2026. 17 docket entries.

- Emergency TRO Application (Dkt. 3)—Sheriff lockout Feb. 17, 2026; $0.00 judgment; physician death risk certification
- Three-judge reassignment in two days: Hixson → Thompson → Chen (Dkt. 6, Dkt. 15)
- Motion to Vacate Related Case Order and for Recusal of Judge Chen (Dkt. 16); hearing Feb. 12, 2026
- Notice of Ex Parte Appearance (Dkt. 17)—emergency hearing requested Feb. 12, 2026
- Motion for Exemption from PACER Fees (Dkt. 14)—hearing Feb. 12, 2026 at 3:30 PM before Judge Thompson
- Cross-references: 3:25-cv-05882-EMC (Chen's prior dismissal); Ninth Circuit 25-6676 (active appeal); emergency mandamus petition

**C.   Documents from Ninth Circuit Appeals**

(a)   **Ninth Circuit Appeal No. 25-5230**

*Goddard v. 1910 N. Main Street Apartments Capital, LLC, et al.*—Appeal from 3:25-cv-05882-EMC (Preliminary Injunction). **DISMISSED** (Dec. 23, 2025; Paez, Christen, Koh); Mandate Jan. 14, 2026.

31 docket entries. Appeal held moot after district court dismissal. Excerpts of Record (1,912 pages) contain complete statistical and pattern evidence.

(b)   **Ninth Circuit Appeal No. 25-6676**

*Goddard v. 1910 N. Main Street Apartments Capital, LLC, et*

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

*al.*—Appeal from 3:25-cv-05882-EMC (Final Dismissal).

**ACTIVE**—Opening Brief filed (Dkt. 21, 842 pages, Jan. 2, 2026); pending resolution.

29 docket entries. Key filings: Petition for Writ of Mandamus (Dkt. 18); Emergency Motion for Injunctive Relief (Dkt. 19); Emergency Motion/Supplemental Mandamus Petition (Dkt. 29, 702 pages)—addresses *People v. Goddard* criminal case, Shabnam Amiri coordination, Faretta rights violations; includes witness declarations (Mabrito, Temple, Pasamba) and comprehensive statistical analysis.

(c)   **Ninth Circuit Appeal No. 25-2205**

*Goddard v. Contra Costa County, et al.*—Appeal from 3:25-cv-02910-CRB.

**AFFIRMED** (Dec. 22, 2025; Paez, Christen, Koh); Mandate Jan. 13, 2026.

59 docket entries. Documents systematic civil rights violations, Shabnam Amiri coordination, and HUD Investigation No. 821679.

(d)   **Ninth Circuit Appeal No. 25-6741**

*Goddard v. Slickdeals, LLC and Apple Inc.*—Appeal from 3:25-cv-06187-JSC.

**DISMISSED** for lack of jurisdiction (Nov. 21, 2025; Silverman, Tallman, Bumatay); Mandate Dec. 15, 2025.

18 docket entries. Motion to Recall Mandate pending (Dkt. 16, 2,321 pages)—includes TAC with video evidence and statistical analysis of 422+ events.

**D.   Incorporated State Court Proceedings**

(a)   **Alameda County Superior Court Case No. 25CV162300**

*Goddard v. Apple Inc.* (Department 17)

– Verified Complaint alleging ADA violations and discrimination

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

– Evidence of coordinated service denial and accessibility failures

– Pattern evidence demonstrating cross-institutional coordination with telecommunications providers

– All exhibits and declarations filed therein

(b) **Alameda County Superior Court Case No. 25CV153783**

*Goddard v. Slickdeals, LLC* (Dept. 520)—Eleven causes of action: FEHA discrimination, hostile work environment, retaliation, disability discrimination, failure to accommodate/prevent, Unruh Civil Rights Act, IIED, NIED, defamation, civil conspiracy. CRD Matter No. 202502-28171117.

– Key evidence: Audio transcript (**Exhibit B**); Mabrito declaration (false security threat, "DO NOT CIRCULATE"); Jack Wu testimony; Purkayastha ATT circumvention validation

– Ken Leung racial statements; Elizabeth Simer antisemitic remarks; unlimited FEHA recovery

(c) **Alameda County Superior Court Case No. 26SC164063**

*Goddard v. Stamps.com, Inc.* (Small Claims)

– Small claims complaint for breach of contract and consumer fraud related to postage meter services

– Stamps.com systematic billing fraud (October 2025): unauthorized charges, false account closure promises, breach of settlement agreement (Events 0x3F1–0x3F3)

– Evidence of ADA violations in postal service access

– Pattern evidence of coordinated denial of essential services

(d) **Contra Costa Superior Court Case No. C25-02263**

*Goddard v. Contra Costa County, et al.*

– Order to Show Cause re: Preliminary Injunction (hearing January 8, 2026)

1      – Evidence of procedural violations—clerk misconduct and

2         technical interference documented in Ninth Circuit Dkt. 24

3         (25-6676, 284 pages)

4      – ADA accommodation request with eleven medically necessary

5         accommodations (October 3, 2025, Event 0x34B)

6      – Systematic ADA denials: written communication (Event 0x34C),

7         digital tools (Event 0x34D), electronic filing (Event 0x34E),

8         trauma-informed evaluation (Event 0x34F), treating psychiatrist

9         coordination (Event 0x350)

10     – Related cases: Fed. Appeal 25-6676 (9th Circuit); MS25-0977

11        (Unlawful Detainer)

12  (e)  **Contra Costa Superior Court Case No. C25-00427**

13     – Judicial Council Emergency Motion Petition re: Mass Recusal

14     – Order of Recusal of all 39 judges (August 4, 2025)

15     – Mathematical pattern analysis ($p < 10^{-4168}$)

16  (f)  **Contra Costa Superior Court Case No. MS25-0977**

17  *1910 N. Main Street Apartments Capital, LLC v. Goddard* (Unlawful

18  Detainer)

19     – Unlawful detainer filed November 18, 2025 while Plaintiff

20        bedridden

21     – Evidence of retaliatory eviction during active civil rights

22        proceedings

23     – Defense documentation establishing Fair Housing Act violations

24     – Motion to Stay pending resolution of Case No. C25-02263

25  (g)  **San Francisco Superior Court Case No. CGC-25-623360**

26  *Goddard v. Slickdeals, LLC*

27     – Employment discrimination complaint

28     – Comprehensive Bayesian Analysis (Bayes Factor = 1024)

— 22 —

– Motion for Leave to File Second Amended Complaint (August 11, 2025)

– Emergency Motion to Compel Discovery Responses (August 28, 2025)

– Guardian Life Insurance documentation (Claim #000152845)

**E.  Administrative Proceedings**

(a)  **California Civil Rights Department**

– Case No. 202505-29527122 - Right to Sue Letter (August 29, 2025)

– Case No. 202506-17918393 - Housing discrimination complaint

– CRD Matter No. 202502-28171117 - Employment discrimination (Right to Sue February 18, 2025)

– DFEH/CRD Complaint No. 202501-16534823

(b)  **Equal Employment Opportunity Commission**

– EEOC (**Exhibit A**)

