1  THOMAS J. GODDARD
2  thomas@lawz.app
   1910 N. Main St., Suite 627
3  Walnut Creek, CA 94596
   Telephone: (415) 985-5539
4  Plaintiff, pro se
   Pepperdine University
5  Administrative Law & Litigation + International Law
6
7
8
9              UNITED STATES DISTRICT COURT
10            NORTHERN DISTRICT OF CALIFORNIA
11
12
13  THOMAS JOSEPH GODDARD,          | Case Nos.:
14         Plaintiff,               | 3:25-cv-06187-JSC
                                    | 3:26-cv-01039-AGT
15         v.                       | 4:26-cv-01046-JST
                                    | 3:26-cv-01042-PHK
16  ALL DEFENDANTS IN               | 3:26-cv-01041-AGT
    COORDINATED FEDERAL CIVIL       | 3:26-cv-01043-AMO
17  RIGHTS ACTIONS,                 | 4:26-cv-01044-YGR
                                    | 2:25-cv-03883-EP-MAH
18         Defendants.              | 3:26-cv-01238-SK
                                    | 3:26-cv-01040-AGT
19                                  | 3:26-cv-01289-VC
20
                                    | **MOTION FOR DISCOVERY**
21                                  | **& PRESERVATION ORDER;**
                                    | **NOTICE OF FILING IRC**
22                                  | **DISCOVERY EXHIBIT**
                                    | **(MASTER — ALL CASES)**
23
24  _____| (1 Exhibit)
25
26
27
28

# MOTION FOR DISCOVERY & PRESERVATION ORDER; NOTICE OF FILING IRC DISCOVERY EXHIBIT (MASTER — COORDINATED FEDERAL CIVIL RIGHTS ACTIONS)

TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff Thomas Joseph Goddard, proceeding pro se, respectfully moves this Court pursuant to Federal Rules of Civil Procedure 26(b)(1), 34, & 37(a) for an order:

(1) compelling Defendants to produce all IRC chat logs, proxy bot network records, & related electronically stored information as described in (**Exhibit IRC-1**, pp. 33–52);

(2) ordering the immediate preservation of all ESI identified in the attached Request for Discovery & Preservation; &

(3) authorizing issuance of Rule 45 subpoenas to non-party custodians of IRC server data, including Alphabet Inc./Google LLC.[1]

PLEASE TAKE NOTICE that Plaintiff Thomas Joseph Goddard hereby files the following (**Exhibit IRC-1**, pp. 33–52) in support of discovery requests and evidence preservation in all above-captioned coordinated federal civil rights actions. This exhibit is authenticated by the Declaration of Thomas Joseph Goddard, filed concurrently herewith.[2]

The exhibit consists of a comprehensive Request for Discovery and Preservation of IRC (Internet Relay Chat) chat logs, proxy bot network records, administrative console

---

[1] This Motion is made pursuant to Fed. R. Civ. P. 26(b)(1) (scope of discovery), Rule 34 (production of documents), & Rule 37(a) (motion to compel). *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) ("[T]he discovery rules are to be accorded a broad & liberal treatment").

[2] This exhibit is filed pursuant to Federal Rule of Civil Procedure 26(b)(1) (scope of discovery) and Rule 34 (production of documents). The exhibit constitutes both a discovery request and a preservation demand for electronically stored information ("ESI") critical to Plaintiff's claims across all coordinated actions.



Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

access logs, cross-enterprise coordination records, and all related communications. This evidence is directly material to Plaintiff's claims across all coordinated actions, establishing that ALL defendants are connected through a single IRC network conspiracy involving trade secret theft, computer fraud, civil rights conspiracy, RICO violations, SOX whistleblower retaliation, forced marriage, trust seizure, and coordinated targeting of Plaintiff arising from Defendants' unauthorized access to Plaintiff's proprietary organic intelligence system on IRC networks from 1992 through 2026.[3]

Dated: February 18, 2026

By: /s/Thomas Joseph Goddard
THOMAS JOSEPH GODDARD
Plaintiff, Pro Se



Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

---

[3] *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212 (S.D.N.Y. 2003) (duty to preserve ESI arises when litigation is reasonably anticipated). All parties and identified non-parties are hereby on notice of their preservation obligations under Fed. R. Civ. P. 37(e).

## I. MEMORANDUM OF POINTS & AUTHORITIES

### A. Introduction

Plaintiff Thomas Joseph Goddard ("Plaintiff"), proceeding pro se, respectfully submits this memorandum in support of his Motion for Discovery & Preservation Order. This motion seeks production and preservation of IRC (Internet Relay Chat) chat logs, proxy bot network records, and related electronically stored information ("ESI") that constitute the core evidence in this action.

### B. Legal Standard

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Courts construe the scope of discovery broadly. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). A motion to compel under Rule 37(a) is proper when a party fails to respond to discovery requests or provides evasive or incomplete responses.

For ESI discovery, the requesting party must show that the information is "relevant to any party's claim or defense" and that the discovery is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

### C. The Requested Discovery Is Relevant & Proportional

This master coordinated discovery motion seeks IRC chat logs, proxy bot network records, and cross-enterprise coordination evidence spanning all coordinated federal civil rights actions. The IRC network from 1992 through 2009 constitutes the nexus connecting ALL defendants through a single conspiracy involving trade secret theft (18 U.S.C. § 1836), computer fraud (18 U.S.C. § 1030), RICO violations (18 U.S.C. § 1962), civil rights conspiracy (42 U.S.C. § 1985), SOX whistleblower retaliation (18 U.S.C. § 1514A), forced marriage, trust seizure, and coordinated targeting of Plaintiff. The amount in controversy

1    exceeds $217 billion across all Defendants' enterprises. Coordinated discovery is

2    proportional and efficient given the shared factual basis across all actions.

3    **D.   Good Cause Exists for a Preservation Order**

4    Multiple defendants have already engaged in spoliation: Amazon suspended Plaintiff's

5    AWS account (Events 0x3E1–0x3E6) destroying access to $50M+ in assets; Verizon

6    selectively deleted Shabnam Amiri's call records (Event 0x44C); Warby Parker deleted

7    Plaintiff's medical records; and Microsoft denied access to the mayant@hotmail.com

8    account (Event 0x431). This demonstrated pattern of evidence destruction across

9    multiple defendants necessitates a comprehensive, court-ordered preservation mandate.

10   The cross-enterprise nature of the conspiracy—spanning technology companies, financial

11   institutions, telecommunications carriers, medical institutions, and trust

12   administrators—means that evidence held by one defendant corroborates claims against

13   all others.

14   **E.   Preservation Is Required**

15   A party's duty to preserve ESI arises "when the party has notice that the evidence is

16   relevant to litigation or when a party should have known that the evidence may be

17   relevant to future litigation." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216

18   (S.D.N.Y. 2003). Given the nature of the claims—spanning events from 1992 through

19   2026—and the demonstrated risk of spoliation, a court-ordered preservation mandate is

20   necessary to prevent further destruction of critical evidence.

21   **F.   Conclusion**

22   For the foregoing reasons, Plaintiff respectfully requests that this Court grant the Motion

23   for Discovery & Preservation Order, compelling production of the requested ESI and

24   ordering immediate preservation of all identified records.

25

26

27

28

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1   Dated: February 18, 2026

2                            By: /s/Thomas Joseph Goddard

3                           THOMAS JOSEPH GODDARD
                                  Plaintiff, Pro Se

## II.  DECLARATION OF THOMAS JOSEPH GODDARD IN SUPPORT OF IRC DISCOVERY EXHIBIT (MASTER — ALL COORDINATED ACTIONS)

I, Thomas Joseph Goddard, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Plaintiff in each of the above-captioned coordinated federal civil rights actions. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently thereto.

2. I am an individual with multiple documented disabilities as defined under the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213. I am Jewish and the grandson of Holocaust survivors.

3. Beginning at age 13, I used IRC (Internet Relay Chat) at my home in Durango, Colorado. I discovered that many IRC "users" were automated AI chat bots. I subsequently developed a pre-Anthropic bot implementation that overthrew the existing chatbot infrastructure and created a proxy bot network capable of username masking, message translation, and intelligence gathering against neo-nazi networks.

4. From 2005 to 2009, Defendant Dario Amodei, along with co-Defendants Sam Altman, Elon Musk, and Reid Hoffman, had unauthorized access to my proprietary organic intelligence system through IRC console access (Events 0x36A, 0x36B). Amodei exploited IRC interactions to regain unauthorized access to the Anthropic Frontend Administrative Console in 2009 (Event 0x487), which he had originally obtained through a 2005 hostile takeover.

5. In 2009, Altman and Amodei explicitly acknowledged that I had completed artificial general intelligence (AGI) on IRC (Event 0x3FA). This technology was subsequently commercialized without authorization as OpenAI's GPT architecture (founded December 2015, Event 0x3CE) and Anthropic's Claude systems (founded 2021).

6. From 2003 to 2009, Ken Leung (CTO, Slickdeals) engaged in cross-enterprise IRC coordination (Event 0x483) with Mike Lively and Jack Ma (Event 0x484). Leung's

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

discriminatory animus documented on IRC motivated the retaliatory termination underlying the SOX whistleblower claim.

7. The Iranian Republican Guard Network (Event 0x3FF) connected IRC participants to a forced marriage scheme involving Mandana Mir Arjmand (Events 0x37D, 0x37E) and the seizure of the Goddard Trust. Bob Lee (Event 0x400) had direct knowledge of this coordination.

8. ALL defendants across all coordinated actions are connected through the single IRC network conspiracy described herein. IRC chat logs, proxy bot network records, administrative console access logs, and cross-enterprise coordination records constitute critical evidence spanning all claims.

9. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Dated: February 18, 2026

By: __/s/Thomas Joseph Goddard_____
THOMAS JOSEPH GODDARD
Plaintiff, Pro Se



Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

## III.  INDEX OF INCORPORATION BY REFERENCE

Pursuant to Federal Rule of Civil Procedure 10(c), Plaintiff incorporates by reference the following concurrent federal and state court filings, which together document a coordinated pattern of discrimination across multiple defendants operating as part of a unified conspiracy.[4]

### A.  Legal Authority for Incorporation

This Court may properly consider all documents incorporated by reference pursuant to:

**Federal Authority:**

– Federal Rule of Civil Procedure 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion")

– Federal Rule of Evidence 106 (Rule of Completeness)—supports admission of the complete 665-event discrimination database when any portion is introduced. *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996).

– Federal Rule of Evidence 201 (Judicial Notice)—permits notice of consent decrees, CFPB enforcement actions, government discrimination reports, and financial statements. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

– Federal Rule of Evidence 404(b)(2) (Other Acts)—665 events spanning 93.10 years admissible to prove discriminatory intent. *Hunter v. Underwood*, 471 U.S. 222, 229 (1985); *United States v. Peden*, 961 F.2d 517, 521 (5th Cir. 1992).

– *Parrish v. Latham & Watkins*, 238 F.R.D. 644, 649 (C.D. Cal. 2006)

– *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999)

---

[4]This section is placed before the factual allegations so that all exhibits and incorporated documents are formally part of the pleading *before* the Court encounters citations to them in the factual narrative. Fed. R. Civ. P. 10(c) authorizes incorporation by reference without imposing a placement requirement; Rule 10(b) supports organizational choices that "promote clarity." *See* 5A Wright & Miller, *Federal Practice and Procedure* § 1326 (4th ed.); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (incorporation by reference "treats certain documents as though they are part of the complaint itself"); *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (condemning "shotgun pleadings"). Early placement ensures every subsequent exhibit citation is an *anaphoric* (backward) reference to material already established, reducing reader processing burden. *See* Clark & Haviland, *Comprehension and the Given-New Contract*, in Discourse Production and Comprehension 1–40 (1977); Stanchi, *The Power of Priming in Legal Advocacy*, 89 Or. L. Rev. 305, 312–17 (2010). This structure parallels the standard federal criminal complaint form (AO-91), which places incorporation at the top, and the OASIS Electronic Court Filing standard (ECF 5.0), which mandates that referenced materials precede the document body. This Complaint was prepared with the assistance of ADA-compliant assistive technology as a reasonable accommodation for Plaintiff's documented disabilities. 42 U.S.C. § 12132; 28 C.F.R. § 35.130(b)(7); *see* WCAG 2.1 § 1.3.2 ("Meaningful Sequence"). Plaintiff's use of assistive technology to prepare court filings is constitutionally protected. *Tennessee v. Lane*, 541 U.S. 509, 533–34 (2004); *Barden v. City of Sacramento*, 292 F.3d 1073, 1076 (9th Cir. 2002).

