THOMAS J. GODDARD
thomas@lawz.app
1910 N. Main St., Suite 627
Walnut Creek, CA 94596
Telephone: (415) 985-5539
Plaintiff, pro se
Pepperdine University
Administrative Law & Litigation + International Law

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| THOMAS JOSEPH GODDARD, | Case No. 3:26-cv-01040-AGT |
| Plaintiff, | Hon. Alex G. Tse |
| v. | |
| AMAZON.COM, INC., | **PLAINTIFF'S EMERGENCY MOTION** |
| Defendant(s). | **FOR EXTENSION OF TIME** |
|  | **AND REQUEST FOR ADA ACCOMMODATION** |
|  | *FRCP 6(b)(1)(A);*<br>*Civil L.R. 6-3;*<br>*42 U.S.C. § 12132* |

## I.   NOTICE OF MOTION AND MOTION

TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Thomas Joseph Goddard, appearing in propria

persona, respectfully moves this Court pursuant to Federal Rule of Civil Procedure

6(b)(1)(A) and Civil Local Rule 6-3 for an emergency extension of all currently pending

deadlines in this action by a period of **sixty (60) days**. This motion is supported by the

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

Declaration of Thomas Joseph Goddard filed herewith, and by the following memorandum of points and authorities.

**Relief Requested:**

– A 60-day extension of all currently pending deadlines, including but not limited to response deadlines, discovery deadlines, CMC statement deadlines, and all other scheduling order dates.

– An ADA accommodation order directing the Clerk of Court to accept filings from Plaintiff by mail, email, or fax from Plaintiff pending restoration of Plaintiff's PACER/ECF account access.

– Appointment of a courtesy copy recipient for all court notices while Plaintiff remains hospitalized.

**II.   MEMORANDUM OF POINTS AND AUTHORITIES**

**A.   Good Cause Exists: Plaintiff Is Involuntarily Hospitalized**

Plaintiff Thomas Joseph Goddard is currently confined at the Department of State Hospitals — Napa ("DSH Napa"), 2100 Napa-Vallejo Highway, Napa, California 94558, pursuant to a commitment order under California Penal Code section 1370.[1] Plaintiff has been confined since approximately February 2026 and was hospitalized at an outside medical facility (John Muir Health) on March 3, 2026 and again on or about March 25, 2026.

Plaintiff is physically incapacitated and unable to access legal resources, research databases, or the federal court's electronic filing system from the hospital facility. Plaintiff has pre-existing disabilities including cervical disk herniation, spinal stenosis, post-traumatic stress disorder, and related conditions, all of which have been exacerbated by the confinement and related physical assaults documented in the attached declaration.

---

[1] Plaintiff objects to that commitment as unlawful and has filed a petition for writ of habeas corpus in Contra Costa County Superior Court (Case No. 01-24-03484).

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

— 2 —

### B.   Good Cause Exists: PACER/ECF Account Suspended

Plaintiff's PACER account (username: *neutrinos*, account 8394159) has been administratively suspended due to an outstanding balance that accrued while Plaintiff was hospitalized and unable to manage the account. Plaintiff is an approved in forma pauperis (IFP) litigant in this action.[2] Plaintiff has filed a Motion for Exemption from PACER Fees in this action and has submitted a formal ADA accommodation request to the PACER Service Center (email to *pacer@psc.uscourts.gov*, dated April 4, 2026) requesting emergency restoration of access as a reasonable accommodation for Plaintiff's disabilities under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132.

As a direct result of the PACER suspension, Plaintiff is unable to:

1.    File documents electronically in any of Plaintiff's active federal cases;

2.    Access docket entries, newly filed orders, or case management notices;

3.    Review service of electronic documents from opposing counsel or the Court.

This constitutes an independently sufficient basis for relief under FRCP 6(b)(1)(A) ("good cause") and under this Court's inherent authority to ensure access to justice for disabled litigants. *Tennessee v. Lane*, 541 U.S. 509, 523–24 (2004) (Title II prohibits denial of "benefits of the services, programs, or activities of a public entity" to disabled persons).

### C.   The Requested Extension Is Narrowly Tailored and Will Not Prejudice Defendants

Plaintiff requests a 60-day extension of all pending deadlines. Plaintiff anticipates that PACER access will be restored within 30 days upon the Court's action on the pending PACER fee exemption motion, and that Plaintiff will be released from DSH Napa within 30–60 days upon resolution of the pending habeas corpus petition. The extension is the minimum necessary to allow Plaintiff to resume active prosecution of this case.

No defendant in this action will be prejudiced by the extension. Service of the summons and first amended complaint has been completed or attempted. No defendant

---

[2]See Dkt. 4.

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

has yet filed a responsive pleading. Discovery has not yet commenced in earnest. The case is at an early stage where a brief extension imposes no material burden on defendants.