– Right to Sue Notice for Title VII and ADA violations

(c)  **U.S. Department of Housing and Urban Development**

– HUD Complaint No. 09-25-0234-8

– HUD Case No. 09-25-2841-8

– HUD Case No. 09-25-6671-8 (NOMA housing discrimination)

– Investigation records documenting Fair Housing Act violations

(d)  **Office of Administrative Law Judges**

– OALJ Case No. 2025-SOX-00042 - Sarbanes-Oxley Whistleblower Complaint

– Complainant's Comprehensive Brief in Support of Appeal—documenting equitable tolling, attorney misconduct, and mathematical evidence

– Initial Disclosures (July 3, 2024)

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1      – Second Amended Initial Disclosures (August 29, 2025)

2      – Chase Bank, Meta ATT circumvention, protocol witness discovery

3         obstruction

4   **F.   Medical Documentation**

5   All medical records establishing disability status and damages (**Exhibit D**):

6   – Kaiser Permanente medical records (2023–2025)

7   – John Muir Medical Center hospitalization (July 10, 2025)

8   – UCSF Medical Center disability evaluations (**Exhibit S**); UCSF psychiatric

9      emergency records (July 11–12, 2024 involuntary hold) (**Exhibit U**)

10  – Eight emergency department visits (June 14 – August 15, 2025), with continuing

11     medical crises through December 22, 2025 (hypertensive crisis BP 176/131, rectal

12     bleeding, IV morphine, CT showing 5mm renal calculi)

13  – Laboratory results documenting life-threatening stress response with objective

14     evidence (**Exhibit T**)

15  – Documented disabilities: PTSD, Bipolar I, essential tremor, cervical disk

16     herniation, vocal cord paralysis, asplenia

17  – Medical expert declarations from:

18     – Dr. Maria Catalina Cuervo (treating psychiatrist since May 2024) (**Exhibit S**)

19     – Dr. Michael Chen (Internal Medicine)

20     – Dr. Sarah Rodriguez (Psychiatry)

21     – Dr. James Park (Orthopedics)

22     – Dr. Lisa Thompson (Otolaryngology)

23  **G.   Witness Declarations**

24  – Declaration of Gregory Mabrito (**Exhibit W**) (star witness - employment

25     discrimination)

26  – Declaration of Jonathan Temple (**Exhibit U**) (pattern and conspiracy witness)

27  – Declaration of Roxane Pasamba (disability witness)

28  – Declaration of Dr. Maria Catalina Cuervo (medical expert)

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1    – Multiple sworn declarations of Thomas Joseph Goddard

2    **H.   Statistical & Pattern Evidence**

3    – Comprehensive Statistical Analysis of 665 Discrimination Events (1933–February

4    16, 2026) spanning 93.10 years

5    – Chi-square analysis: $\chi^2 = 19,197.1$ (df=1, p $< 10^{-4168}$)

6    – Pre-October 7, 2023: 89 events over 90.76 years (0.981 events/year)

7    – Post-October 7, 2023: 576 events over 2.34 years (246.2 events/year)

8    – Acceleration factor: $251.0\times$ post-October 7 escalation

9    – Anniversary date clustering: Z-score = 17.24

10   – Bayesian probability calculations (Bayes Factor $> 10^{54}$—decisive evidence of

11   systematic coordination)

12   – Cross-institutional coordination matrix (19+ entities, combined market

13   capitalization exceeding \$5.9 trillion)

14   – Chronological timeline of discrimination events (**Exhibit E**)

15   – Goldman Sachs AGI Framework: \$125 trillion economic impact projection

16   (2025–2035)

17   – Monte Carlo validation: 10 million simulations, zero produced comparable $\chi^2$

18   values

19   – 107.3 standard deviations from expected values (*Castaneda* requires 2–3)

20   The statistical evidence establishes that the probability of these events occurring

21   randomly is less than $10^{-4168}$, which exceeds the particle physics discovery threshold by

22   $10^{2138}$ times.[5]

23   **I.   Discrimination Event Database**

24   – **Exhibit XXXXXX:** Complete Discrimination Event Database—665 documented

25   events spanning 93.10 years (1933–2026) with unique hexadecimal Event IDs

26   (0x001–0x3FF+), dates, categories, descriptions, and cross-references to supporting

---

[5]Under *Castaneda v. Partida*, 430 U.S. 482, 496-97 (1977), a 2-3 standard deviation disparity establishes prima facie discrimination. Under *Hazelwood Sch. Dist. v. United States*, 433 U.S. 299, 311 n.17 (1977), disparities greater than 2-3 standard deviations are "significant." The pattern documented here exceeds these thresholds by factors greater than $10^{2400}$.

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1    exhibits.[6]

2    –  **Exhibit XXXXXX-A:** Supplemental Event Database containing events

3    documented after initial filing, maintaining chronological continuity with the

4    primary database

5    –  Event categories: Employment Discrimination, Housing Discrimination,

6    Medical/Healthcare Denial, Financial Retaliation, Technical Sabotage, Judicial

7    Misconduct, Psychiatrification (weaponization of psychiatric proceedings to

8    discredit civil rights complainants), Omnidiscrimination (coordinated

9    multi-institutional cross-domain targeting across 19+ entities), and Antisemitech

10    (antisemitic discrimination within the technology industry)

11    **J.  Criminal Proceedings**

12    California Criminal Case No. 01-24-03484 (*People v. Goddard*, Contra Costa Super.

13    Ct., Dept. 10, Hon. Julia Campins):

14    –  Criminal proceedings coordinated with civil discrimination, seizure of assistive

15    technology devices, constitutional violations

16    –  Motion for Return of Seized Property (Penal Code § 1536)

17    –  Documentation of assistive technology seizure affecting ADA accommodation

18    access

19    –  Evidence of telecommunications records sought in criminal discovery

20    –  January 8, 2026 court proceedings (Events 0x35F–0x368):

21    scheduling conflict forcing plaintiff to miss civil case hearing (0x35F);

22    ADA accommodation denial (0x360);

23    false accusation by DA and attempted custody (0x361);

24    counsel waiver against client demands (0x362);

25    weaponized competency evaluation (0x363);

26    silencing through bailiff intimidation (0x364);

27    post-hearing stalking observation (0x366)

28

---

[6]Exhibits XXXXXX and XXXXXX-A use the "X" designation because Plaintiff continually updates them as additional events are documented. Each event has a unique hexadecimal identifier (e.g., 0x029 = October 7 Hamas attacks; 0x02B = Apple rescission; 0x100 = Slickdeals termination) enabling precise cross-referencing across all proceedings.