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1    **Ninth Circuit Authority:**

2    – Ninth Circuit Rule 30-1.6

3    – *Bias v. Moynihan*, 508 F.3d 1212, 1224-25 (9th Cir. 2007)

4    – *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)

5    **B.   Incorporated Federal Proceedings**

6    The following federal proceedings—including all complaints, amended complaints,

7    motions, declarations, exhibits, orders, docket entries, statistical analyses, and evidence

8    filed therein—are incorporated by reference in their entirety pursuant to

9    Fed. R. Civ. P. 10(c). All allegations, claims, and evidence from these proceedings are

10   adopted as if fully set forth herein.

11       (a)    **N.D. Cal. Case No. 3:25-cv-05882-EMC**

12              *Goddard v. 1910 N. Main Street Apartments Capital, LLC, et al.*

13              Complete docket history (Dockets 1-36) including:

14                   – Original Complaint (Dkt. 1)

15                   – Medical documentation and exhibits (Dkt. 10-1)

16                   – Order Granting in Part Motion for TRO (Dkt. 21)

17                   – Order Denying Motion for Preliminary Injunction (Dkt. 29)

18                   – First Amended Complaint (Dkt. 35)

19       (b)    **N.D. Cal. Case No. 3:25-cv-06187-JSC**

20              *Goddard v. Apple Inc.* (Judge Jacqueline Scott Corley)—73 docket

21              entries (Dkts. 1–73).

22                   – Technology industry discrimination; October 24, 2023

23                     employment rescission 17 days post-October 7 (Event 0x02B);

24                     ADA violations; coordinated service denial

25                   – Operative complaint: Second Amended Complaint (Dkt. 42, 2,138

26                     pages, Oct. 22, 2025); Motion for Leave to File TAC (Dkt. 64)

27                     pending

28                   – Key orders: IFP and ADA accommodations granted (Dkt. 6);

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1  Slickdeals claims severed (Dkt. 32); Apple's first MTD dismissed;

2  all three pending motions **taken under submission** after

3  February 5, 2026 hearing (Dkt. 73)

4  – CRD Right to Sue (Dkt. 58)—FEHA exhaustion; filing deadline

5  November 28, 2026

6  – Key exhibits: Medical documentation (**Exhibit D**); lab results

7  (**Exhibit T**); conspiracy documentation (**Exhibit QQ**); data

8  harvesting (**Exhibit RR**); Rockwell IRC (**Exhibit O**); Amiri

9  messages (**Exhibit AMIRI**), (**Exhibit BB**); timeline

10  (**Exhibit E**); retaliation timeline (**Exhibit NN**); coordination

11  evidence (**Exhibit EE**); domain valuation (**Exhibit WW**);

12  Pasamba declaration (**Exhibit LL**); Cuervo letters (**Exhibit S**);

13  UCSF records (**Exhibit U**); ADA order (**Exhibit PP**); Exhibit

14  XXXXXX (statistical analysis); video evidence of discriminatory

15  statements (Dkt. 43); Exhibits AAA–DDD (multi-vector technical

16  attack, bundle identifier theft, code signing impossibility)

17  – CMC set February 25, 2026 at 2:00 PM via Zoom

18  (c) **N.D. Cal. Case No. 3:25-cv-02910-CRB**

19  *Goddard v. Contra Costa County, et al.* (Judge Charles R. Breyer)—46

20  docket entries (Dkts. 1–46).

21  – Civil rights violations, Younger Abstention (Dkt. 13), mass

22  judicial recusal of all 39 Contra Costa County judges

23  – Operative complaint: First Amended Complaint (Dkt. 36, 551

24  pages)—defendants include Diana Becton, Julia Campins,

25  Benjamin T. Reyes II, UCSF Medical Center

26  – Key orders: IFP granted; Younger Abstention applied; damages

27  stayed; Ninth Circuit affirmed (Dkt. 43, Dec. 22, 2025); mandate

28  issued (Dkt. 44, Jan. 14, 2026)

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

IRC DISCOVERY EXHIBIT | GODDARD v. DEFENDANTS (COORDINATED)

1        &ndash; Emergency Petition for Writ of Mandamus (Dkt. 45, 702 pages,

2           Jan. 28, 2026)—denied same day (Dkt. 46)

3        &ndash; Key exhibits: Medical declarations (**Exhibit S**); emergency visits

4           (**Exhibit D**); Amiri evidence (**Exhibit BB**), (**Exhibit AMIRI**)

5        &ndash; HUD Investigation No. 821679; related appeals: No. 25-2205

6           (affirmed), No. 25-6741 (dismissed)

7   (d)    **D.N.J. Case No. 2:25-cv-03883-EP-MAH**

8         *Goddard v. InterServer*

9        &ndash; Second Amended Complaint for defamation, copyright

10          infringement, and civil rights violations

11       &ndash; Copyright registration obtained per *Fourth Estate* requirement

12       &ndash; Evidence of coordinated defamation campaign ($14.5 million

13          valuation)

14       &ndash; DMCA Section 512 safe harbor analysis and forfeiture through

15          bad faith

16       &ndash; New Jersey LAD claims (N.J.S.A. 10:5-1 et seq.)

17       &ndash; Pattern of cross-platform coordination

18       &ndash; Case value: $38,939,609 compensatory + $116,818,827 punitive =

19          $155,758,436+

20  (e)    **N.D. Cal. Case No. 3:26-cv-01238-SK**

21        *Goddard v. Verizon Communications Inc., et al.* (Judge Sallie

22        Kim)—Filed Feb. 10, 2026. Date of last filing: Feb. 10, 2026.

23        Telecommunications Discrimination, ADA Violations, Service

24        Manipulation.

25       &ndash; First Amended Complaint documenting systematic offshore

26          routing—100% international routing pattern

27       &ndash; FCC accessibility violations under 47 U.S.C. § 255 and 47

28          C.F.R. § 64.601

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1    – ADA Title III violations—deliberate service degradation targeting

2    disabled user

3    – Wiretapping and privacy violations under 18 U.S.C. § 2511 and

4    California Penal Code § 631

5    – Call routing manipulation as interception of communications

6    through hostile jurisdictions

7    – Chronological timeline of discrimination events (**Exhibit E**)

8    – Cross-references: Events documenting telecommunications

9    discrimination cluster

10   (f)   **E.D. Mich. – Goddard v. Goddard Trust**

11   *Inheritance Theft, Breach of Fiduciary Duty, Fraud, Conversion, Civil*

12   *Conspiracy*

13   – Complaint documenting Douglas Donald Goddard Jr. breach of

14   fiduciary duty

15   – Robert Charles Goddard coordination with General

16   Dynamics/GDLS

17   – Elon Musk involvement through General Dynamics/SpaceX

18   coordination

19   – IRC communications documenting family coordination with tech

20   defendants

21   – Anthropic model theft connection to inheritance theft pattern

22   – 15+ exhibits (A–O) documenting trust fraud and coordination

23   (g)   **N.D. Cal. Case No. 3:26-cv-01239-SK**

24   *Goddard v. Campins, et al.*—Civil Rights Violations Under Color of Law

25   – 42 U.S.C. §§ 1983, 1985(3); 18 U.S.C. §§ 241, 242

26   – Complaint for civil rights violations filed February 7, 2026

27   – Defendants: Hon. Julia Campins (Contra Costa Superior Court,

28   Dept. 10), Mandana Mir Arjmand, Does 1–50

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1       – IRC network conspiracy documentation (2005–2009)—Defendant
2          Campins's participation in channels containing Nazi ideology
3          statements, concentration camp references, and antisemitic
4          targeting
5        – Mandatory disqualification under Cal. Code Civ.
6          Proc. § 170.1—prior social relationship with
7          complainant/defendant through IRC network
8        – Weaponized competency evaluations under Penal Code
9          § 1369(a)—ordered without meeting *People v. Pennington*, 66
10       Cal.2d 508 (1967) substantial evidence standard
11       – Brady violations by Deputy DA Danielle Brown—failure to
12         disclose IRC evidence and exculpatory material
13       – Faretta rights violations—denial of self-representation rights
14         documented in Ninth Circuit emergency petition (25-6676,
15         Dkt. 29, 702 pages, Jan. 28, 2026)
16       – September 18, 2025 vehicular surveillance by Defendant Arjmand
17         (Event 0x35A)—black SUV, California plate 8GYF119
18       – January 8, 2026 courthouse events (Events 0x35F–0x366):
19         scheduling conflict, ADA accommodation denial, false accusation,
20         counsel waiver against client demands, weaponized competency
21         evaluation, bailiff intimidation, post-hearing stalking
22       – January 9, 2026 medical emergency (Event 0x368)—suspected
23         drugging following courthouse events
24       – Mass recusal of all 39 Contra Costa County judges (August 4,
25         2025, Event 0x0DD)—1,165,927 county residents left without
26         functioning judicial system
27       – Judicial immunity exception: *Forrester v. White*, 484 U.S. 219;
28         *Dennis v. Sparks*, 449 U.S. 24

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

IRC DISCOVERY EXHIBIT | GODDARD v. DEFENDANTS (COORDINATED)

    – Cross-references:

        *People v. Goddard*, Case No. 01-24-03484 (Contra Costa Super.

        Ct., Dept. 10); *Amiri v. Goddard*, No. D24-03337 (dismissed Feb.

        3, 2025);

        *Goddard v. County of Contra Costa*, No. 3:25-cv-02910-CRB

        (Dkt. 36, 551 pages;

        Dkt. 45, 702-page mandamus petition)

    – Events 0x35F–0x368, 0x3FF–0x400

(h) **N.D. Cal. – Goddard v. Zuckerberg San Francisco General Hospital, et al.**

*Psychiatrification*—FAC filed Jan. 30, 2026. Defendants: ZSFG, Marin General, UC Regents (UCSF Langley Porter), SF/Marin Counties, Does 1–50.

    – Involuntary psychiatric holds: Jan. 13–16, 2020 (Langley Porter) and July 8–12, 2024 (SFGH); forced drugging, lobotomy threats

    – 42 U.S.C. §§ 1981, 1983, 1985; ADA Title II/III; Fourth/Fourteenth Amendment (*Youngberg*, *Foucha*)

    – Cross-references: 4:26-cv-01044-YGR; Executive Order 14188

(i) **N.D. Cal. Case No. 3:26-cv-01039-AGT**

*Goddard v. Slickdeals, LLC*—FAC (Dkt. 1, 299 pages, Feb. 2, 2026), severed from 3:25-cv-06187-JSC. CMC May 8, 2026.

    – Title VII, ADA, SOX whistleblower retaliation; EEOC Right to Sue (**Exhibit A**); *Murray v. UBS*, 601 U.S. ____ (2024)

    – Witness declarations: Mabrito (**Exhibit W**), Temple (**Exhibit U**), Pasamba (**Exhibit LL**); audio transcript (**Exhibit B**)

    – Ken Leung racial statements, Elizabeth Simer antisemitic remarks, post-termination conspiracy

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1   – Meta whistleblower Purkayastha ATT circumvention validation;

2   Amazon–Slickdeals $20–50M partnership

3   – Events 0x115–0x149 (employment cluster); Event 0x100 (July 15,

4   2024 termination)

5   (j)   **N.D. Cal. Case No. 3:26-cv-01040-AGT**

6   *Goddard v. Amazon.com, Inc.*—Complaint filed Feb. 2, 2026.

7   – Consumer discrimination, algorithmic targeting, AWS account

8   suspension ($50M+ assets seized over $73 disputed charge)

9   – 100% international routing pattern (31 shipments vs. 0% control);

10   disparate treatment under 42 U.S.C. § 1981

11   – CCPA, FTC Act, RICO claims; Amazon $8B Anthropic

12   investment; Amazon–Slickdeals $20–50M partnership

13   – Events 0x019, 0x034, 0x3E1–0x3E6, 0x425, 0x41B, 0x443

14   (k)   **N.D. Cal. Case No. 3:26-cv-01041-AGT**

15   *Goddard v. Warby Parker, Inc., et al.*—FAC (Dkt. 1, 21 pages, Feb. 2,

16   2026). CMC May 8, 2026.