### D.   Legal Standard

Federal Rule of Civil Procedure 6(b)(1)(A) provides that a court may, for good cause, extend a deadline if the request is made before the original time expires. Hospitalization constituting physical incapacity has consistently been found to constitute good cause under Rule 6(b). *See, e.g., Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) ("good cause" standard is not demanding; requires only a showing that non-compliance was due to excusable circumstances); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993) (courts should consider reasons for delay).

## III.   DECLARATION OF THOMAS JOSEPH GODDARD IN SUPPORT

I, Thomas Joseph Goddard, declare under penalty of perjury under the laws of the United States that the following is true and correct:

1.   I am the Plaintiff in the above-captioned action and appear in propria persona. I have personal knowledge of the facts stated herein.

2.   I am currently confined at the Department of State Hospitals — Napa (DSH Napa), 2100 Napa-Vallejo Highway, Napa, California 94558, pursuant to a Penal Code section 1370 commitment order. I have been confined at this facility since approximately February 2026.

3.   On March 3, 2026, while in custody at the Martinez Detention Facility during a court transport, I was physically assaulted by Contra Costa County Sheriff's Officer No. 654, Abdullah M. Wahla. The assault resulted in bruising documented at John Muir Health Emergency Room. I also sustained a strike to the right temple by another inmate during the same incident. I was denied CT scan and MRI imaging despite my pre-existing cervical disk herniation and spinal stenosis.

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

— 4 —

4. On or about March 25, 2026, I was transported to an outside medical facility for emergency hospitalization due to cumulative physical harm resulting from the March 3 assault and the conditions of my confinement.

5. My pre-existing documented disabilities include: cervical disk herniation and spinal stenosis (C3–C7); post-traumatic stress disorder; anxiety; and related conditions. These disabilities have been exacerbated by the confinement and the denial of my ADA accommodation requests at DSH Napa.

6. My PACER account (username: *neutrinos*, Account No. 8394159) has been suspended due to an outstanding balance. I have been unable to pay this balance because I am confined and have no access to banking or financial services at DSH Napa. I am an approved IFP litigant and should not be required to pay PACER fees.

7. On April 4, 2026, I caused an email to be sent to *pacer@psc.uscourts.gov* formally requesting ADA accommodation in the form of emergency restoration of my PACER account access and/or an exemption from all outstanding fees as a reasonable accommodation for my disabilities. The email included as attachments: (a) the IFP order entered in this action; (b) my pending Motion for PACER Fee Exemption; (c) Apple Inc.'s non-opposition to that motion; and (d) medical records documenting my hospitalizations.

8. As a direct result of my incarceration and PACER account suspension, I have been unable to file documents in my active federal cases, including the above-captioned action, for a period of approximately six weeks.

9. I am actively litigating a petition for writ of habeas corpus (Contra Costa County Superior Court, Case No. 01-24-03484) challenging the lawfulness of my current confinement. I have been found to be, and am, competent to participate in these proceedings.

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

— 5 —

10.    I respectfully request that this Court grant a 60-day extension of all pending deadlines and issue an ADA accommodation order permitting me to file by mail, email, or fax pending restoration of ECF access.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 6, 2026, at Napa, California.

_____

Thomas Joseph Goddard

Plaintiff, In Pro Per

## IV.    [PROPOSED] ORDER

The Court, having reviewed Plaintiff's Emergency Motion for Extension of Time and Request for ADA Accommodation, and good cause appearing,

**IT IS HEREBY ORDERED** that:

1.    All pending deadlines in the above-captioned action are extended by sixty (60) days from the date of this Order.

2.    The Clerk of Court is directed to accept filings from Plaintiff by U.S. mail, email to the pro se filing address, or facsimile, as an ADA accommodation under 42 U.S.C. § 12132, pending further Order of this Court or restoration of Plaintiff's PACER/ECF account access, whichever occurs first.

3.    Plaintiff shall notify the Court within five (5) days of restoration of PACER/ECF access or release from DSH Napa.

4.    Nothing in this Order waives any rights of any defendant to assert defenses or objections once served.

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

EMERGENCY MOTION FOR EXTENSION | ADA ACCOMMODATION | DSH NAPA

SO ORDERED.

Date: _____

_____

United States District Judge / Magistrate Judge

Northern District of California

## V.    CERTIFICATE OF SERVICE

I, Thomas Joseph Goddard, hereby certify that on April 6, 2026, I served a true and correct copy of this Emergency Motion for Extension of Time and Request for ADA Accommodation on all parties and/or their counsel of record in the above-captioned action by depositing the same in the United States Mail, first class postage prepaid, addressed as follows:

– Counsel of record for AMAZON.COM, INC. at their last known address of record.

– Any remaining parties appearing without counsel: at their address of record.

*[NOTE TO FILER: Update the certificate of service with the specific defendant and counsel information for each case.]*

_____

Thomas Joseph Goddard

Plaintiff, In Pro Per

Thomas J. Goddard
Pro Per
Neutrinos Platforms, Inc.

— 7 —