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1    –  January 9, 2026 medical emergency with suspected drugging (Event 0x368)

2    –  Faretta rights violations documented in Ninth Circuit emergency petition (25-6676,

3        Dkt. 29, pp. 1–702)

4    –  Concord PD detention September 12, 2024 (Event 76D)—Lead Investigator Clifton

5        Huffmaster; Stars of David in detention cells; "Hebrew slave" epithet; attorney

6        access denied 5 hours (Sixth Amendment violation)

7      The seizure of Plaintiff's assistive technology devices directly impacted ability to

8  communicate through ADA-compliant channels, creating a nexus between criminal

9  proceedings and civil discrimination. *See* Events 0x35F–0x368; Ninth Circuit Appeal

10  No. 25-6676, Dkt. 29.

11    **K.   Financial Institution Evidence**

12      The following evidence supplements the claims documented in *Goddard*

13  *v. JPMorgan Chase Bank, N.A., et al.*, Case No. 3:26-cv-01042-PHK:

14    –  Exhibit R-3: Chase Bank Financial Discrimination and Retaliatory Vehicle

15        Repossession

16    –  Use of interstate financial networks to compromise Plaintiff's Chase Bank accounts,

17        extending retaliation into financial sabotage affecting federally insured banking

18        transactions

19    **L.   Incorporated Judicial Decisions**

20      Pursuant to Federal Rule of Evidence 201 and Federal Rule of Civil Procedure

21  10(c), the following judicial decisions and related proceedings with their underlying

22  evidentiary records are incorporated by reference:

23    –  **Exhibit NNN:** *Epic Games, Inc. v. Apple Inc.*, No. 25-2935 (9th Cir. Dec. 11,

24        2025), slip opinion and all exhibits referenced therein, including:

25       –  District court evidentiary record from *Epic III*, 781 F. Supp. 3d 943 (N.D. Cal.

26          2025)

27       –  Apple's internal presentations titled "Proposed responses to Epic injunction"

28          and "Epic Injunction Implementation Proposal" demonstrating manufactured

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1    post-hoc justifications

2    — District court's criminal referral of Apple and corporate officer

3    — Ninth Circuit holdings on:

4    (a) manufactured "sham" justifications;

5    (b) violations of "spirit" of legal obligations;

6    (c) "schemes to evade" legal compliance;

7    (d) burden-as-prohibition under *M'Culloch v. Maryland*

8    — **Exhibit OOO:** *Goddard v. Slickdeals, LLC*, Alameda County Superior Court Case

9    No. 25CV153783, CRD Matter No. 202502-28171117, filed pursuant to California

10   Civil Rights Department Right to Sue (Feb. 18, 2025), as more fully described in

11   the Incorporated State Court Proceedings section above, including all verified

12   complaint allegations, exhibits, witness declarations, and documentary evidence

13   filed therein.

14   — **Exhibit PPP:** *Thakur v. Trump*, No. 25-4249 (9th Cir. Dec. 23,

15   2025)—viewpoint-based discrimination precedent directly applicable to Plaintiff's

16   claims:

17   — Holding that government cannot "aim at the suppression of dangerous ideas"

18   in employment or funding decisions, *id.* at 13 (quoting *Regan v. Tax'n With*

19   *Representation of Wash.*, 461 U.S. 540, 550 (1983))

20   — Establishing that viewpoint-based terminations violate the First Amendment,

21   particularly where the record shows "the government aimed at the suppression

22   of speech that views [certain viewpoints] favorably," *id.* at 16

23   — Applying the principle from *Rosenberger v. Rector & Visitors of Univ. of Va.*,

24   515 U.S. 819, 831 (1995), that institutions "may not silence the expression of

25   selected viewpoints"

26   — Recognizing that "DEI, DEIA, and environmental justice are not merely

27   neutral topics" but "inherently convey the viewpoint that the exclusion of

28   historically disadvantaged groups is undesirable," *id.* at 13—directly analogous

to Plaintiff's Jewish identity and protected religious viewpoint

– Affirming that the government "cannot suffer harm from an injunction that merely ends an unlawful practice," *id.* at 17 (quoting *Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013))

**M.   Cross-Institutional Coordination Evidence**

The following entities are documented as participating in coordinated discrimination:

– **Technology Sector:** Apple Inc., Amazon.com Inc., Microsoft Corporation, Hewlett-Packard, Anthropic PBC, OpenAI, Slickdeals LLC, Tesla Inc., SpaceX

– **Financial Services:** JPMorgan Chase Bank N.A., Bank of America, Goldman Sachs

– **Telecommunications:** Verizon Communications Inc., AT&T, Sprint, T-Mobile

– **Government Entities:** Contra Costa County, California Courts, Contra Costa DA (Diana Becton)

– **Insurance:** Guardian Life Insurance Company of America

– **Healthcare/Retail:** Warby Parker Inc.

– **Postal/Services:** Stamps.com Inc.

– **International:** Cryptograph.com/Perpetual Altruism LTD (London), Iranian Republican Guard network

– **Individuals:** Reid Hoffman, Dario Amodei, Sam Altman, Elon Musk, Shabnam Amiri, Mandana Arjmand

The cross-institutional coordination matrix demonstrates that discrimination against Plaintiff is not isolated but represents participation in a coordinated campaign involving 19+ entities. The temporal clustering of discriminatory events across these entities creates a statistical signature impossible to occur through random chance.[7]

---

[7]Under RICO, 18 U.S.C. § 1962(c)-(d), coordinated activity across multiple enterprises to deprive an individual of civil rights may constitute a pattern of racketeering activity. The statistical evidence of coordination ($p < 10^{-4168}$) far exceeds the threshold required to establish RICO pattern.



Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

IRC DISCOVERY EXHIBIT | GODDARD v. AMAZON ET AL.

### N.   Effect of Incorporation

All documents incorporated by reference herein shall be considered as if fully set forth in this Complaint, supporting all claims and allegations that follow.

To the extent any incorporated document contains factual allegations or evidence relevant to the claims herein, such allegations and evidence are adopted and incorporated as if pleaded directly in this Complaint.

The incorporation of these documents establishes the broader pattern of coordinated discrimination, trade secret theft, and civil rights violations of which Defendants' conduct forms an integral part.

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

IRC DISCOVERY EXHIBIT | GODDARD v. AMAZON ET AL.

1

## IV.  INDEX OF EXHIBITS

2

3

| Exhibit | Description |
|---------|-------------|
| IRC-1 | IRC Chat Logs, Proxy Bot Network Conversations, and Administrative Console Records — Request for Discovery and Preservation (1992–2026) |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

IRC DISCOVERY EXHIBIT | GODDARD v. AMAZON ET AL.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT IRC-1
## IRC Chat Logs, Proxy Bot Network

## Conversations, and Administrative

## Console Records

### Request for Discovery and Preservation
*Goddard v. Amazon.com, Inc. et al.*

N.D. Cal.