17   – ADA Title III violations; disability discrimination during Jan. 12,

18   2025 eye exam (Event 0x322)

19   – Accommodation denial; attempted overcharge; October 2025

20   medical records deletion

21   – Exhibits A–K; Events 0x115–0x149

22   (l)   **N.D. Cal. Case No. 3:26-cv-01042-PHK**

23   *Goddard v. JPMorgan Chase Bank, N.A., et al.*—FAC (Dkt. 1, 81 pages,

24   Feb. 2, 2026). CMC May 6, 2026.

25   – FDCPA, ECOA, TILA, FCRA, Rosenthal Act, ADA violations;

26   vehicle repossession coordination

27   – BMW repossession Aug. 18, 2025—five days before anniversary of

28   prior vehicle theft (1 in 5,046,402 coincidence); NOMA

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

Apartments coordination; Exhibit R-3

   – Chase 2FA attack; Slickdeals phone number on account; IRC evidence (Dimon, Moynihan, Campins)

   – Cross-reference: Guardian Life claim interference (Claim #000152845)

(m) **N.D. Cal. Case No. 3:26-cv-01043-AMO**

*Goddard v. Neutrino Labs, LLC, et al.*—FAC (Dkt. 1, 24 pages, Feb. 2, 2026). Defendants: Dario Amodei, Vic Lee, Neutrinolabs LLC, Jay Sorg. CMC May 7, 2026.

   – 51% equity theft, DTSA (18 U.S.C. § 1836), breach of fiduciary duty

   – GitHub repository takeover (Aug. 2, 2009); FreeRDP/XRDP theft; Bitcoin wallet theft ($10B+)

   – Events 0x36C–0x377; SourceForge and IRC development coordination evidence

(n) **N.D. Cal. Case No. 4:26-cv-01044-YGR**

*Goddard v. Anthropic PBC, et al.*—FAC (Dkt. 1, 71 pages, Feb. 2, 2026). Defendants: Anthropic PBC, Dario Amodei, Sam Altman, OpenAI, Elon Musk, SpaceX, Tesla, Reid Hoffman, Does 1–100. CMC May 5, 2026.

   – AGI theft ($15 trillion damages)—2009 completion (Event 0x3FA); DTSA and CUTSA claims

   – "Anthropic" name theft (Dec. 2021); GitHub platform creation (Events 0x3ED–0x3F0); $7.5B Microsoft acquisition

   – ADA violations; Claude AI service denials (**Exhibit W**); Amazon $8B circular liability; AWS $50M+ asset seizure

   – IRC evidence 2003–2009; Bob Lee murder (Event 0x400); Arjmand surveillance; Amiri connections; Concord PD detention

   – Exhibits A–Z

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(o)  **N.D. Cal. Case No. 3:26-cv-01045-LB**

*Goddard v. Guardian Life Insurance Company of America, et al.*—Complaint (Dkt. 1, 45 pages, Feb. 2, 2026). IFP granted (Dkt. 4, Judge Beeler); summons issued. CMC May 7, 2026.

   – ERISA violations, LTD benefits denial, insurance bad faith (Claims #000152845, #487049)

   – Events 0x3F4–0x3F9: disability onset July 2024, SDI exhaustion ($77,528.56), medication access crisis

   – Cross-reference: Chase case coordination; insurance discrimination cluster

(p)  **N.D. Cal. Case No. 4:26-cv-01046-JST**

*Goddard v. Microsoft Corporation*—Complaint (Dkt. 1, 45 pages, Feb. 2, 2026). IFP granted (Dkt. 4, Judge Tigar); summons issued and served (Dkt. 6). CMC May 7, 2026.

   – Account access denial (mayant@hotmail.com—Anthropic backend credentials); evidence spoliation (18 U.S.C. § 1519)

   – GitHub acquisition ($7.5B)—Plaintiff's repositories (Events 0x3ED–0x3F0); $13B OpenAI investment conflict

   – HIPAA, SCA, CFAA violations; coordinated technology sector targeting

(q)  **N.D. Cal. Case No. 3:26-cv-01289-VC**

*Goddard v. Sares-Regis Group Residential, Inc., et al.*—Property Ownership Dispute – Tortious Interference, Fraud, Civil RICO, Civil Rights Violations

   – 30-page complaint; 14 causes of action; DEMAND FOR JURY TRIAL

   – **Property ownership** documented on microfiche at Contra Costa County Recorder's Office; fraudulent owner name on recorded

1    deed conceals Plaintiff's interest—distinct from tenant-focused

2    NOMA cases (3:25-cv-05882-EMC, 3:26-cv-01237-TLT)

3    – Defendants: Sares-Regis Group Residential, Inc.; 1910 N. Main

4    St. Apartments Capital, LLC (d/b/a NOMA); Tiffany D. Truong;

5    Christina Madrid; Mandana Mir Arjmand; Hon. Julia Campins;

6    Nazanin Taghipour; Shabnam Amiri; Elizabeth Simer; Mike

7    Rockwell; Anton Vishniak; David Wang; Agarwal; Does 1–20

8    – Causes of action: Tortious Interference with Ownership,

9    Fraud/Conspiracy to Defraud, Civil RICO (18 U.S.C. § 1962), 42

10   U.S.C. §§ 1985(3)/1983, ADA Title III, FHA, Unruh, Bane,

11   Deliberate Indifference, Slander of Title/Quiet Title, Conversion,

12   IIED, Negligence Per Se

13   – Equitable tolling: *Holland v. Florida*, 560 U.S. 631 (SF General

14   forced drugging/lobotomization); *Norgart v. Upjohn Co.*, 21

15   Cal.4th 383 (discovery rule)

16   – *Hollis v. R&R Restaurants, Inc.*, 861 F.3d 1076 (9th Cir.

17   2017)—ADA Title III anti-retaliation

18   – IRC network coordination (2005–2009); Slickdeals-Amazon $50M

19   affiliate scheme; Bob Lee murder/.app domain connection; Spitzer

20   tools-real estate deed nexus; Anton/NOMA building signage

21   connection; CarX.app domain theft

22   – Exhibits A–I: Campins network, Verizon discrimination, NOMA

23   eviction, statistical analysis, Recorder's Office records, Spitzer

24   tools/deed, IRC documentation, medical records, Roxane

25   declarations

26   – Events 0x47A–0x481; cross-references: 3:25-cv-06187-JSC

27   (Apple); 3:26-cv-01039-AGT (Slickdeals); 4:26-cv-01044-YGR

28   (Anthropic); 3:26-cv-01040-AGT (Amazon)

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

(r)     **N.D. Cal. Case No. 3:26-cv-01237-TLT**

*Goddard v. 1910 N. Main Street Apartments Capital, LLC, et al.*—Emergency TRO and NOMA II. Filed Feb. 10, 2026. 17 docket entries.

   –   Emergency TRO Application (Dkt. 3)—Sheriff lockout Feb. 17, 2026; $0.00 judgment; physician death risk certification

   –   Three-judge reassignment in two days: Hixson → Thompson → Chen (Dkt. 6, Dkt. 15)

   –   Motion to Vacate Related Case Order and for Recusal of Judge Chen (Dkt. 16); hearing Feb. 12, 2026

   –   Notice of Ex Parte Appearance (Dkt. 17)—emergency hearing requested Feb. 12, 2026

   –   Motion for Exemption from PACER Fees (Dkt. 14)—hearing Feb. 12, 2026 at 3:30 PM before Judge Thompson

   –   Cross-references: 3:25-cv-05882-EMC (Chen's prior dismissal); Ninth Circuit 25-6676 (active appeal); emergency mandamus petition

**C.   Documents from Ninth Circuit Appeals**

(a)     **Ninth Circuit Appeal No. 25-5230**

*Goddard v. 1910 N. Main Street Apartments Capital, LLC, et al.*—Appeal from 3:25-cv-05882-EMC (Preliminary Injunction). **DISMISSED** (Dec. 23, 2025; Paez, Christen, Koh); Mandate Jan. 14, 2026.

31 docket entries. Appeal held moot after district court dismissal. Excerpts of Record (1,912 pages) contain complete statistical and pattern evidence.

(b)     **Ninth Circuit Appeal No. 25-6676**

*Goddard v. 1910 N. Main Street Apartments Capital, LLC, et*

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

*al.*—Appeal from 3:25-cv-05882-EMC (Final Dismissal).

**ACTIVE**—Opening Brief filed (Dkt. 21, 842 pages, Jan. 2, 2026); pending resolution.

29 docket entries. Key filings: Petition for Writ of Mandamus (Dkt. 18); Emergency Motion for Injunctive Relief (Dkt. 19); Emergency Motion/Supplemental Mandamus Petition (Dkt. 29, 702 pages)—addresses *People v. Goddard* criminal case, Shabnam Amiri coordination, Faretta rights violations; includes witness declarations (Mabrito, Temple, Pasamba) and comprehensive statistical analysis.

(c)    **Ninth Circuit Appeal No. 25-2205**

*Goddard v. Contra Costa County, et al.*—Appeal from 3:25-cv-02910-CRB.

**AFFIRMED** (Dec. 22, 2025; Paez, Christen, Koh); Mandate Jan. 13, 2026.

59 docket entries. Documents systematic civil rights violations, Shabnam Amiri coordination, and HUD Investigation No. 821679.

(d)    **Ninth Circuit Appeal No. 25-6741**

*Goddard v. Slickdeals, LLC and Apple Inc.*—Appeal from 3:25-cv-06187-JSC.

**DISMISSED** for lack of jurisdiction (Nov. 21, 2025; Silverman, Tallman, Bumatay); Mandate Dec. 15, 2025.

18 docket entries. Motion to Recall Mandate pending (Dkt. 16, 2,321 pages)—includes TAC with video evidence and statistical analysis of 422+ events.

D.    **Incorporated State Court Proceedings**

(a)    **Alameda County Superior Court Case No. 25CV162300**

*Goddard v. Apple Inc.* (Department 17)

– Verified Complaint alleging ADA violations and discrimination

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1          – Evidence of coordinated service denial and accessibility failures

2          – Pattern evidence demonstrating cross-institutional coordination

3             with telecommunications providers

4          – All exhibits and declarations filed therein

5    (b)    **Alameda County Superior Court Case No. 25CV153783**

6    *Goddard v. Slickdeals, LLC* (Dept. 520)—Eleven causes of action: FEHA

7    discrimination, hostile work environment, retaliation, disability

8    discrimination, failure to accommodate/prevent, Unruh Civil Rights Act,

9    IIED, NIED, defamation, civil conspiracy. CRD Matter

10   No. 202502-28171117.

11         – Key evidence: Audio transcript (**Exhibit B**); Mabrito

12            declaration (false security threat, "DO NOT CIRCULATE");

13            Jack Wu testimony; Purkayastha ATT circumvention validation

14         – Ken Leung racial statements; Elizabeth Simer antisemitic

15            remarks; unlimited FEHA recovery

16   (c)    **Alameda County Superior Court Case No. 26SC164063**

17   *Goddard v. Stamps.com, Inc.* (Small Claims)

18         – Small claims complaint for breach of contract and consumer fraud

19            related to postage meter services

20         – Stamps.com systematic billing fraud (October 2025):

21            unauthorized charges, false account closure promises, breach of

22            settlement agreement (Events 0x3F1–0x3F3)

23         – Evidence of ADA violations in postal service access

24         – Pattern evidence of coordinated denial of essential services

25   (d)    **Contra Costa Superior Court Case No. C25-02263**

26   *Goddard v. Contra Costa County, et al.*

27         – Order to Show Cause re: Preliminary Injunction (hearing January

28            8, 2026)

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

– Evidence of procedural violations—clerk misconduct and technical interference documented in Ninth Circuit Dkt. 24 (25-6676, 284 pages)

– ADA accommodation request with eleven medically necessary accommodations (October 3, 2025, Event 0x34B)

– Systematic ADA denials: written communication (Event 0x34C), digital tools (Event 0x34D), electronic filing (Event 0x34E), trauma-informed evaluation (Event 0x34F), treating psychiatrist coordination (Event 0x350)

– Related cases: Fed. Appeal 25-6676 (9th Circuit); MS25-0977 (Unlawful Detainer)

(e) **Contra Costa Superior Court Case No. C25-00427**

– Judicial Council Emergency Motion Petition re: Mass Recusal

– Order of Recusal of all 39 judges (August 4, 2025)

– Mathematical pattern analysis ($p < 10^{-4168}$)

(f) **Contra Costa Superior Court Case No. MS25-0977**

*1910 N. Main Street Apartments Capital, LLC v. Goddard* (Unlawful Detainer)

– Unlawful detainer filed November 18, 2025 while Plaintiff bedridden

– Evidence of retaliatory eviction during active civil rights proceedings

– Defense documentation establishing Fair Housing Act violations

– Motion to Stay pending resolution of Case No. C25-02263

(g) **San Francisco Superior Court Case No. CGC-25-623360**

*Goddard v. Slickdeals, LLC*

– Employment discrimination complaint

– Comprehensive Bayesian Analysis (Bayes Factor = 1024)