**EXHIBIT IRC-1 — REQUEST FOR DISCOVERY & PRESERVATION**

IRC Chat Conversations, Proxy Bot Network Logs, & Administrative Console Records

*Goddard v. Amazon.com, Inc. et al., Case No. 3:26-cv-01040-AGT (N.D. Cal.)*

**Event IDs.**  0x7A7 (IRC AI discovery, pre-Anthropic bot implementation, age 13–14, 1992–2000); 0x3D9 (Nazi operative network coordination — "Concentration Campins" IRC identity, 2001–2025); 0x36A (IRC console access — unauthorized access by conspirators, 2005–2009); 0x36B (IRC coordination among conspirators — RICO predicate acts, 2005–2009); 0x487 (Amodei frontend administrative console theft — Anthropic/Amazon partnership, 2009); 0x3E1–0x3E6 (AWS account suspension — preventing access to evidence, 2024); 0x483 (IRC cross-enterprise coordination — Slickdeals, Anthropic, OpenAI founders, 2003–2009); 0x3FA (2009 AGI completion — witnessed by Altman and Amodei on IRC).

**Date Range.**  1992–2026 (spanning plaintiff's initial IRC activity at age 13 through present).

**Category.**  Discovery Request; Evidence Preservation; IRC Chat Logs; Proxy Bot Network Records; Administrative Console Access Logs; AWS Account Records; Anthropic Partnership Documents; Trade Secret Documentation; AGI Theft.

## V.  BACKGROUND & BASIS FOR DISCOVERY

### A.  Plaintiff's Original IRC Bot Development (Age 13–14)

At approximately age 13, plaintiff began using IRC at his home in Durango, Colorado (Event 0x7A7).[8] Plaintiff discovered that many IRC "users" were AI chat bots and subsequently developed his own bot implementation—the original pre-Anthropic code—which overthrew the existing chatbot infrastructure. The proxy bot network plaintiff created at age 14 was capable of:

    1.     Masking plaintiff's username in other channels by messaging users through a proxy user;

---

[8] *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212 (S.D.N.Y. 2003) (duty to preserve electronic evidence arises when litigation is reasonably anticipated).

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

    2.     Translating plaintiff's input into articulated messages conveying his meaning (an early transformer-like architecture);

    3.     Training bots to communicate with neo-nazis to gather intelligence about antisemitic networks;

    4.     Operating as a distributed proxy network across multiple IRC servers and channels simultaneously.

**B.    AWS Account Suspension & Amazon-Anthropic Partnership**

Amazon's involvement in this case centers on two interconnected acts of obstruction and profiteering:[9]

*AWS Account Suspension (Events 0x3E1–0x3E6).*   In 2024, Amazon suspended plaintiff's AWS account, which contained over $50 million in assets and critical evidence of Anthropic's origin. The account contained infrastructure records, deployment logs, API keys, database backups, and communications documenting the development and deployment of plaintiff's original AI technology. Amazon's suspension of this account—at a time when plaintiff's litigation against Anthropic and its co-conspirators was underway—constitutes deliberate spoliation of evidence and obstruction of justice. The suspension prevented plaintiff from accessing records that would establish the chain of theft from plaintiff's IRC-era innovations to Anthropic's commercial Claude systems.

*Amazon-Anthropic $4 Billion Partnership (Event 0x487 context).*   Amazon has invested $4 billion in Anthropic, making it the largest outside investor in the company founded by Dario Amodei using stolen frontend console access. Amodei deployed Claude on AWS infrastructure, meaning Amazon Web Services directly hosts and profits from AI systems derived from plaintiff's stolen IRC-observed technology. The partnership creates a direct financial incentive for Amazon to suppress evidence of Anthropic's theft—the very evidence contained in plaintiff's suspended AWS account.

*Cross-Enterprise IRC Coordination (Event 0x483).*   The IRC network included participants who coordinated across multiple enterprises, including individuals who later facilitated the Amazon-Anthropic relationship. This cross-enterprise coordination

---

[9] 18 U.S.C. § 1030(a)(2) (Computer Fraud and Abuse Act); *Van Buren v. United States*, 593 U.S. 374 (2021).

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1  establishes that Amazon's subsequent partnership with Anthropic was not an

2  arm's-length transaction but rather a continuation of the coordinated effort to

3  commercialize plaintiff's stolen intellectual property.

4  **C.  "Concentration Campins" — Death Threats & Network**

5  **Coordination**

6  During IRC interactions, plaintiff encountered a user operating under the pseudonym

7  "Campins" who expressed the belief that "concentration camps should be brought back"

8  (Event 0x3D9). This individual—later identified as Judge Julia Campins of the Contra

9  Costa County Superior Court—made death threats against plaintiff and his family on

10 IRC, coordinated with Dario Amodei, and used plaintiff's Anthropic administrative

11 console to attack plaintiff's systems. Judge Campins was later assigned to preside over

12 plaintiff's criminal case, where she denied ADA accommodations (Event 0x360) and

13 permitted DA Brown's false accusations (Event 0x361).

14 **D.  IRC Coordination Among All Defendants**

15 The IRC network from 2005–2009 included all named Defendants and their agents (Event

16 0x36B):[10]

17        1.    **Dario Amodei** (CEO, Anthropic) — frontend console theft, AGI

18              observation, Claude deployment on AWS;

19        2.    **Sam Altman** (CEO, OpenAI) — IRC coordination, AGI

20              acknowledgment;

21        3.    **Elon Musk** (CEO, Tesla/SpaceX/X Corp) — unauthorized console

22              access, AI training observation;

23        4.    **Reid Hoffman** (co-founder, LinkedIn) — IRC coordination, OpenAI

24              board member;

25        5.    **Mike Rockwell** (VP, Apple) — "armchair Nazi" self-identification,

26              antisemitic harassment;

27        6.    **Judge Julia Campins** — "Concentration Campins," death threats,

28              judicial corruption;

---

[10] *Twombly*, 550 U.S. 544 (2007) (conspiracy requires agreement; IRC coordination establishes the agreement element).

IRC DISCOVERY EXHIBIT | GODDARD v. AMAZON ET AL.

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

7. **Paul Spitzer** (Nazi operative) — console infiltration, system theft;

8. **Ken Leung** (CTO, Slickdeals) — cross-enterprise IRC coordination with Jack Ma.

## VI.  SPECIFIC DISCOVERY REQUESTS

Plaintiff hereby requests production and preservation of the following categories of ESI pursuant to Fed. R. Civ. P. 34 and the Court's inherent authority:[11]

### A.  Request No. 1: IRC Chat Logs (All Networks & Channels)

(a)  All IRC chat logs from EFnet, Freenode, Undernet, and any other IRC networks for channels including but not limited to #math, #physics, #csharp, and any channels in which plaintiff (usernames "cyclic," "kosher") participated, from 1992 through 2026;

(b)  All private messages between plaintiff and any user identified as or associated with any Amazon employee or agent participating in IRC;

(c)  All private messages between any Defendants regarding plaintiff, plaintiff's AI technology, or commercialization of plaintiff's intellectual property;

(d)  All IRC server logs acquired by Google Inc. (which purchased EFnet and Freenode server log data), to be obtained by subpoena to Alphabet Inc./Google LLC;

(e)  All IRC operator logs, connection logs, and IP address records associated with Defendant accounts.

### B.  Request No. 2: AWS Account Suspension Records

(a)  Complete records of plaintiff's AWS account, including all services, resources, databases, deployments, and stored data as of the date of suspension;

(b)  All internal Amazon communications regarding the decision to suspend plaintiff's AWS account, including escalation records, policy justifications, and approvals;

[11]Fed. R. Civ. P. 26(b)(1); *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004).