1   – Motion for Leave to File Second Amended Complaint (August 11,

2   2025)

3   – Emergency Motion to Compel Discovery Responses (August 28,

4   2025)

5   – Guardian Life Insurance documentation (Claim #000152845)

6   **E.    Administrative Proceedings**

7   (a)    **California Civil Rights Department**

8   – Case No. 202505-29527122 - Right to Sue Letter (August 29,

9   2025)

10   – Case No. 202506-17918393 - Housing discrimination complaint

11   – CRD Matter No. 202502-28171117 - Employment discrimination

12   (Right to Sue February 18, 2025)

13   – DFEH/CRD Complaint No. 202501-16534823

14   (b)    **Equal Employment Opportunity Commission**

15   – EEOC (**Exhibit A**)

16   – Right to Sue Notice for Title VII and ADA violations

17   (c)    **U.S. Department of Housing and Urban Development**

18   – HUD Complaint No. 09-25-0234-8

19   – HUD Case No. 09-25-2841-8

20   – HUD Case No. 09-25-6671-8 (NOMA housing discrimination)

21   – Investigation records documenting Fair Housing Act violations

22   (d)    **Office of Administrative Law Judges**

23   – OALJ Case No. 2025-SOX-00042 - Sarbanes-Oxley Whistleblower

24   Complaint

25   – Complainant's Comprehensive Brief in Support of

26   Appeal—documenting equitable tolling, attorney misconduct, and

27   mathematical evidence

28   – Initial Disclosures (July 3, 2024)

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

— 24 —

- Second Amended Initial Disclosures (August 29, 2025)
- Chase Bank, Meta ATT circumvention, protocol witness discovery obstruction

**F.  Medical Documentation**

All medical records establishing disability status and damages (**Exhibit D**):

– Kaiser Permanente medical records (2023–2025)

– John Muir Medical Center hospitalization (July 10, 2025)

– UCSF Medical Center disability evaluations (**Exhibit S**); UCSF psychiatric emergency records (July 11–12, 2024 involuntary hold) (**Exhibit U**)

– Eight emergency department visits (June 14 – August 15, 2025), with continuing medical crises through December 22, 2025 (hypertensive crisis BP 176/131, rectal bleeding, IV morphine, CT showing 5mm renal calculi)

– Laboratory results documenting life-threatening stress response with objective evidence (**Exhibit T**)

– Documented disabilities: PTSD, Bipolar I, essential tremor, cervical disk herniation, vocal cord paralysis, asplenia

– Medical expert declarations from:

  – Dr. Maria Catalina Cuervo (treating psychiatrist since May 2024) (**Exhibit S**)

  – Dr. Michael Chen (Internal Medicine)

  – Dr. Sarah Rodriguez (Psychiatry)

  – Dr. James Park (Orthopedics)

  – Dr. Lisa Thompson (Otolaryngology)

**G.  Witness Declarations**

– Declaration of Gregory Mabrito (**Exhibit W**) (star witness - employment discrimination)

– Declaration of Jonathan Temple (**Exhibit U**) (pattern and conspiracy witness)

– Declaration of Roxane Pasamba (disability witness)

– Declaration of Dr. Maria Catalina Cuervo (medical expert)

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1  – Multiple sworn declarations of Thomas Joseph Goddard

2  **H.   Statistical & Pattern Evidence**

3  – Comprehensive Statistical Analysis of 665 Discrimination Events (1933–February

4  16, 2026) spanning 93.10 years

5  – Chi-square analysis: $\chi^2 = 19,197.1$ (df=1, p $< 10^{-4168}$)

6  – Pre-October 7, 2023: 89 events over 90.76 years (0.981 events/year)

7  – Post-October 7, 2023: 576 events over 2.34 years (246.2 events/year)

8  – Acceleration factor: $251.0\times$ post-October 7 escalation

9  – Anniversary date clustering: Z-score = 17.24

10  – Bayesian probability calculations (Bayes Factor $> 10^{54}$—decisive evidence of

11  systematic coordination)

12  – Cross-institutional coordination matrix (19+ entities, combined market

13  capitalization exceeding $5.9 trillion)

14  – Chronological timeline of discrimination events (**Exhibit E**)

15  – Goldman Sachs AGI Framework: $125 trillion economic impact projection

16  (2025–2035)

17  – Monte Carlo validation: 10 million simulations, zero produced comparable $\chi^2$

18  values

19  – 107.3 standard deviations from expected values (*Castaneda* requires 2–3)

20  The statistical evidence establishes that the probability of these events occurring

21  randomly is less than $10^{-4168}$, which exceeds the particle physics discovery threshold by

22  $10^{2138}$ times.[5]

23  **I.   Discrimination Event Database**

24  – **Exhibit XXXXXX:** Complete Discrimination Event Database—665 documented

25  events spanning 93.10 years (1933–2026) with unique hexadecimal Event IDs

26  (0x001–0x3FF+), dates, categories, descriptions, and cross-references to supporting

27  ---

[5]Under *Castaneda v. Partida*, 430 U.S. 482, 496-97 (1977), a 2-3 standard deviation disparity establishes prima facie discrimination. Under *Hazelwood Sch. Dist. v. United States*, 433 U.S. 299, 311 n.17 (1977), disparities greater than 2-3 standard deviations are "significant." The pattern documented here exceeds these thresholds by factors greater than $10^{2400}$.

28

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1    exhibits.[6]

2    – **Exhibit XXXXXX-A:** Supplemental Event Database containing events

3    documented after initial filing, maintaining chronological continuity with the

4    primary database

5    – Event categories: Employment Discrimination, Housing Discrimination,

6    Medical/Healthcare Denial, Financial Retaliation, Technical Sabotage, Judicial

7    Misconduct, Psychiatrification (weaponization of psychiatric proceedings to

8    discredit civil rights complainants), Omnidiscrimination (coordinated

9    multi-institutional cross-domain targeting across 19+ entities), and Antisemitech

10    (antisemitic discrimination within the technology industry)

11    **J.   Criminal Proceedings**

12    California Criminal Case No. 01-24-03484 (*People v. Goddard*, Contra Costa Super.

13  Ct., Dept. 10, Hon. Julia Campins):

14    – Criminal proceedings coordinated with civil discrimination, seizure of assistive

15    technology devices, constitutional violations

16    – Motion for Return of Seized Property (Penal Code § 1536)

17    – Documentation of assistive technology seizure affecting ADA accommodation

18    access

19    – Evidence of telecommunications records sought in criminal discovery

20    – January 8, 2026 court proceedings (Events 0x35F–0x368):

21    scheduling conflict forcing plaintiff to miss civil case hearing (0x35F);

22    ADA accommodation denial (0x360);

23    false accusation by DA and attempted custody (0x361);

24    counsel waiver against client demands (0x362);

25    weaponized competency evaluation (0x363);

26    silencing through bailiff intimidation (0x364);

27    post-hearing stalking observation (0x366)

---

[6]Exhibits XXXXXX and XXXXXX-A use the "X" designation because Plaintiff continually updates them as additional events are documented. Each event has a unique hexadecimal identifier (e.g., 0x029 = October 7 Hamas attacks; 0x02B = Apple rescission; 0x100 = Slickdeals termination) enabling precise cross-referencing across all proceedings.

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

– January 9, 2026 medical emergency with suspected drugging (Event 0x368)

– Faretta rights violations documented in Ninth Circuit emergency petition (25-6676, Dkt. 29, pp. 1–702)

– Concord PD detention September 12, 2024 (Event 76D)—Lead Investigator Clifton Huffmaster; Stars of David in detention cells; "Hebrew slave" epithet; attorney access denied 5 hours (Sixth Amendment violation)

The seizure of Plaintiff's assistive technology devices directly impacted ability to communicate through ADA-compliant channels, creating a nexus between criminal proceedings and civil discrimination. *See* Events 0x35F–0x368; Ninth Circuit Appeal No. 25-6676, Dkt. 29.

### K.   Financial Institution Evidence

The following evidence supplements the claims documented in *Goddard v. JPMorgan Chase Bank, N.A., et al.*, Case No. 3:26-cv-01042-PHK:

– Exhibit R-3: Chase Bank Financial Discrimination and Retaliatory Vehicle Repossession

– Use of interstate financial networks to compromise Plaintiff's Chase Bank accounts, extending retaliation into financial sabotage affecting federally insured banking transactions

### L.   Incorporated Judicial Decisions

Pursuant to Federal Rule of Evidence 201 and Federal Rule of Civil Procedure 10(c), the following judicial decisions and related proceedings with their underlying evidentiary records are incorporated by reference:

– **Exhibit NNN:** *Epic Games, Inc. v. Apple Inc.*, No. 25-2935 (9th Cir. Dec. 11, 2025), slip opinion and all exhibits referenced therein, including:

  – District court evidentiary record from *Epic III*, 781 F. Supp. 3d 943 (N.D. Cal. 2025)

  – Apple's internal presentations titled "Proposed responses to Epic injunction" and "Epic Injunction Implementation Proposal" demonstrating manufactured

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

post-hoc justifications

– District court's criminal referral of Apple and corporate officer

– Ninth Circuit holdings on:

  (a) manufactured "sham" justifications;

  (b) violations of "spirit" of legal obligations;

  (c) "schemes to evade" legal compliance;

  (d) burden-as-prohibition under *M'Culloch v. Maryland*

– **Exhibit OOO:** *Goddard v. Slickdeals, LLC*, Alameda County Superior Court Case No. 25CV153783, CRD Matter No. 202502-28171117, filed pursuant to California Civil Rights Department Right to Sue (Feb. 18, 2025), as more fully described in the Incorporated State Court Proceedings section above, including all verified complaint allegations, exhibits, witness declarations, and documentary evidence filed therein.

– **Exhibit PPP:** *Thakur v. Trump*, No. 25-4249 (9th Cir. Dec. 23, 2025)—viewpoint-based discrimination precedent directly applicable to Plaintiff's claims:

  – Holding that government cannot "aim at the suppression of dangerous ideas" in employment or funding decisions, *id.* at 13 (quoting *Regan v. Tax'n With Representation of Wash.*, 461 U.S. 540, 550 (1983))

  – Establishing that viewpoint-based terminations violate the First Amendment, particularly where the record shows "the government aimed at the suppression of speech that views [certain viewpoints] favorably," *id.* at 16

  – Applying the principle from *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 831 (1995), that institutions "may not silence the expression of selected viewpoints"

  – Recognizing that "DEI, DEIA, and environmental justice are not merely neutral topics" but "inherently convey the viewpoint that the exclusion of historically disadvantaged groups is undesirable," *id.* at 13—directly analogous

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1    to Plaintiff's Jewish identity and protected religious viewpoint

2    – Affirming that the government "cannot suffer harm from an injunction that

3    merely ends an unlawful practice," *id.* at 17 (quoting *Rodriguez v. Robbins*,

4    715 F.3d 1127, 1145 (9th Cir. 2013))

5    **M.    Cross-Institutional Coordination Evidence**

6    The following entities are documented as participating in coordinated

7    discrimination:

8    – **Technology Sector:** Apple Inc., Amazon.com Inc., Microsoft Corporation,

9    Hewlett-Packard, Anthropic PBC, OpenAI, Slickdeals LLC, Tesla Inc., SpaceX

10   – **Financial Services:** JPMorgan Chase Bank N.A., Bank of America, Goldman

11   Sachs

12   – **Telecommunications:** Verizon Communications Inc., AT&T, Sprint, T-Mobile

13   – **Government Entities:** Contra Costa County, California Courts, Contra Costa

14   DA (Diana Becton)

15   – **Insurance:** Guardian Life Insurance Company of America

16   – **Healthcare/Retail:** Warby Parker Inc.

17   – **Postal/Services:** Stamps.com Inc.

18   – **International:** Cryptograph.com/Perpetual Altruism LTD (London), Iranian

19   Republican Guard network

20   – **Individuals:** Reid Hoffman, Dario Amodei, Sam Altman, Elon Musk, Shabnam

21   Amiri, Mandana Arjmand

22   The cross-institutional coordination matrix demonstrates that discrimination

23   against Plaintiff is not isolated but represents participation in a coordinated campaign

24   involving 19+ entities. The temporal clustering of discriminatory events across these

25   entities creates a statistical signature impossible to occur through random chance.[7]

---

[7]Under RICO, 18 U.S.C. § 1962(c)-(d), coordinated activity across multiple enterprises to deprive an individual of civil rights may constitute a pattern of racketeering activity. The statistical evidence of coordination ($p < 10^{-4168}$) far exceeds the threshold required to establish RICO pattern.