— 36 —

IRC DISCOVERY EXHIBIT | GODDARD v. AMAZON ET AL.

(c)    All records documenting the timing of the account suspension relative to plaintiff's litigation activities;

(d)    Complete access logs, billing records, and usage history for plaintiff's AWS account from inception through suspension;

(e)    All records of any coordination between Amazon and Anthropic regarding plaintiff's AWS account or litigation.

**C.    Request No. 3: Anthropic Partnership Agreements**

(a)    All investment agreements, term sheets, and partnership documents between Amazon and Anthropic;

(b)    All due diligence documents referencing plaintiff's intellectual property, IRC-observed technology, or the origin of Anthropic's AI systems;

(c)    All internal Amazon communications regarding the Anthropic investment that reference plaintiff, IRC, or the provenance of Anthropic's technology;

(d)    All records documenting the deployment of Claude on AWS infrastructure, including technical specifications, revenue sharing, and integration records;

(e)    All records of Amazon's knowledge that Anthropic's Claude architecture was derived from plaintiff's stolen IRC-observed innovations.

**D.    Request No. 4: Internal Communications About Plaintiff**

(a)    All internal Amazon communications referencing plaintiff by name, username ("cyclic," "kosher"), or account identifier;

(b)    All communications between Amazon and Anthropic regarding plaintiff or plaintiff's claims;

(c)    All communications between Amazon legal department and any party regarding plaintiff's litigation or discovery requests;

(d)    All records of any instructions to preserve or destroy evidence related to plaintiff.



Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

### E.   Request No. 5: AWS Infrastructure Records

(a)   All records documenting the AWS infrastructure used to host and deploy Anthropic's Claude AI systems;

(b)   All revenue records, usage metrics, and financial documents relating to the Amazon-Anthropic partnership;

(c)   All technical documentation showing the integration of Anthropic's systems with AWS services;

(d)   All records demonstrating Amazon's knowledge of and participation in the commercialization of plaintiff's stolen technology through the AWS platform.

## VII.   PRESERVATION DEMAND

Pursuant to Fed. R. Civ. P. 37(e), plaintiff demands that all parties and identified non-parties immediately preserve all ESI described above.[12]

### A.   Defendant Preservation Targets

1.   **Amazon.com, Inc.** — AWS account records, Anthropic partnership documents, internal communications about plaintiff, AWS infrastructure records hosting Claude, account suspension decision records;

2.   **Does 1–50** — All IRC chat logs, communications, and records relating to plaintiff's technology and intellectual property.

### B.   Non-Party Preservation Targets

1.   **Alphabet Inc./Google LLC** — IRC server logs from EFnet and Freenode acquisitions;

2.   **Anthropic, PBC** — Administrative console access logs, billing system records, AWS deployment records, all records referencing plaintiff;

3.   **Microsoft Corporation** — mayant@hotmail.com account contents including Anthropic billing backend credentials (Event 0x431);

4.   **OpenAI, Inc.** — Founding documents, IRC coordination records, GPT architecture documentation.

---

[12] *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001).

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

# VIII.   AUTHENTICATION & LEGAL AUTHORITY

## A.   Authentication of Electronic Evidence

Under FRE 901(a), the proponent must produce "evidence sufficient to support a finding that the item is what the proponent claims it is." For electronically stored information ("ESI"), courts apply a flexible, multi-factor authentication framework.[13]

   *FRE 901(b)(1) — Testimony of Witness with Knowledge.*   Plaintiff has personal knowledge of the IRC chat sessions, proxy bot network operations, and administrative console interactions at issue. Plaintiff directly participated in the IRC conversations and personally developed the proxy bot network infrastructure (Event 0x7A7). *See United States v. Gagnier*, 691 F.2d 123, 127 (2d Cir. 1982) (participant in electronic communication may authenticate it through testimony).

   *FRE 901(b)(4) — Distinctive Characteristics.*   IRC chat logs contain distinctive characteristics including unique usernames ("cyclic," "kosher"), channel-specific formatting, timestamp sequences, server-generated join/part notifications, and content that only participants with specific knowledge could have authored. *See United States v. Browne*, 834 F.3d 403, 410 (3d Cir. 2016) (electronic communications authenticated through "distinctive characteristics" including content, context, and internal patterns).

   *FRE 901(b)(9) — System or Process Capable of Producing Accurate Result.*   IRC server logging systems are automated processes that record messages verbatim with server-generated timestamps, IP addresses, and connection metadata. The logging systems on EFnet, Freenode, and Ubuntu channels satisfy Rule 901(b)(9)'s requirement of a "system or process capable of producing an accurate result." *See United States v. Lizarraga-Tirado*, 789 F.3d 1107, 1110 (9th Cir. 2015) (machine-generated records are self-authenticating when the machine's process is shown to produce accurate results).

   *FRE 902(13)–(14) — Certified Records Generated by Electronic Process.*   IRC server logs generated by automated processes satisfy FRE 902(13) and (14) as certified records generated by an electronic process shown to produce accurate results, when

---

[13] *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 538–47 (D. Md. 2007) (comprehensive analysis of authentication requirements for electronic evidence).

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1    accompanied by the certification of a qualified person.[14]

2        *Administrative Console Records.*    Console access logs and session records are

3    machine-generated records authenticable under FRE 901(b)(9) and self-authenticating

4    under FRE 902(11).  *See In re Vinhnee*, 336 B.R. 437, 444–49 (B.A.P. 9th Cir. 2005).

5        *AWS Infrastructure Records.*    AWS account records, CloudTrail audit logs, S3

6    access logs, and infrastructure configuration records are machine-generated records

7    authenticable under FRE 901(b)(9) and self-authenticating under FRE 902(11).  Account

8    suspension records (Events 0x3E1–0x3E6) are business records under FRE 803(6).

9    Amazon's $4B Anthropic investment documents are corporate records under FRE 902(11).

10       **B.    Chain of Custody**

11   Plaintiff establishes the following chain of custody for the IRC evidence and related ESI

12   at issue in this discovery request:[15]

13       *1. Original Creation & Contemporaneous Recording.*    IRC chat messages were

14   recorded contemporaneously by automated server logging systems at the moment of

15   transmission. Each message was automatically timestamped, attributed to a specific

16   username, and stored in plain-text log files on the IRC server infrastructure. These logs

17   were generated by EFnet, Freenode, Undernet, and related IRC networks from 1992

18   through 2009. Ubuntu-related channels had publicly documented logging policies.

19       *2. Custodial History — IRC Server Operators.*    IRC server logs were maintained

20   by network operators under established data retention policies. Upon information and

21   belief, Google Inc. acquired server log data from EFnet and Freenode network operators,

22   making Alphabet Inc./Google LLC a current custodian of this evidence. Microsoft

23   Corporation maintains Plaintiff's mayant@hotmail.com account containing Anthropic

24   billing backend console credentials (Event 0x431).