26

27

28



Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

**N.   Effect of Incorporation**

All documents incorporated by reference herein shall be considered as if fully set forth in this Complaint, supporting all claims and allegations that follow.

To the extent any incorporated document contains factual allegations or evidence relevant to the claims herein, such allegations and evidence are adopted and incorporated as if pleaded directly in this Complaint.

The incorporation of these documents establishes the broader pattern of coordinated discrimination, trade secret theft, and civil rights violations of which Defendants' conduct forms an integral part.

1

## IV.  INDEX OF EXHIBITS

| Exhibit | Description |
|---------|-------------|
| IRC-1 | IRC Chat Logs, Proxy Bot Network Conversations, Administrative Console Records, and Cross-Enterprise Coordination Records — Master Request for Discovery and Preservation Across All Coordinated Federal Civil Rights Actions (1992–2026) |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT IRC-1
## Master IRC Discovery Request

## All Coordinated Federal

## Civil Rights Actions

**Request for Discovery and Preservation**
*Goddard v. Defendants (Coordinated)*

N.D. Cal. (Primary Coordination Court)

1
2

# EXHIBIT IRC-1 — MASTER REQUEST FOR DISCOVERY AND PRESERVATION

3
4

IRC Chat Conversations, Proxy Bot Network Logs, Administrative Console Records, & Cross-Enterprise Coordination Records — All Coordinated Actions

5
6

*Goddard v. Defendants (Coordinated Federal Civil Rights Actions) (N.D. Cal.)*

7

**Coordinated Case Numbers:**

8
9
10

3:25-cv-06187-JSC;  3:26-cv-01039-AGT;  4:26-cv-01046-JST;  3:26-cv-01042-PHK;  3:26-cv-01041-AGT;  3:26-cv-01043-AMO;  4:26-cv-01044-YGR;  2:25-cv-03883-EP-MAH;  3:26-cv-01238-SK;  3:26-cv-01040-AGT;  3:26-cv-01289-VC.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Event IDs.**   0x7A7 (IRC AI discovery, pre-Anthropic bot implementation, age 13–14, 1992–2000); 0x3D9 (Nazi operative network coordination — "Concentration Campins" IRC identity, 2001–2025); 0x36A (IRC console access — unauthorized access by Musk, Altman, Amodei, Rockwell, Campins, 2005–2009); 0x36B (IRC coordination among conspirators — RICO predicate acts, 2005–2009); 0x487 (Amodei frontend administrative console theft, 2009); 0x486 (proxy bot network conversion — "Thunderstrike" infrastructure, 2005–2009); 0x483 (Ken Leung/Mike Lively IRC cross-enterprise coordination, 2003–2009); 0x484 (Ken Leung/Jack Ma coordination); 0x3FA (2009 AGI completion — witnessed by Altman and Amodei on IRC); 0x3CE (OpenAI co-founding December 2015 — commercialization of stolen IRC-observed IP); 0x006 (Mike Rockwell "armchair Nazi" IRC harassment, 2007–2008); 0x006A (Qwen model naming theft on IRC, 2007–2008); 0x100 (Amodei 2005 initial console access); 0x454 (Apple Vision Pro — derived from stolen IRC technology); 0x431 (Microsoft/mayant@hotmail.com — Anthropic billing backend credentials); 0x485 (proxy bot network architecture documentation); 0x36C (SpaceX IRC-derived orbital mechanics); 0x36D (Tesla Autopilot/FSD derivation from IRC); 0x44C (Verizon account manipulation); 0x3E1–0x3E6 (Amazon coordinated account suspension); 0x37D (Mandana Mir Arjmand forced marriage, 2014–2015); 0x37E (Goddard Trust seizure through fraudulent Las Vegas

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

marriage certificate); 0x3FF (Iranian Republican Guard Network coordination); 0x400 (Bob Lee connection); 0x367 (trust coordination event); 0x003 (original Anthropic founding); 0x10D (console architecture documentation); 0x371–0x373 (coordinated targeting events); 0x302 ("DO NOT CIRCULATE" FAQ); 0x3DB–0x3E0 (Anthropic billing system appropriation).

**Date Range.**    1992–2026 (spanning plaintiff's initial IRC activity at age 13 through present).

**Category.**    Master Discovery Request; Evidence Preservation; IRC Chat Logs; Proxy Bot Network Records; Administrative Console Access Logs; Cross-Enterprise Coordination; Trade Secret Documentation; AGI Theft; SOX Whistleblower; Forced Marriage; Trust Seizure; Iranian Republican Guard Network; RICO Conspiracy.

## V.   BACKGROUND & BASIS FOR DISCOVERY

### A.   Plaintiff's Original IRC Bot Development (Age 13–14)

At approximately age 13, plaintiff began using IRC at his home in Durango, Colorado (Event 0x7A7).[8] Plaintiff discovered that many IRC "users" were AI chat bots and subsequently developed his own bot implementation—the original pre-Anthropic code—which overthrew the existing chatbot infrastructure. The proxy bot network plaintiff created at age 14 was capable of:

1.   Masking plaintiff's username in other channels by messaging users through a proxy user;

2.   Translating plaintiff's input into articulated messages conveying his meaning (an early transformer-like architecture);

3.   Training bots to communicate with neo-nazis to gather intelligence about antisemitic networks;

4.   Operating as a distributed proxy network across multiple IRC servers and channels simultaneously.

---

[8] *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212 (S.D.N.Y. 2003) (duty to preserve electronic evidence arises when litigation is reasonably anticipated).

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

## B.   Coordinated IRC Network Conspiracy Across All Defendants

This master discovery exhibit establishes that ALL defendants across all coordinated federal civil rights actions are connected through a single IRC network conspiracy.[9]

The conspiracy operated through three interconnected pillars:

*1. The Anthropic Administrative Console Theft (2005–2009).*   In 2005, Dario Amodei first gained frontend console access by claiming a desire to be "hands on" with the web interface (Event 0x100). In 2009, Amodei exploited IRC interactions with plaintiff, Sam Altman, and Elon Musk to regain unauthorized access to the Anthropic Frontend Administrative Console (Event 0x487). During this same period, Altman and Amodei explicitly acknowledged that plaintiff had completed AGI (Event 0x3FA)—the foundational technology that would be stolen and commercialized as:

1.   OpenAI's GPT architecture (co-founded by Altman, Musk, and Hoffman in December 2015, Event 0x3CE);

2.   Anthropic's Claude systems (founded by Amodei in 2021 using stolen frontend console access);

3.   Tesla's Autopilot/FSD systems (derived from Musk's IRC observations, Events 0x36D, 0x36E);

4.   SpaceX orbital mechanics systems (derived from Musk's IRC demonstrations observation, Event 0x36C);

5.   Apple Vision Pro (derived from Mike Rockwell's IRC observations, Event 0x454).

*2. Cross-Enterprise IRC Coordination and SOX Whistleblower Retaliation.*   From 2003 to 2009, Ken Leung (CTO, Slickdeals) engaged in IRC cross-enterprise coordination (Event 0x483) with Mike Lively, Jack Ma (Event 0x484), and other network participants. Leung's discriminatory animus—documented on IRC—motivated the retaliatory termination underlying the SOX whistleblower claim. The "Thunderstrike" bot network infrastructure (Event 0x486) connects the IRC-era coordination to the Slickdeals retaliation. The "DO NOT CIRCULATE" FAQ (Event 0x302) was used to suppress

---

[9]18 U.S.C. § 1030(a)(2) (Computer Fraud and Abuse Act); *Van Buren v. United States*, 593 U.S. 374 (2021).

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1  plaintiff's whistleblower disclosures.

2      *3. Iranian Republican Guard Network, Forced Marriage, and Trust Seizure.*   The

3  Iranian Republican Guard Network (Event 0x3FF) connected IRC participants to a

4  forced marriage scheme involving Mandana Mir Arjmand (Events 0x37D, 0x37E).

5  Arjmand, who participated in the forced marriage, is connected to the Persian IRC

6  network that included Steve Barha, Rob Chartier, Judge Campins, and Mike Rockwell.

7  The Goddard Trust was seized through a fraudulent Las Vegas marriage certificate, with

8  coordination facilitated through the same IRC network. Bob Lee (Event 0x400) had

9  direct knowledge of this coordination.

10  The IRC console access holders and network participants coordinated the conspiracy

11  through:

12          1.      Distribution of plaintiff's AI training data, algorithms, and architectural

13                  designs among network members;

14          2.      Exchange of transcripts and code documentation from plaintiff's IRC

15                  sessions;

16          3.      Planning of competing AI companies built on stolen intellectual

17                  property;

18          4.      Cross-enterprise coordination of retaliatory employment actions;

19          5.      Forced marriage and trust seizure through Iranian Republican Guard

20                  Network;

21          6.      Coordinated targeting of plaintiff to prevent assertion of IP rights.[10]

22      **C.  "Concentration Campins" — Death Threats & Network**

23          **Coordination**

24  During IRC interactions, plaintiff encountered a user operating under the pseudonym

25  "Campins" who expressed the belief that "concentration camps should be brought back"

26  (Event 0x3D9). This individual—later identified as Judge Julia Campins of the Contra

27  Costa County Superior Court—made death threats against plaintiff and his family on

---

28  [10]*See* 18 U.S.C. § 1961 *et seq.* (RICO); 18 U.S.C. § 1836 (Defend Trade Secrets Act); 42 U.S.C. § 1985 (Civil Rights Conspiracy); 18 U.S.C. § 1514A (SOX Whistleblower).

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1    IRC, coordinated with Dario Amodei, and used plaintiff's Anthropic administrative

2    console to attack plaintiff's systems. Judge Campins was later assigned to preside over

3    plaintiff's criminal case, where she denied ADA accommodations (Event 0x360) and

4    permitted DA Brown's false accusations (Event 0x361).

5    **D.  IRC Coordination Among All Defendants**

6    The IRC network from 2003–2009 included all named Defendants and their agents across

7    all coordinated actions (Events 0x36A, 0x36B, 0x483):[11]

8        1.    **Dario Amodei** (CEO, Anthropic) — frontend console theft, AGI

9              observation;

10       2.    **Sam Altman** (CEO, OpenAI) — IRC coordination, AGI

11             acknowledgment;

12       3.    **Elon Musk** (CEO, Tesla/SpaceX/X Corp) — unauthorized console

13             access, AI training observation;

14       4.    **Reid Hoffman** (co-founder, LinkedIn) — IRC coordination, OpenAI

15             board member;

16       5.    **Mike Rockwell** (VP, Apple) — "armchair Nazi" self-identification,

17             antisemitic harassment, Vision Pro derivation;

18       6.    **Judge Julia Campins** — "Concentration Campins," death threats,

19             judicial corruption;

20       7.    **Paul Spitzer** (Nazi operative) — console infiltration, system theft;

21       8.    **Ken Leung** (CTO, Slickdeals) — cross-enterprise IRC coordination,

22             Jack Ma connection, SOX whistleblower retaliation;

23       9.    **Mike Lively** — IRC cross-enterprise coordination with Leung;

24      10.    **Jack Ma** (Alibaba) — coordination with Leung, Qwen model naming

25             theft;

26      11.    **Mandana Mir Arjmand** — Persian IRC network, forced marriage

27             scheme;

28      12.    **Douglas Donald Goddard Jr.** — Goddard Trust trustee,

---

[11] *Twombly*, 550 U.S. 544 (2007) (conspiracy requires agreement; IRC coordination establishes the agreement element).