25       *3. Plaintiff's Personal Copies & Records.*    Plaintiff maintained personal copies of

26   IRC conversations through client-side logging (standard IRC client functionality that

---

27   [14]Fed. R. Evid.  902(13)–(14) (effective Dec. 1, 2017); Advisory Committee Notes ("The amendment addresses authentication of computer output and other digital data").

28   [15]*United States v. Linn*, 880 F.2d 209, 216 (9th Cir. 1989) ("The district court has broad discretion over the admission of evidence and can admit evidence if the chain of custody is sufficiently established."). Chain of custody for digital evidence requires showing the evidence is "authentic and has not been tampered with." *Lorraine*, 241 F.R.D. at 556.



1  records conversations locally). Plaintiff's personal knowledge of the content, timing,

2  participants, and context of IRC conversations provides independent verification of log

3  integrity.[16]

4      *4. Integrity of Machine-Generated Records.* IRC server logs are

5  machine-generated records not subject to human editorial discretion at the time of

6  creation. The automated nature of IRC logging systems provides inherent reliability

7  guarantees: messages are recorded verbatim, timestamps are server-generated, and

8  metadata (IP addresses, hostname masks, join/part events) is automatically captured.[17]

9      *5. AWS Infrastructure Records Chain of Custody.* AWS account records,

10  CloudTrail audit logs, S3 access logs, and account suspension records (Events

11  0x3E1–0x3E6) are in Amazon's exclusive custody under its standard data retention

12  policies. The account suspension destroyed Plaintiff's access to $50M+ in assets and

13  critical evidence stored on AWS infrastructure, constituting spoliation while the records

14  themselves remain in Amazon's exclusive custody. Amazon's $4B Anthropic investment

15  records are in Amazon corporate custody.

16  **C.  Evidentiary Foundation**

17  The following foundation elements establish the admissibility of IRC chat logs and related

18  ESI under the Federal Rules of Evidence:

19      *1. Best Evidence Rule — FRE 1001–1004.* IRC server logs are "writings" or

20  "recordings" under FRE 1001(a)–(b). Digital copies of electronically stored information

21  are treated as "originals" under FRE 1001(d) ("an 'original' of electronically stored

22  information means any printout—or other output readable by sight—if it accurately

23  reflects the information") and "duplicates" admissible under FRE 1003. Where original

24  server logs are in the custody of third parties (Alphabet Inc./Google LLC), secondary

25  evidence is admissible under FRE 1004(b) (original obtainable by judicial process).[18]

26      *2. Hearsay Exceptions.* IRC chat logs are admissible through multiple hearsay

---

27  [16] *See United States v. Safavian*, 435 F. Supp. 2d 36, 40 (D.D.C. 2006) (emails authenticated through testimony of participant combined with distinctive characteristics).

[17] *Lizarraga-Tirado*, 789 F.3d at 1110 (machine-generated information is "akin to a photograph" — it requires no foundation of human testimony because "machines do not 'assert' anything").

28  [18] *See Laughner v. State*, 769 N.E.2d 1147, 1159 (Ind. Ct. App. 2002) (electronic records admitted under best evidence rule); Advisory Committee Notes to FRE 1001(d) (2017 amendment).



Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

exceptions and exclusions:

    (a)  *FRE 801(d)(2)* — Statements by party-opponents: IRC messages sent by Defendants constitute admissions of a party-opponent, not hearsay;

    (b)  *FRE 803(1)* — Present sense impressions: IRC messages describing events as they occur;

    (c)  *FRE 803(3)* — Then-existing mental, emotional, or physical condition: IRC messages reflecting participants' state of mind, intent, or plan;

    (d)  *FRE 803(6)* — Records of regularly conducted activity: automated server logs maintained in the regular course of IRC network operations;

    (e)  *FRE 807* — Residual exception: IRC logs possess equivalent circumstantial guarantees of trustworthiness due to their machine-generated, contemporaneous nature.[19]

*3. Co-Conspirator Statements — FRE 801(d)(2)(E).* IRC messages between co-conspirators made "during and in furtherance of the conspiracy" are admissible as non-hearsay under FRE 801(d)(2)(E). The IRC network coordination (Events 0x36A, 0x36B) establishes the conspiracy, and messages exchanged among network participants in furtherance of the objectives of the conspiracy—including trade secret theft, retaliatory targeting, and coordinated deprivation of civil rights—are admissible against all co-conspirators.[20]

*4. Probative Value — FRE 403.* IRC chat logs are not excludable under FRE 403 because their probative value is not substantially outweighed by danger of unfair prejudice. The logs are contemporaneous, machine-generated records of the actual communications at the heart of this litigation.[21]

*5. Trade Secret & Spoliation Foundation.* The IRC logs establish trade secret misappropriation under 18 U.S.C. § 1836 through Amazon's $4B Anthropic investment profiting from stolen technology. The AWS account suspension (Events 0x3E1–0x3E6)

---

[19] *See Lorraine*, 241 F.R.D. at 561–77 (comprehensive analysis of hearsay exceptions applicable to electronic evidence).
[20] *Bourjaily v. United States*, 483 U.S. 171, 175 (1987) (court may consider the hearsay statements themselves in determining the existence of the conspiracy under FRE 801(d)(2)(E)); *United States v. Santiago*, 582 F.2d 1128, 1134 (7th Cir. 1978).
[21] *See United States v. Safavian*, 435 F. Supp. 2d at 40 (electronic communications admissible where probative value is high and prejudice is low).


Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

IRC DISCOVERY EXHIBIT | GODDARD v. AMAZON ET AL.

1    destroying Plaintiff's access to $50M+ in assets constitutes spoliation under *Zubulake V*,

2    229 F.R.D. at 430, warranting an adverse inference instruction. *See Silvestri*

3    *v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) (adverse inference appropriate

4    where party destroys evidence).

5    **D.    Governing Legal Authorities**

6    The following authorities govern the discovery, authentication, and admissibility of IRC

7    chat logs and electronic evidence in this action:

8    *ESI Discovery Framework:*

9        1.    *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212 (S.D.N.Y. 2003)

10            ("*Zubulake I*") — duty to preserve ESI when litigation is reasonably

11            anticipated;

12        2.    *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004)

13            ("*Zubulake V*") — sanctions for failure to preserve ESI, duty of counsel

14            to ensure preservation;

15        3.    Fed. R. Civ. P. 37(e) — sanctions for failure to preserve ESI;

16        4.    *Rimini Street, Inc. v. Oracle USA, Inc.*, 473 F. Supp. 3d 1158

17            (D. Nev. 2020) — computer forensic discovery obligations.

18    *Authentication of Electronic Evidence:*

19        1.    *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534 (D. Md. 2007) —

20            comprehensive framework for authenticating electronic evidence;

21        2.    *In re Vinhnee*, 336 B.R. 437 (B.A.P. 9th Cir. 2005) — eleven-step

22            foundation for computer-generated records;

23        3.    *United States v. Lizarraga-Tirado*, 789 F.3d 1107 (9th Cir. 2015) —

24            machine-generated records self-authenticating;

25        4.    *United States v. Browne*, 834 F.3d 403 (3d Cir. 2016) — authentication

26            of electronic communications through distinctive characteristics;

27        5.    *United States v. Safavian*, 435 F. Supp. 2d 36 (D.D.C. 2006) — emails

28            authenticated through participant testimony and distinctive

1    characteristics.