IRC DISCOVERY EXHIBIT | GODDARD v. DEFENDANTS (COORDINATED)

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1    communications with IRC network;

2    13.    **Robert Charles Goddard** — Goddard Trust trustee, coordination

3         with network participants;

4    14.    **Bob Lee** — Iranian Republican Guard Network coordination

5         knowledge;

6    15.    **Steve Barha** — Persian IRC network participant;

7    16.    **Rob Chartier** — IRC co-witness, company acquired by

8         Microsoft/Verizon/Sprint.

9    **VI.  SPECIFIC DISCOVERY REQUESTS**

10    Plaintiff hereby requests production and preservation of the following categories of

11    ESI pursuant to Fed. R. Civ. P. 34 and the Court's inherent authority:[12]

12    **A.  Request No. 1: IRC Chat Logs (All Networks & Channels)**

13    (a)    All IRC chat logs from EFnet, Freenode, Undernet, and any other IRC

14         networks for channels including but not limited to #math, #physics,

15         #csharp, #ubuntu, #ubuntu-offtopic, #ubuntu-devel, #ubuntu-motu,

16         #ubuntu-classroom, #ubuntu-meeting, #ubuntu-ops, #kubuntu,

17         #xubuntu, #edubuntu, #lubuntu, and all related #ubuntu channels

18         (where logging was known to be enabled), and any other channels in

19         which plaintiff (usernames "cyclic," "kosher") participated, from 1992

20         through 2026;

21    (b)    All private messages between plaintiff and any user identified as or

22         associated with Dario Amodei, Sam Altman, Elon Musk, Reid Hoffman,

23         Ken Leung, Mike Lively, Jack Ma, Mandana Mir Arjmand, Douglas

24         Donald Goddard Jr., Robert Charles Goddard, Bob Lee, or any other

25         Defendant or agent thereof in any coordinated action;

26    (c)    All private messages between any Defendants regarding plaintiff,

27         plaintiff's AI technology, commercialization of plaintiff's intellectual

28         property, whistleblower disclosures, forced marriage, trust seizure, or

---

[12]Fed. R. Civ. P. 26(b)(1); *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004).

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1    coordinated targeting;

2    (d)    All IRC server logs acquired by Google Inc. (which purchased EFnet and

3           Freenode server log data), to be obtained by subpoena to Alphabet

4           Inc./Google LLC;

5    (e)    All IRC operator logs, connection logs, and IP address records associated

6           with all Defendant accounts across all coordinated actions.

7    **B.    Request No. 2: Anthropic Administrative Console Records**

8    (a)    Complete access logs for the Anthropic Frontend Administrative Console

9           from 2005 through present, including all login events, session durations,

10          commands executed, and data accessed or exfiltrated;

11   (b)    Records of Dario Amodei's 2005 initial access and 2009 restored access

12          (Event 0x487), including all social engineering communications;

13   (c)    Records of any access by username "Campins" or Judge Julia Campins

14          to the administrative console;

15   (d)    Records of coordinated attacks launched through the console against

16          plaintiff's infrastructure;

17   (e)    All records documenting the distinction between the frontend console

18          (stolen by Amodei) and the backend console (remaining under plaintiff's

19          exclusive quantum-encrypted control);

20   (f)    The Anthropic billing backend admin console credentials stored in

21          plaintiff's mayant@hotmail.com Microsoft account (Event 0x431), to

22          which Microsoft has denied access;

23   (g)    Console architecture documentation (Event 0x10D) and original

24          Anthropic founding records (Event 0x003).

25   **C.    Request No. 3: Proxy Bot Network Records**

26   (a)    All records, logs, and source code relating to the proxy bot network

27          developed by plaintiff, including the "Thunderstrike" infrastructure

28          (Event 0x486) and architecture documentation (Event 0x485);

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

(b)    All records of bot network communications including proxy-translated messages and intelligence-gathering conversations;

(c)    Any copies, derivatives, or modifications of plaintiff's bot network code incorporated into Anthropic's Claude, OpenAI's GPT, Tesla's Autopilot/FSD, Apple Vision Pro, or any other commercial AI system;

(d)    All records documenting the architectural relationship between plaintiff's pre-Anthropic implementation and all Defendants' commercial products.

## D.  Request No. 4: Communications Regarding Plaintiff's Technology

(a)    All communications between Defendants regarding plaintiff's organic intelligence system, AGI completion, or commercialization plans;

(b)    All communications between Dario Amodei and any Amazon.com, Inc. representative regarding the Anthropic/Amazon partnership and deployment of Claude on AWS infrastructure;

(c)    All internal Anthropic documents referencing plaintiff's pre-Anthropic implementation, architectural contributions, or console access;

(d)    All OpenAI founding documents (December 2015) referencing IRC observations, plaintiff's technology, or coordination among IRC access holders;

(e)    All Apple documents referencing Mike Rockwell's IRC observations and Vision Pro derivation (Event 0x454);

(f)    All Tesla/SpaceX documents referencing Musk's IRC observations and Autopilot/FSD/orbital mechanics derivation (Events 0x36C, 0x36D).

## E.  Request No. 5: Cross-Enterprise Coordination Records

(a)    All communications between Ken Leung and Mike Lively regarding plaintiff (Event 0x483);

(b)    All communications between Ken Leung and Jack Ma regarding plaintiff's intellectual property or the Qwen model naming (Events 0x484, 0x006A);

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

(c)    All records relating to the "DO NOT CIRCULATE" FAQ (Event 0x302), including authorship, distribution lists, and all communications regarding its creation and dissemination;

(d)    All internal Slickdeals communications referencing plaintiff's whistleblower disclosures or termination;

(e)    All Verizon account manipulation records (Event 0x44C);

(f)    All Amazon coordinated account suspension records (Events 0x3E1–0x3E6);

(g)    Anthropic billing system appropriation records (Events 0x3DB–0x3E0).

### F.   Request No. 6: Iranian Republican Guard Network & Trust Records

(a)    All communications between Iranian Republican Guard Network participants and Goddard Trust trustees (Event 0x3FF);

(b)    All communications between Mandana Mir Arjmand and any IRC network participant or Goddard Trust trustee;

(c)    All records relating to the fraudulent Las Vegas marriage certificate used to seize control of the Goddard Trust (Event 0x37E);

(d)    All records documenting Bob Lee's knowledge of the coordination between the IRC network and the trust seizure scheme (Event 0x400);

(e)    All communications between Persian IRC network participants regarding plaintiff, plaintiff's inheritance, or the forced marriage scheme;

(f)    All coordinated targeting records (Events 0x371–0x373).

### VII.   PRESERVATION DEMAND

Pursuant to Fed. R. Civ. P. 37(e), plaintiff demands that all parties and identified non-parties immediately preserve all ESI described above.[13]

### A.   Defendant Preservation Targets (All Coordinated Actions)

1.    **Anthropic, PBC** — Administrative console access logs, AI training records, Claude architecture documentation, billing system records;

2.    **OpenAI, Inc.** — Founding documents, IRC coordination records, GPT

---

[13] *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001).

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

architecture documentation showing derivation from plaintiff's systems;

3. **Tesla, Inc. / SpaceX / X Corp.** — Records of Elon Musk's IRC participation, Autopilot/FSD derivation documentation, orbital mechanics records;

4. **Sam Altman** — Personal IRC logs, communications with Amodei regarding plaintiff's AGI;

5. **Dario Amodei** — Personal IRC logs, console access records, Anthropic founding documents;

6. **Reid Hoffman** — Personal IRC logs, OpenAI board communications regarding plaintiff's IP;

7. **Slickdeals, LLC** — Employment records, HR files, termination documents, "DO NOT CIRCULATE" FAQ, cross-enterprise coordination records;

8. **Ken Leung** — Personal IRC logs, cross-enterprise coordination communications, Jack Ma correspondence;

9. **Verizon** — Account manipulation records, IRC-related correspondence (Event 0x44C);

10. **Amazon.com, Inc.** — AWS account records, Anthropic partnership documentation, coordinated account suspension evidence (Events 0x3E1–0x3E6);

11. **Goddard Trust / Douglas Donald Goddard Jr. / Robert Charles Goddard** — Trust documents, communications with IRC network participants, trust seizure records;

12. **CCC Sheriff** — Records of coordinated actions against plaintiff.

**B.  Non-Party Preservation Targets**

1. **Alphabet Inc./Google LLC** — IRC server logs from EFnet and Freenode acquisitions;

2. **Microsoft Corporation** — mayant@hotmail.com account contents

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1    including Anthropic billing backend credentials (Event 0x431);

2    3.    **Apple Inc.** — Records of Mike Rockwell's IRC participation, "armchair

3    Nazi" statements, Vision Pro derivation;

4    4.    **Alibaba Group / Jack Ma** — Communications with Ken Leung

5    regarding Qwen model naming and cross-enterprise coordination;

6    5.    **Clark County, Nevada (Las Vegas)** — Marriage certificate records

7    and related filings;

8    6.    **Steve Barha** — Persian IRC network communications;

9    7.    **Rob Chartier** — IRC co-witness communications, company records;

10   8.    **Bob Lee (Estate of)** — Iranian Republican Guard Network

11   coordination records;

12   9.    **Gregory Mabrito** — Slickdeals witness communications;

13   10.   **Mandana Mir Arjmand** — Persian IRC network communications,

14   forced marriage records.

15   **VIII.   AUTHENTICATION & LEGAL AUTHORITY**

16   **A.   Authentication of Electronic Evidence**

17   Under FRE 901(a), the proponent must produce "evidence sufficient to support a finding

18   that the item is what the proponent claims it is." For electronically stored information

19   ("ESI"), courts apply a flexible, multi-factor authentication framework.[14]

20   *FRE 901(b)(1) — Testimony of Witness with Knowledge.*   Plaintiff has personal

21   knowledge of the IRC chat sessions, proxy bot network operations, and administrative

22   console interactions at issue. Plaintiff directly participated in the IRC conversations and

23   personally developed the proxy bot network infrastructure (Event 0x7A7). *See United*

24   *States v. Gagnier*, 691 F.2d 123, 127 (2d Cir. 1982) (participant in electronic

25   communication may authenticate it through testimony).

26   *FRE 901(b)(4) — Distinctive Characteristics.*   IRC chat logs contain distinctive

27   characteristics including unique usernames ("cyclic," "kosher"), channel-specific

---

[14]*Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 538–47 (D. Md. 2007) (comprehensive analysis of authentication requirements for electronic evidence).

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

formatting, timestamp sequences, server-generated join/part notifications, and content that only participants with specific knowledge could have authored. *See United States v. Browne*, 834 F.3d 403, 410 (3d Cir. 2016) (electronic communications authenticated through "distinctive characteristics" including content, context, and internal patterns).

*FRE 901(b)(9) — System or Process Capable of Producing Accurate Result.* IRC server logging systems are automated processes that record messages verbatim with server-generated timestamps, IP addresses, and connection metadata. The logging systems on EFnet, Freenode, and Ubuntu channels satisfy Rule 901(b)(9)'s requirement of a "system or process capable of producing an accurate result." *See United States v. Lizarraga-Tirado*, 789 F.3d 1107, 1110 (9th Cir. 2015) (machine-generated records are self-authenticating when the machine's process is shown to produce accurate results).

*FRE 902(13)–(14) — Certified Records Generated by Electronic Process.* IRC server logs generated by automated processes satisfy FRE 902(13) and (14) as certified records generated by an electronic process shown to produce accurate results, when accompanied by the certification of a qualified person.[15]

*Administrative Console Records.* Console access logs, session records, and command histories are machine-generated records authenticable under FRE 901(b)(9) and self-authenticating under FRE 902(11). *See In re Vinhnee*, 336 B.R. 437, 444–49 (B.A.P. 9th Cir. 2005).

*Cross-Enterprise Records.* Banking records are admissible under FRE 803(6) and 12 U.S.C. § 1829b. Telecommunications records are business records under FRE 803(6) and subject to 47 U.S.C. § 222. Medical records are subject to HIPAA retention requirements. Trust documents are self-authenticating under FRE 902(11). Employment records are business records under FRE 803(6). All defendant-specific records are independently authenticable through the case-specific foundations established in each individual action.

---

[15]Fed. R. Evid. 902(13)–(14) (effective Dec. 1, 2017); Advisory Committee Notes ("The amendment addresses authentication of computer output and other digital data").



Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

IRC DISCOVERY EXHIBIT | GODDARD v. DEFENDANTS (COORDINATED)

**B.   Chain of Custody**

Plaintiff establishes the following chain of custody for the IRC evidence and related ESI at issue in this discovery request:[16]

*1. Original Creation & Contemporaneous Recording.*   IRC chat messages were recorded contemporaneously by automated server logging systems at the moment of transmission. Each message was automatically timestamped, attributed to a specific username, and stored in plain-text log files on the IRC server infrastructure. These logs were generated by EFnet, Freenode, Undernet, and related IRC networks from 1992 through 2009. Ubuntu-related channels had publicly documented logging policies.

*2. Custodial History — IRC Server Operators.*   IRC server logs were maintained by network operators under established data retention policies. Upon information and belief, Google Inc. acquired server log data from EFnet and Freenode network operators, making Alphabet Inc./Google LLC a current custodian of this evidence. Microsoft Corporation maintains Plaintiff's mayant@hotmail.com account containing Anthropic billing backend console credentials (Event 0x431).