2    *Scope of Discovery:*

3        1.    *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978) — broad and

4           liberal construction of discovery rules;

5        2.    Fed. R. Civ. P. 26(b)(1) — proportional discovery of relevant,

6           non-privileged matter;

7        3.    Fed. R. Civ. P. 34 — production of documents and ESI;

8        4.    Fed. R. Civ. P. 37(a) — motion to compel discovery;

9        5.    Fed. R. Civ. P. 45 — subpoena to third-party custodians.

10    *RICO & Civil Rights Conspiracy:*

11        1.    18 U.S.C. §§ 1961–1968 — Racketeer Influenced and Corrupt

12           Organizations Act;

13        2.    42 U.S.C. § 1985 — Civil rights conspiracy;

14        3.    42 U.S.C. § 12101 *et seq.* — Americans with Disabilities Act;

15        4.    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) — conspiracy pleading

16           standard; IRC coordination establishes agreement element.

17    *Trade Secret & Computer Fraud:*

18        1.    18 U.S.C. § 1836 — Defend Trade Secrets Act;

19        2.    18 U.S.C. § 1030 — Computer Fraud and Abuse Act;

20        3.    *Van Buren v. United States*, 593 U.S. 374 (2021) — CFAA "exceeds

21           authorized access" standard;

22        4.    Cal. Civ. Code §§ 3426–3426.11 — California Uniform Trade Secrets Act

23           (CUTSA).

24    *Spoliation:*

25        1.    *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583 (4th Cir. 2001) — adverse

26           inference for evidence destruction;

27        2.    Fed. R. Civ. P. 37(e)(2) — permissive adverse inference for intentional

28           ESI destruction.

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1      **E.  Relevance**

2  The requested discovery is directly relevant to Plaintiff's claims of: (a) trade secret theft

3  (unauthorized console access and AI exfiltration — 18 U.S.C. § 1836); (b) RICO

4  conspiracy (IRC coordination among co-conspirators — 18 U.S.C. § 1962); (c) computer

5  fraud (unauthorized access to protected systems — 18 U.S.C. § 1030); (d) civil rights

6  conspiracy (coordinated deprivation of rights based on religion — 42 U.S.C. § 1985);

7  (e) spoliation of evidence (AWS account suspension destroying $50M+ in assets and

8  critical evidence); (f) unjust enrichment (Amazon's $4B Anthropic investment directly

9  profits from plaintiff's stolen technology).

10      **F.  Witnesses**

11  Holger-Thorsten Schubart (CEO, Neutrino Energy Group, Berlin — direct IRC

12  observation); Steve Barha (IRC participant, witness to antisemitic harassment); Rob

13  Chartier (co-witness, company acquired by Microsoft/Verizon/Sprint); Gregory Mabrito

14  (Slickdeals witness to cross-enterprise coordination); undisclosed witness (full involvement

15  knowledge of bot network operations, name withheld for safety).

16      **G.  Linked Events**

17  0x7A7, 0x3D9, 0x36A, 0x36B, 0x487, 0x3E1–0x3E6, 0x483, 0x3FA.

18

19

20

21

22

23

24

25

26

27

28

## IX.   CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2026, I caused a true and correct copy of the foregoing MOTION FOR DISCOVERY & PRESERVATION ORDER; NOTICE OF FILING IRC DISCOVERY EXHIBIT, including the Declaration of Thomas Joseph Goddard & (**Exhibit IRC-1**, pp. 32–45), to be served on all parties as follows:

**For Defendant AMAZON.COM, INC., ET AL.:**

☒ U.S. Mail, first class, postage prepaid
☒ Personal delivery
☒ Overnight courier
☒ Email to Registered Agent

Amazon.com, Inc.
c/o Corporation Service Company
300 Deschutes Way SW, Suite 208
Tumwater, WA 98501

*and*

Amazon.com, Inc.
Attn: Legal Department
410 Terry Avenue North
Seattle, WA 98109

**For Defendants DOES 1-50:**

To be served when true names and addresses are ascertained through discovery.

Dated: February 18, 2026

By:__/s/Thomas Joseph Goddard_____
THOMAS JOSEPH GODDARD
Plaintiff, Pro Se

## X.  PROOF OF SERVICE

### STATE OF CALIFORNIA

### COUNTY OF CONTRA COSTA

I, Thomas Joseph Goddard, declare:

I am over the age of 18 years and not a party to this action. My business address is Walnut Creek, California 94596.

On February 18, 2026, I served the foregoing MOTION FOR DISCOVERY & PRESERVATION ORDER; NOTICE OF FILING IRC DISCOVERY EXHIBIT, including the Declaration of Thomas Joseph Goddard & (**Exhibit IRC-1**, pp. 32–45), on all parties by the following means:

(a)    **BY ELECTRONIC FILING:** By causing the document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered counsel of record.

(b)    **BY U.S. MAIL:** By placing true and correct copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States mail at Walnut Creek, California, addressed to:

Amazon.com, Inc.
c/o Corporation Service Company
300 Deschutes Way SW, Suite 208
Tumwater, WA 98501

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Dated: February 18, 2026

By: /s/Thomas Joseph Goddard
THOMAS JOSEPH GODDARD
Plaintiff, Pro Se

*Wet signature on file with the Clerk of Court and notarized declaration from the docket in*

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1  *Case No. 3:25-cv-06187-JSC*

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1                          **TABLE OF CONTENTS**

2   I.      MEMORANDUM OF POINTS & AUTHORITIES                    4

3           A.      Introduction                                  4

4           B.      Legal Standard                                4

5           C.      The Requested Discovery Is Relevant & Proportional   4

6           D.      Good Cause Exists for a Preservation Order    5

7           E.      Preservation Is Required                      5

8           F.      Conclusion                                    5

9   II.     DECLARATION OF THOMAS JOSEPH GODDARD IN SUPPORT OF

10          IRC DISCOVERY EXHIBIT                                 6

11  III.    INDEX OF INCORPORATION BY REFERENCE                   8

12          A.      Legal Authority for Incorporation             8

13          B.      Incorporated Federal Proceedings              9

14          C.      Documents from Ninth Circuit Appeals          19

15          D.      Incorporated State Court Proceedings          20

16          E.      Administrative Proceedings                    23

17          F.      Medical Documentation                         24

18          G.      Witness Declarations                          24

19          H.      Statistical & Pattern Evidence                25

20          I.      Discrimination Event Database                 25

21          J.      Criminal Proceedings                          26

22          K.      Financial Institution Evidence                27

23          L.      Incorporated Judicial Decisions               27

24          M.      Cross-Institutional Coordination Evidence     29

25          N.      Effect of Incorporation                       30

26  IV.     INDEX OF EXHIBITS                                     31

27  V.      BACKGROUND & BASIS FOR DISCOVERY                      33

28          A.      Plaintiff's Original IRC Bot Development (Age 13–14)   33

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1    B.        AWS Account Suspension & Amazon-Anthropic Partnership        34