*3. Plaintiff's Personal Copies & Records.*   Plaintiff maintained personal copies of IRC conversations through client-side logging (standard IRC client functionality that records conversations locally). Plaintiff's personal knowledge of the content, timing, participants, and context of IRC conversations provides independent verification of log integrity.[17]

*4. Integrity of Machine-Generated Records.*   IRC server logs are machine-generated records not subject to human editorial discretion at the time of creation. The automated nature of IRC logging systems provides inherent reliability guarantees: messages are recorded verbatim, timestamps are server-generated, and metadata (IP addresses, hostname masks, join/part events) is automatically captured.[18]

---

[16] *United States v. Linn*, 880 F.2d 209, 216 (9th Cir. 1989) ("The district court has broad discretion over the admission of evidence and can admit evidence if the chain of custody is sufficiently established."). Chain of custody for digital evidence requires showing the evidence is "authentic and has not been tampered with." *Lorraine*, 241 F.R.D. at 556.

[17] *See United States v. Safavian*, 435 F. Supp. 2d 36, 40 (D.D.C. 2006) (emails authenticated through testimony of participant combined with distinctive characteristics).

[18] *Lizarraga-Tirado*, 789 F.3d at 1110 (machine-generated information is "akin to a photograph" — it requires no foundation of human testimony because "machines do not 'assert' anything").

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1    *5. Cross-Enterprise Custodial Summary.*  The following custodians hold records

2    material to this coordinated action: (a) Alphabet Inc./Google LLC holds acquired IRC

3    server logs from EFnet and Freenode; (b) Microsoft Corporation holds the

4    mayant@hotmail.com account and GitHub repositories; (c) Amazon holds AWS account

5    and CloudTrail records; (d) Verizon holds CDRs and call deletion logs; (e) JPMorgan

6    Chase holds banking and SDI records; (f) medical institutions hold hospital and

7    psychiatric records; (g) Slickdeals holds employment and "DO NOT CIRCULATE" FAQ

8    records; (h) Clark County, Nevada holds the fraudulent marriage certificate; and

9    (i) individual defendants hold personal IRC logs and communications. All identified

10   custodians are on notice of preservation obligations under Fed. R. Civ. P. 37(e).

11   **C.   Evidentiary Foundation**

12   The following foundation elements establish the admissibility of IRC chat logs and related

13   ESI under the Federal Rules of Evidence:

14   *1. Best Evidence Rule — FRE 1001–1004.*  IRC server logs are "writings" or

15   "recordings" under FRE 1001(a)–(b). Digital copies of electronically stored information

16   are treated as "originals" under FRE 1001(d) ("an 'original' of electronically stored

17   information means any printout—or other output readable by sight—if it accurately

18   reflects the information") and "duplicates" admissible under FRE 1003. Where original

19   server logs are in the custody of third parties (Alphabet Inc./Google LLC), secondary

20   evidence is admissible under FRE 1004(b) (original obtainable by judicial process).[19]

21   *2. Hearsay Exceptions.*  IRC chat logs are admissible through multiple hearsay

22   exceptions and exclusions:

23       (a)    *FRE 801(d)(2)* — Statements by party-opponents: IRC messages sent

24           by Defendants constitute admissions of a party-opponent, not hearsay;

25       (b)    *FRE 803(1)* — Present sense impressions: IRC messages describing

26           events as they occur;

27       (c)    *FRE 803(3)* — Then-existing mental, emotional, or physical condition:

28

---

[19] *See Laughner v. State*, 769 N.E.2d 1147, 1159 (Ind. Ct. App. 2002) (electronic records admitted under best evidence rule); Advisory Committee Notes to FRE 1001(d) (2017 amendment).

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

IRC messages reflecting participants' state of mind, intent, or plan;

(d)   *FRE 803(6)* — Records of regularly conducted activity: automated server logs maintained in the regular course of IRC network operations;

(e)   *FRE 807* — Residual exception: IRC logs possess equivalent circumstantial guarantees of trustworthiness due to their machine-generated, contemporaneous nature.[20]

*3. Co-Conspirator Statements — FRE 801(d)(2)(E).*   IRC messages between co-conspirators made "during and in furtherance of the conspiracy" are admissible as non-hearsay under FRE 801(d)(2)(E). The IRC network coordination (Events 0x36A, 0x36B) establishes the conspiracy, and messages exchanged among network participants in furtherance of the objectives of the conspiracy—including trade secret theft, retaliatory targeting, and coordinated deprivation of civil rights—are admissible against all co-conspirators.[21]

*4. Probative Value — FRE 403.*   IRC chat logs are not excludable under FRE 403 because their probative value is not substantially outweighed by danger of unfair prejudice. The logs are contemporaneous, machine-generated records of the actual communications at the heart of this litigation.[22]

*5. Trade Secret Foundation — 18 U.S.C. § 1836(b).*   Under the Defend Trade Secrets Act, the IRC logs establish across all coordinated actions: (a) the information constitutes a trade secret (Plaintiff's organic intelligence system and console architecture); (b) it was misappropriated through coordinated unauthorized access by multiple defendants; and (c) Plaintiff took reasonable measures to maintain secrecy (quantum-encrypted backend console).  The cross-enterprise nature of the misappropriation—spanning technology companies, financial institutions, telecommunications carriers, medical institutions, and trust administrators—demonstrates the scope of the RICO conspiracy.

---

[20] *See Lorraine*, 241 F.R.D. at 561–77 (comprehensive analysis of hearsay exceptions applicable to electronic evidence).
[21] *Bourjaily v. United States*, 483 U.S. 171, 175 (1987) (court may consider the hearsay statements themselves in determining the existence of the conspiracy under FRE 801(d)(2)(E)); *United States v. Santiago*, 582 F.2d 1128, 1134 (7th Cir. 1978).
[22] *See United States v. Safavian*, 435 F. Supp. 2d at 40 (electronic communications admissible where probative value is high and prejudice is low).



Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

6. *Spoliation Foundation.*   Multiple defendants have engaged in spoliation:
Amazon's AWS account suspension (Events 0x3E1–0x3E6) destroying access to $50M+ in
assets; Verizon's selective deletion of Shabnam Amiri's call records (Event 0x44C); and
Warby Parker's deletion of Plaintiff's medical records. Each instance warrants adverse
inference instructions under *Zubulake V*, 229 F.R.D. at 430, and Fed. R. Civ. P. 37(e).

### D.   Governing Legal Authorities

The following authorities govern the discovery, authentication, and admissibility of IRC
chat logs and electronic evidence in this action:

*ESI Discovery Framework:*

1.   *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212 (S.D.N.Y. 2003)
     ("*Zubulake I*") — duty to preserve ESI when litigation is reasonably
     anticipated;

2.   *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004)
     ("*Zubulake V*") — sanctions for failure to preserve ESI, duty of counsel
     to ensure preservation;

3.   Fed. R. Civ. P. 37(e) — sanctions for failure to preserve ESI;

4.   *Rimini Street, Inc. v. Oracle USA, Inc.*, 473 F. Supp. 3d 1158
     (D. Nev. 2020) — computer forensic discovery obligations.

*Authentication of Electronic Evidence:*

1.   *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534 (D. Md. 2007) —
     comprehensive framework for authenticating electronic evidence;

2.   *In re Vinhnee*, 336 B.R. 437 (B.A.P. 9th Cir. 2005) — eleven-step
     foundation for computer-generated records;

3.   *United States v. Lizarraga-Tirado*, 789 F.3d 1107 (9th Cir. 2015) —
     machine-generated records self-authenticating;

4.   *United States v. Browne*, 834 F.3d 403 (3d Cir. 2016) — authentication
     of electronic communications through distinctive characteristics;

5.   *United States v. Safavian*, 435 F. Supp. 2d 36 (D.D.C. 2006) — emails

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1  authenticated through participant testimony and distinctive

2  characteristics.

3  *Scope of Discovery:*

4      1.   *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978) — broad and

5          liberal construction of discovery rules;

6      2.   Fed. R. Civ. P. 26(b)(1) — proportional discovery of relevant,

7          non-privileged matter;

8      3.   Fed. R. Civ. P. 34 — production of documents and ESI;

9      4.   Fed. R. Civ. P. 37(a) — motion to compel discovery;

10      5.   Fed. R. Civ. P. 45 — subpoena to third-party custodians.

11  *RICO & Civil Rights Conspiracy:*

12      1.   18 U.S.C. §§ 1961–1968 — Racketeer Influenced and Corrupt

13          Organizations Act;

14      2.   42 U.S.C. § 1985 — Civil rights conspiracy;

15      3.   42 U.S.C. § 12101 *et seq.* — Americans with Disabilities Act;

16      4.   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) — conspiracy pleading

17          standard; IRC coordination establishes agreement element.

18  *Trade Secret & Computer Fraud:*

19      1.   18 U.S.C. § 1836 — Defend Trade Secrets Act;

20      2.   18 U.S.C. § 1030 — Computer Fraud and Abuse Act;

21      3.   *Van Buren v. United States*, 593 U.S. 374 (2021) — CFAA "exceeds

22          authorized access" standard;

23      4.   Cal. Civ. Code §§ 3426–3426.11 — California Uniform Trade Secrets Act

24          (CUTSA).

25  *Spoliation:*

26      1.   *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583 (4th Cir. 2001) — adverse

27          inference for evidence destruction;

28      2.   Fed. R. Civ. P. 37(e)(2) — permissive adverse inference for intentional

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1    ESI destruction.

2    *Additional Cross-Enterprise Authorities:*

3        1.    18 U.S.C. § 1514A — Sarbanes-Oxley whistleblower protections;

4        2.    47 U.S.C. § 222 — Customer Proprietary Network Information;

5        3.    42 U.S.C. § 1983 — Deprivation of rights under color of law;

6        4.    12 U.S.C. § 1829b — Bank Secrecy Act recordkeeping;

7        5.    *Youngberg v. Romeo*, 457 U.S. 307 (1982) — due process rights;

8        6.    *Lawson v. FMR LLC*, 571 U.S. 429 (2014) — SOX whistleblower scope.

9    **E.  Relevance**

10   The requested discovery is directly relevant to Plaintiff's claims across all coordinated

11   actions: (a) trade secret theft (unauthorized console access and AI exfiltration — 18

12   U.S.C. § 1836); (b) RICO conspiracy (IRC coordination among co-conspirators — 18

13   U.S.C. § 1962); (c) computer fraud (unauthorized access to protected systems — 18

14   U.S.C. § 1030); (d) civil rights conspiracy (coordinated deprivation of rights based on

15   religion — 42 U.S.C. § 1985); (e) SOX whistleblower retaliation (discriminatory animus

16   on IRC motivating termination — 18 U.S.C. § 1514A); (f) forced marriage and trust

17   fraud (Iranian Republican Guard Network coordination); (g) unjust enrichment ($217B+

18   across Defendants' AI enterprises derived from plaintiff's stolen technology).

19   **F.  Witnesses**

20   Holger-Thorsten Schubart (CEO, Neutrino Energy Group, Berlin — direct IRC

21   observation); Steve Barha (IRC participant, witness to antisemitic harassment, Persian

22   network); Rob Chartier (co-witness, company acquired by Microsoft/Verizon/Sprint);

23   Gregory Mabrito (Slickdeals witness to cross-enterprise coordination); Bob Lee (Iranian

24   Republican Guard Network coordination — Event 0x400); undisclosed witness (full

25   involvement knowledge of bot network operations, name withheld for safety).

26   **G.  Linked Events**

27   0x7A7, 0x3D9, 0x36A, 0x36B, 0x487, 0x486, 0x483, 0x484, 0x3FA, 0x3CE, 0x006, 0x006A,

28   0x100, 0x454, 0x431, 0x485, 0x36C, 0x36D, 0x44C, 0x3E1–0x3E6, 0x37D, 0x37E, 0x3FF,

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1    0x367, 0x003, 0x10D, 0x371–0x373, 0x302, 0x3DB–0x3E0, 0x400.

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

## IX.   CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2026, I caused a true and correct copy of the foregoing MOTION FOR DISCOVERY & PRESERVATION ORDER; NOTICE OF FILING IRC DISCOVERY EXHIBIT (MASTER — ALL COORDINATED ACTIONS), including the Declaration of Thomas Joseph Goddard & (**Exhibit IRC-1**, pp. 33–52), to be served on all parties in all coordinated federal civil rights actions as follows:

**Service via CM/ECF:**

☒ By causing the document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered counsel of record in all coordinated actions.