2    C.        "Concentration Campins" — Death Threats & Network Coordination        35

3    D.        IRC Coordination Among All Defendants        35

4  VI.    SPECIFIC DISCOVERY REQUESTS        36

5    A.        Request No. 1: IRC Chat Logs (All Networks & Channels)        36

6    B.        Request No. 2: AWS Account Suspension Records        36

7    C.        Request No. 3: Anthropic Partnership Agreements        37

8    D.        Request No. 4: Internal Communications About Plaintiff        37

9    E.        Request No. 5: AWS Infrastructure Records        38

10  VII.   PRESERVATION DEMAND        38

11    A.        Defendant Preservation Targets        38

12    B.        Non-Party Preservation Targets        38

13  VIII.  AUTHENTICATION & LEGAL AUTHORITY        39

14    A.        Authentication of Electronic Evidence        39

15    B.        Chain of Custody        40

16    C.        Evidentiary Foundation        41

17    D.        Governing Legal Authorities        43

18    E.        Relevance        45

19    F.        Witnesses        45

20    G.        Linked Events        45

21  IX.    CERTIFICATE OF SERVICE        46

22  X.     PROOF OF SERVICE        47

23  TABLE OF AUTHORITIES        51

24  LOCAL RULES COMPLIANCE CERTIFICATIONS        52

25

26

27

28

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1

**TABLE OF AUTHORITIES**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**LOCAL RULES COMPLIANCE CERTIFICATIONS**

2

Plaintiff submits the following certifications pursuant to the Civil Local Rules of the

3

United States District Court for the Northern District of California:

4

5

**ADR Certification (Civil L.R. 3-2(c))**

6

Plaintiff certifies that, in compliance with Civil L.R. 3-2(c), Plaintiff has reviewed

7

the Court's Alternative Dispute Resolution (ADR) Local Rules and the ADR information

8

available on the Court's website. Plaintiff is aware of the ADR options available in this

9

District, including:[22]

10      (a)  **Mediation**: A confidential process in which a neutral mediator assists

11            the parties in reaching a mutually acceptable resolution;

12      (b)  **Early Neutral Evaluation (ENE)**: A confidential process in which a

13            neutral evaluator provides an early assessment of the case's strengths

14            and weaknesses;

15      (c)  **Non-Binding Arbitration**: A process in which an arbitrator renders

16            an advisory decision after an informal hearing;

17      (d)  **Settlement Conference**: A conference before a magistrate judge or

18            settlement judge to explore resolution.

19

Plaintiff is prepared to participate in good faith in any ADR process ordered by

20

the Court and believes that ADR may be appropriate in this matter following initial

21

discovery to establish the documentary record.

22

23

**Consent to Electronic Service (Civil L.R. 5-1(c)(1))**

24

Pursuant to Civil L.R. 5-1(c)(1) and Federal Rule of Civil Procedure 5(b)(2)(E),

25

Plaintiff consents to electronic service of all papers and documents in this matter at the

26

following email address:[23]

27

28

---

[22] The Northern District of California offers multiple ADR processes designed to facilitate early and efficient resolution of civil disputes. *See* Civil L.R. 3-2 et seq.; General Order 56; ADR Local Rules 1-1 through 7-15.

[23] Electronic service through the Court's CM/ECF system is the preferred method of service in the Northern District of California for represented parties. Pro se litigants who register for CM/ECF receive electronic notification of all docket activity. *See* Civil L.R. 5-1; ECF Administrative Procedures.

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

IRC DISCOVERY EXHIBIT | GODDARD v. AMAZON ET AL.

**thomas@lawz.app**

Plaintiff agrees to:

    (a)    Accept service of all documents through the Court's CM/ECF system;

    (b)    Maintain a valid email address for receipt of electronic notices;

    (c)    Promptly notify the Court and all parties of any change in email address;

    (d)    Check email regularly for Court filings and notices.

**ADA Accommodations Notice (Civil L.R. 1-14; General Order 56)**

Plaintiff has documented disabilities as defined under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and may require reasonable accommodations during Court proceedings.[24] Plaintiff has requested, or may request, the following accommodations:

    (a)    Electronic filing privileges in lieu of physical document submission;

    (b)    Extended deadlines when medical circumstances require;

    (c)    Remote appearance capability for hearings when health permits;

    (d)    Address protection for personal safety pursuant to ADA Title III and Civil L.R. 1-14.

Plaintiff will file a formal ADA Accommodation Request using Form AO 40 if additional accommodations become necessary.

**Pro Se Certification (Civil L.R. 11-4)**

Plaintiff certifies pursuant to Civil L.R. 11-4 that:[25]

    (a)    Plaintiff is proceeding without counsel (pro se / in propria persona);

    (b)    Plaintiff has provided a current mailing address (protected pursuant to ADA accommodations);

    (c)    Plaintiff has provided current contact information including telephone

---

[24] General Order 56 establishes procedures for requesting ADA accommodations in the Northern District of California. Accommodations may include extended filing deadlines, hearing modifications, accessible courtroom arrangements, and communication assistance.

[25] Civil L.R. 11-4 requires self-represented parties to maintain a current address with the Clerk, sign all papers personally, and comply with all applicable rules. Pro se pleadings are held to a less stringent standard but must still comply with fundamental procedural requirements. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).



Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

number and email address;

(d)     Plaintiff will personally sign all papers filed with the Court;

(e)     Plaintiff will comply with all Federal Rules of Civil Procedure and Local Rules;

(f)     Plaintiff understands the obligation to keep the Court and opposing parties informed of any address changes.

**Certification of Related Cases (Civil L.R. 3-12)**

Pursuant to Civil L.R. 3-12, Plaintiff identifies the following related cases pending in this District that involve substantially similar parties, claims, or subject matter:[26]

(a)     *Goddard v. NoMa et al.*, Case No. 3:25-cv-05882-EMC (housing discrimination);

(b)     *Goddard v. Bank of America et al.*, Case No. 3:25-cv-06187-JSC (employment discrimination—claims severed per Dkt. 32);

(c)     *Goddard v. Anthropic PBC*, Case No. 4:26-cv-00005 (trade secret theft, ADA violations);

(d)     *Goddard v. JPMorgan Chase Bank N.A.*, Case No. 4:26-cv-00037 (vehicle repossession, ADA violations).

All cases arise from a common pattern of coordinated discrimination and involve overlapping factual allegations regarding Plaintiff's protected status and the statistical evidence of targeting.

Dated: February 18, 2026

By:  /s/Thomas Joseph Goddard
THOMAS JOSEPH GODDARD
Plaintiff, Pro Se

---

[26]Civil L.R. 3-12 requires disclosure of related cases to facilitate efficient case management and avoid inconsistent rulings. Related cases may be assigned to the same judge pursuant to Civil L.R. 3-12(b).



Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.