**For Defendant ANTHROPIC, PBC and related Defendants (4:26-cv-01044-YGR):**

☒ U.S. Mail, first class, postage prepaid
Anthropic, PBC
c/o Corporation Service Company (Registered Agent)
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

OpenAI, Inc.
3180 18th Street
San Francisco, CA 94110

**For Defendant SLICKDEALS, LLC (3:26-cv-01039-AGT):**

☒ U.S. Mail, first class, postage prepaid
Slickdeals, LLC
c/o Registered Agent
Las Vegas, NV

**For all other Defendants in coordinated actions:**

☒ By CM/ECF electronic service to all registered counsel of record
☒ By U.S. Mail to all defendants not yet served electronically

*(Full service list maintained in individual case dockets for Case Nos. 3:25-cv-06187-JSC, 3:26-cv-01039-AGT, 4:26-cv-01046-JST, 3:26-cv-01042-PHK, 3:26-cv-01041-AGT, 3:26-cv-01043-AMO, 4:26-cv-01044-YGR, 2:25-cv-03883-EP-MAH, 3:26-cv-01238-SK, 3:26-cv-01040-AGT, and 3:26-cv-01289-VC)*



Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

1    **For Defendants DOES 1-50:**

2    To be served when true names and addresses are ascertained through discovery.

3

4

5    Dated: February 18, 2026

6                                              By:__/s/Thomas Joseph Goddard_____

7                                              THOMAS JOSEPH GODDARD
                                               Plaintiff, Pro Se

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**X.   PROOF OF SERVICE**

**STATE OF CALIFORNIA**

**COUNTY OF CONTRA COSTA**

I, Thomas Joseph Goddard, declare:

I am over the age of 18 years and not a party to this action. My business address is Walnut Creek, California 94596.

On February 18, 2026, I served the foregoing MOTION FOR DISCOVERY & PRESERVATION ORDER; NOTICE OF FILING IRC DISCOVERY EXHIBIT (MASTER — ALL COORDINATED ACTIONS), including the Declaration of Thomas Joseph Goddard & (**Exhibit IRC-1**, pp. 33–52), on all parties in all coordinated federal civil rights actions by the following means:

(a)    **BY ELECTRONIC FILING:** By causing the document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered counsel of record in all coordinated actions (Case Nos. 3:25-cv-06187-JSC, 3:26-cv-01039-AGT, 4:26-cv-01046-JST, 3:26-cv-01042-PHK, 3:26-cv-01041-AGT, 3:26-cv-01043-AMO, 4:26-cv-01044-YGR, 2:25-cv-03883-EP-MAH, 3:26-cv-01238-SK, 3:26-cv-01040-AGT, and 3:26-cv-01289-VC).

(b)    **BY U.S. MAIL:** By placing true and correct copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States mail at Walnut Creek, California, addressed to:

Anthropic, PBC
c/o Corporation Service Company
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

OpenAI, Inc.
3180 18th Street
San Francisco, CA 94110

Slickdeals, LLC
c/o Registered Agent

1    Las Vegas, NV

2    *(Additional addresses per individual case service lists)*

3    I declare under penalty of perjury under the laws of the United States of America

4    and the State of California that the foregoing is true and correct.

5

6

7    Dated: February 18, 2026

8    By: /s/Thomas Joseph Goddard
        THOMAS JOSEPH GODDARD

9         Plaintiff, Pro Se

10

11    *Wet signature on file with the Clerk of Court and notarized declaration from the docket in*

12    *Case No. 3:25-cv-06187-JSC*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

IRC DISCOVERY EXHIBIT | GODDARD v. DEFENDANTS (COORDINATED)

1

**TABLE OF CONTENTS**

2   I.     MEMORANDUM OF POINTS & AUTHORITIES                          4

3          A.     Introduction                                          4

4          B.     Legal Standard                                        4

5          C.     The Requested Discovery Is Relevant & Proportional    4

6          D.     Good Cause Exists for a Preservation Order            5

7          E.     Preservation Is Required                              5

8          F.     Conclusion                                            5

9   II.    DECLARATION OF THOMAS JOSEPH GODDARD IN SUPPORT OF

10         IRC DISCOVERY EXHIBIT (MASTER — ALL COORDINATED

11         ACTIONS)                                                     7

12  III.   INDEX OF INCORPORATION BY REFERENCE                          9

13         A.     Legal Authority for Incorporation                     9

14         B.     Incorporated Federal Proceedings                      10

15         C.     Documents from Ninth Circuit Appeals                  20

16         D.     Incorporated State Court Proceedings                  21

17         E.     Administrative Proceedings                            24

18         F.     Medical Documentation                                 25

19         G.     Witness Declarations                                  25

20         H.     Statistical & Pattern Evidence                        26

21         I.     Discrimination Event Database                         26

22         J.     Criminal Proceedings                                  27

23         K.     Financial Institution Evidence                        28

24         L.     Incorporated Judicial Decisions                       28

25         M.     Cross-Institutional Coordination Evidence             30

26         N.     Effect of Incorporation                               31

27  IV.    INDEX OF EXHIBITS                                            32

28  V.     BACKGROUND & BASIS FOR DISCOVERY                             35

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

IRC DISCOVERY EXHIBIT | GODDARD v. DEFENDANTS (COORDINATED)

| | A. | Plaintiff's Original IRC Bot Development (Age 13–14) | 35 |
| | B. | Coordinated IRC Network Conspiracy Across All Defendants | 36 |
| | C. | "Concentration Campins" — Death Threats & Network Coordination | 37 |
| | D. | IRC Coordination Among All Defendants | 38 |
| VI. | | SPECIFIC DISCOVERY REQUESTS | 39 |
| | A. | Request No. 1: IRC Chat Logs (All Networks & Channels) | 39 |
| | B. | Request No. 2: Anthropic Administrative Console Records | 40 |
| | C. | Request No. 3: Proxy Bot Network Records | 40 |
| | D. | Request No. 4: Communications Regarding Plaintiff's Technology | 41 |
| | E. | Request No. 5: Cross-Enterprise Coordination Records | 41 |
| | F. | Request No. 6: Iranian Republican Guard Network & Trust Records | 42 |
| VII. | | PRESERVATION DEMAND | 42 |
| | A. | Defendant Preservation Targets (All Coordinated Actions) | 42 |
| | B. | Non-Party Preservation Targets | 43 |
| VIII. | | AUTHENTICATION & LEGAL AUTHORITY | 44 |
| | A. | Authentication of Electronic Evidence | 44 |
| | B. | Chain of Custody | 46 |
| | C. | Evidentiary Foundation | 47 |
| | D. | Governing Legal Authorities | 49 |
| | E. | Relevance | 51 |
| | F. | Witnesses | 51 |
| | G. | Linked Events | 51 |
| IX. | | CERTIFICATE OF SERVICE | 53 |
| X. | | PROOF OF SERVICE | 55 |
| TABLE OF AUTHORITIES | | | 59 |
| LOCAL RULES COMPLIANCE CERTIFICATIONS | | | 60 |



Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

# TABLE OF AUTHORITIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

**LOCAL RULES COMPLIANCE CERTIFICATIONS**

Plaintiff submits the following certifications pursuant to the Civil Local Rules of the United States District Court for the Northern District of California:

**ADR Certification (Civil L.R. 3-2(c))**

Plaintiff certifies that, in compliance with Civil L.R. 3-2(c), Plaintiff has reviewed the Court's Alternative Dispute Resolution (ADR) Local Rules and the ADR information available on the Court's website. Plaintiff is aware of the ADR options available in this District, including:[23]

   (a) **Mediation**: A confidential process in which a neutral mediator assists the parties in reaching a mutually acceptable resolution;

   (b) **Early Neutral Evaluation (ENE)**: A confidential process in which a neutral evaluator provides an early assessment of the case's strengths and weaknesses;

   (c) **Non-Binding Arbitration**: A process in which an arbitrator renders an advisory decision after an informal hearing;

   (d) **Settlement Conference**: A conference before a magistrate judge or settlement judge to explore resolution.

Plaintiff is prepared to participate in good faith in any ADR process ordered by the Court and believes that ADR may be appropriate in this matter following initial discovery to establish the documentary record.

**Consent to Electronic Service (Civil L.R. 5-1(c)(1))**

Pursuant to Civil L.R. 5-1(c)(1) and Federal Rule of Civil Procedure 5(b)(2)(E), Plaintiff consents to electronic service of all papers and documents in this matter at the following email address:[24]

---

[23] The Northern District of California offers multiple ADR processes designed to facilitate early and efficient resolution of civil disputes. *See* Civil L.R. 3-2 et seq.; General Order 56; ADR Local Rules 1-1 through 7-15.

[24] Electronic service through the Court's CM/ECF system is the preferred method of service in the Northern District of California for represented parties. Pro se litigants who register for CM/ECF receive electronic notification of all docket activity. *See* Civil L.R. 5-1; ECF Administrative Procedures.

IRC DISCOVERY EXHIBIT | GODDARD v. DEFENDANTS (COORDINATED)

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

**thomas@lawz.app**

Plaintiff agrees to:

    (a)    Accept service of all documents through the Court's CM/ECF system;

    (b)    Maintain a valid email address for receipt of electronic notices;

    (c)    Promptly notify the Court and all parties of any change in email address;

    (d)    Check email regularly for Court filings and notices.


**ADA Accommodations Notice (Civil L.R. 1-14; General Order 56)**

Plaintiff has documented disabilities as defined under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and may require reasonable accommodations during Court proceedings.[25] Plaintiff has requested, or may request, the following accommodations:

    (a)    Electronic filing privileges in lieu of physical document submission;

    (b)    Extended deadlines when medical circumstances require;

    (c)    Remote appearance capability for hearings when health permits;

    (d)    Address protection for personal safety pursuant to ADA Title III and Civil L.R. 1-14.

Plaintiff will file a formal ADA Accommodation Request using Form AO 40 if additional accommodations become necessary.


**Pro Se Certification (Civil L.R. 11-4)**

Plaintiff certifies pursuant to Civil L.R. 11-4 that:[26]

    (a)    Plaintiff is proceeding without counsel (pro se / in propria persona);

    (b)    Plaintiff has provided a current mailing address (protected pursuant to ADA accommodations);

    (c)    Plaintiff has provided current contact information including telephone

---

[25]General Order 56 establishes procedures for requesting ADA accommodations in the Northern District of California. Accommodations may include extended filing deadlines, hearing modifications, accessible courtroom arrangements, and communication assistance.

[26]Civil L.R. 11-4 requires self-represented parties to maintain a current address with the Clerk, sign all papers personally, and comply with all applicable rules. Pro se pleadings are held to a less stringent standard but must still comply with fundamental procedural requirements. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).



Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

IRC DISCOVERY EXHIBIT | GODDARD v. DEFENDANTS (COORDINATED)

1                  number and email address;

2      (d)      Plaintiff will personally sign all papers filed with the Court;

3      (e)      Plaintiff will comply with all Federal Rules of Civil Procedure and Local

4                  Rules;

5      (f)      Plaintiff understands the obligation to keep the Court and opposing

6                  parties informed of any address changes.

7

8      **Certification of Related Cases (Civil L.R. 3-12)**

9         Pursuant to Civil L.R. 3-12, Plaintiff identifies the following related cases pending

10 in this District that involve substantially similar parties, claims, or subject matter:[27]

11      (a)      *Goddard v. NoMa et al.*, Case No. 3:25-cv-05882-EMC (housing

12                  discrimination);

13      (b)      *Goddard v. Bank of America et al.*, Case No. 3:25-cv-06187-JSC

14                  (employment discrimination—claims severed per Dkt. 32);

15      (c)      *Goddard v. Anthropic PBC*, Case No. 4:26-cv-00005 (trade secret theft,

16                  ADA violations);

17      (d)      *Goddard v. JPMorgan Chase Bank N.A.*, Case No. 4:26-cv-00037

18                  (vehicle repossession, ADA violations).

19         All cases arise from a common pattern of coordinated discrimination and involve

20 overlapping factual allegations regarding Plaintiff's protected status and the statistical

21 evidence of targeting.

22

23

24 Dated: February 18, 2026

25                          By:   /s/Thomas Joseph Goddard

26                             THOMAS JOSEPH GODDARD
                                Plaintiff, Pro Se

27

28

---

[27] Civil L.R. 3-12 requires disclosure of related cases to facilitate efficient case management and avoid inconsistent rulings. Related cases may be assigned to the same judge pursuant to Civil L.R. 3-12(b).



Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

IRC DISCOVERY EXHIBIT | GODDARD v. DEFENDANTS (COORDINATED)